**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| RACHEL RAAK LAW and MICAH BROEKEMEIER, individuals, | Case No. 4:22-cv-00176 |
| Plaintiffs, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch, | |
| Defendant. | |

**INTRODUCTION**

1.  For six years, Rachel Raak Law tirelessly interviewed candidates for Iowa's district courts as a member of the District Judicial Nominating Commission. Her experience on this commission revealed that those who serve on Iowa's district courts are dedicated public servants and strengthened her faith in the judicial system. Today, Ms. Raak Law seeks to serve Iowans by interviewing candidates for Iowa's appellate courts as a member of the State Judicial Nominating Commission. In January 2023, members of the Iowa bar will elect a new commissioner in Ms. Raak Law's district in northwestern Iowa. But because Iowa law requires that commissioner to be a man, Ms. Raak Law is excluded from consideration.

2.  Micah Broekemeier serves on the candidate nominating committee for the Johnson County Republicans. As part of that committee, Mr. Broekemeier interviews Iowans who would make good candidates to run for public office. Today, Mr. Broekemeier seeks to serve Iowans by interviewing candidates for Iowa's appellate courts as a member of the State Judicial Nominating Commission. In January 2023, members of the Iowa bar will elect a new commissioner in

1

Mr. Broekemeier's district in southeastern Iowa. But because Iowa law requires that commissioner to be a woman, Mr. Broekemeier is excluded from consideration.

3. For over thirty years, Iowa Code § 46.2 has imposed a gender quota that disqualifies candidates for the State Judicial Nominating Commission based on nothing more than their gender. The eight elected members of the Commission are divided evenly among Iowa's four congressional districts. Pursuant to the Gender Quota, one of the two commissioners in each district must be a man, and the other must be a woman. In January 2023, there will be elections for three commissioners in districts 1, 2, and 4. The Gender Quota dictates that the commissioner in district 1 must be a woman and the commissioners in districts 2 and 4 must be men.

4. The Gender Quota is especially pernicious because it limits opportunities for Iowans to participate in the judicial selection process. Commissioners are entrusted with the important task of interviewing candidates for Iowa's appellate courts. In conjunction with the Governor, the State Judicial Nominating Commission selects judges on the Iowa Court of Appeals and justices on the Iowa Supreme Court. Pursuant to the Gender Quota, however, men can only run for seats previously held by a man and women can only run for seats previously held by a woman.

5. Today, Ms. Raak Law and Mr. Broekemeier challenge the Gender Quota as a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Their ability to serve on the State Judicial Nominating Commission should be based on their qualifications, not on their gender.

## JURISDICTION AND VENUE

6. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over this federal claim under 28

U.S.C. § 1331 (federal question), and § 1343(a)(3) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this district.

## PARTIES

8. Plaintiff Rachel Raak Law is a resident of Correctionville, Iowa. Ms. Raak Law is a citizen of the United States and over 18 years of age. As a resident of Woodbury County, Ms. Raak Law resides in Iowa's Fourth Congressional District. The Gender Quota precludes Ms. Raak Law from being elected to the State Judicial Nominating Commission in 2023 because of her gender.

9. Plaintiff Micah Broekemeier is a resident of Iowa City, Iowa. He is a citizen of the United States and over 18 years of age. As a resident of Johnson County, Mr. Broekemeier resides in Iowa's First Congressional District. The Gender Quota precludes Mr. Broekemeier from being elected to the State Judicial Nominating Commission in 2023 because of his gender.

10. Defendant Robert Gast is being sued in his official capacity as state court administrator pursuant to *Ex parte Young*, 209 U.S. 123, 189 (1908). The state court administrator administers elections for the State Judicial Nominating Commission and accepts petitions from individuals who wish to be placed on the ballot. The state court administrator enforces the gender quota by issuing notices delineating the gender requirements for elected commissioners in each district and by declining to place prospective commissioners on the ballot if doing so would be inconsistent with the gender balance dictated by the Gender Quota.

**FACTUAL ALLEGATIONS**

**State Judicial Nominating Commission**

11.     States select state court judges in various ways. In some states, state court judges are elected by the people. In other states, state court judges are appointed by the Governor. In still others, state court judges are selected by "merit selection" or the Missouri Plan. Under the Missouri Plan, a nominating commission reviews the qualifications of judicial candidates and submits a list of names to the Governor, who appoints a judge from that list. Iowa uses the Missouri Plan to select state court judges.

12.     Iowa's Constitution establishes a state judicial nominating commission, Iowa Const. art. V, § 16, which is composed of 17 members: nine appointed by the Governor and eight elected by resident members of the Iowa Bar. *See* Iowa Code §§ 46.1–46.2. The State Judicial Nominating Commission interviews applicants and selects nominees for appointment to the Iowa Supreme Court and the Iowa Court of Appeals. The Governor must appoint a judge or justice from the list of nominees proposed by the State Judicial Nominating Commission. Iowa Code § 46.15.

**Elections for State Judicial Nominating Commission**

13.     There are eight elected members of the State Judicial Nominating Commission. Iowa has four congressional districts. Each congressional district has two elected commissioners.

14.     On November 4, 2021, Governor Kim Reynolds signed a redistricting bill into law. *See* Senate Bill 621. SB 621, which takes effect beginning with elections in 2022, redrew the congressional districts as follows:[1]

---

[1] *See* Senate File 621 and https://media.tegna-media.com/assets/WOI/images/d331411c-b2ab-49e4-ae5a-aade5b4de677/d331411c-b2ab-49e4-ae5a-aade5b4de677_1140x641.jpg.



15. The elected commissioners serve staggered six-year terms and are elected in the month of January for terms commencing July 1 of odd-numbered years. Iowa Code § 46.2(2).

16. When an election of judicial nominating commissioners is to be held, the state court administrator is responsible for administering the voting. *See* Iowa Code § 46.9(1).

17. The administrator provides notice of upcoming vacancies on the judicial nominating commission at least 60 days before the end of the term of an elected commission member. Iowa Code § 46.9A. The notification includes the procedure for filing nominating petitions, including the last date for filing, and the election process. *Id.*

18. Except for the requirements contained in Iowa Code § 46.2, all Iowa residents who are eligible to be registered to vote in their district are eligible to run for the State Judicial Nominating Commission. A person is eligible to be registered to vote in his or her district as long as he or she is a citizen of the United States, an Iowa resident, and at least eighteen years old.

19. There are three openings for elected positions to the Commission in 2023. There is one opening each in the First Congressional District, the Second Congressional District, and the Fourth Congressional District. Elections for all three positions will take place in January 2023.

**The Gender Quota**

20. The Iowa Legislature first enacted the Gender Quota for the Commission in 1987 by amending Iowa Code § 46.2 to read: "for the first elective term open on or after July 1, 1987, in the odd-numbered districts the elected member shall be a woman and in the even-numbered districts the elected member shall be a man. Thereafter, the districts shall alternate between women and men elected members."

21. In 2019, the Legislature amended that provision to its current form. *See* Iowa Code § 46.2. The Gender Quota now requires that resident members of the bar of each congressional district elect two commissioners of "different genders to the state judicial nominating commission." *Id.*

**Enforcement of the Gender Quota**

22. Iowa's website on judicial nominating commissions states that "[e]ach congressional district elects one male and one female commissioner to the state judicial nominating commission."[2]

23. The state court administrator has followed the statutory mandate in conducting elections. The Notice for the 2021 elections, citing Iowa Code § 46.2, specified that "[t]he person to be elected in District One shall be a female and the person to be elected in District Three shall be a male."[3] *See* Exhibit A. Pursuant to the Gender Quota, only female candidates were placed on

---

[2] https://www.iowajnc.gov/state-commission/serve-on-a-commission
[3] This notice was issued before Senate File 621 went into effect, and so it describes the previously existing congressional districts.

the ballot for District One and only male candidates were placed on the ballot for District Three. *See* Exhibit B.

24. The next election for the State Judicial Nominating Commission will occur in January 2023. Pursuant to the Gender Quota, the elected commissioner in the First Congressional District must be a woman and the elected commissioners in the Second and Fourth Congressional Districts must be men.

**Plaintiffs Rachel Raak Law and Micah Broekemeier**

25. As a resident of Woodbury County, Ms. Raak Law resides in the Fourth Congressional District. Ms. Raak Law is interested in serving on the State Judicial Nominating Commission and would like to stand for election to the Commission in January 2023.

26. But for her gender, Ms. Raak Law is qualified to run because she is a U.S. Citizen, an Iowa resident, a resident of the Fourth Congressional District, over 18 years of age, and has not previously served on the State Judicial Nominating Commission. Nonetheless, the opening in 2023 to fill the seat currently held by John Gray will only be available to male candidates.

27. As a resident of Johnson County, Mr. Broekemeier resides in the First Congressional District. Mr. Broekemeier is interested in serving on the State Judicial Nominating Commission and would like to stand for election to the Commission in January 2023.

28. But for his gender, Mr. Broekemeier is qualified to run because he is a U.S. Citizen, an Iowa resident, a resident of the First Congressional District, over 18 years of age, and has not previously served on the State Judicial Nominating Commission. Nonetheless, the opening in 2023 to fill the seat currently held by Dorothy O'Brien will only be available to female candidates.

# COUNT I:
# VIOLATION OF THE EQUAL PROTECTION
# CLAUSE OF THE FOURTEENTH AMENDMENT

29. Ms. Raak Law and Mr. Broekemeier hereby reallege and incorporate by reference the allegations contained in Paragraphs 1 through 28.

30. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

31. The Gender Quota discriminates on the basis of gender in violation of the Equal Protection Clause.

32. The Gender Quota imposes gender-based classifications. Gender-based classifications are subject to intermediate scrutiny. Under this standard, the government must show that the statute's gender classifications serve "important governmental objectives and that the discriminatory means employed" are "substantially related to the achievement of those objectives." *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982).

33. The Gender Quota does not serve an important government interest.

34. The Gender Quota does not serve an interest in remedying past discrimination. The Iowa Legislature has not identified specific instances of gender discrimination against individuals in the election of commissioners to the State Judicial Nominating Commission.

35. The legislative history leading up to the enactment of the Gender Quota reveals that the Gender Quota was not motivated by an interest in remedying past discrimination. The Legislature cited government websites, publications, and various studies. None of the websites, publications, or studies identify any gender discrimination.

36. The Iowa Legislature enacted the Gender Quota in order to achieve its preferred balance of male and female commissioners on the State Judicial Nominating Commission.

37. Gender balancing is not an important government interest that can sustain a gender classification under the Equal Protection Clause.

38. Even if the Gender Quota served an important government interest, the mechanism it uses is not sufficiently tailored to that interest.

39. The Gender Quota requires, without exception, an equal number of male and female commissioners elected to the State Judicial Nominating Commission. The two elected commissioners of each congressional district must be comprised of one male and one female commissioner. The government cannot explain how outright gender balancing remedies any past discrimination.

40. The Gender Quota contains no end date. Instead, the Gender Quota lasts in perpetuity, thereby creating an interest in gender balance for the sake of it.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. A declaration that the Gender Quota in Iowa Code § 46.2 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

B. A permanent injunction forbidding the Defendant and his agents from enforcing, or attempting to enforce, the Gender Quota in Iowa Code § 46.2;

C. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

D. Such other relief as the Court deems just and proper.

DATED: May 24, 2022.

Respectfully submitted,

| | |
|---|---|
| *s/ Alan R. Ostergren* | WENCONG FA* |
| ALAN R. OSTERGREN | Cal. Bar No. 301679 |
| President and Chief Counsel | ANASTASIA P. BODEN* |
| THE KIRKWOOD INSTITUTE, INC. | Cal. Bar No. 281911 |
| 500 Locust Street, Suite 199 | PACIFIC LEGAL FOUNDATION |
| Des Moines, Iowa 50309 | 555 Capitol Mall, Suite 1290 |
| Telephone: (515) 207-0134 | Sacramento, California 95814 |
| alan.ostergren@kirkwoodinstitute.org | Telephone: (916) 419-7111 |
| | WFa@pacificlegal.org |
| | ABoden@pacificlegal.org |
| | |
| | LAURA M. D'AGOSTINO* |
| | D.C. Bar No. 241868 |
| | PACIFIC LEGAL FOUNDATION |
| | 3100 Clarendon Blvd., Suite 610 |
| | Arlington, Virginia 22201 |
| | Telephone: (202) 888-6881 |
| | LD'Agostino@pacificlegal.org |

*Attorneys for Plaintiffs*
*\* Pro Hac Vice applications forthcoming*