IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RACHEL RAAK LAW and MICAH BROEKEMEIER, individuals, | Case No. 4:22-CV-00176-SMR-SBJ |
| Plaintiffs, | |
| v. | **Defendant's Motion to Stay Proceedings** |
| ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch, | **(Pending Deadlines on 12/5/22)** |
| Defendant. | |

COMES NOW Defendant Robert Gast and moves to stay these proceedings until the issuance of the mandate from the United States Court of Appeals for the Eighth Circuit in Plaintiffs' pending appeal. In support of this motion, Gast states as follows:

1.    On November 20, 2022, the Court denied Plaintiffs' motion for a preliminary injunction.

2.    On November 22, Plaintiffs appealed the Court's order to the United States Court of Appeals for the Eighth Circuit.

3.    Absent a stay or other extension of time, Defendant's Answer and initial disclosures are due on December 5, 2022. *See* Fed. R. Civ. P. 12(a)(4)(A); Text Order of August 22, 2022 (Doc. 33). And subject to the court entering a scheduling order and discovery plan, the parties would soon need to begin development of the factual record through discovery and investigation eventually leading to consideration of the merits of this suit by summary judgment or trial to the court.

4. A stay of district court proceedings during the appeal to the Eighth Circuit would promote judicial economy and conserve both the Court's and the parties' valuable time and limited resources. *See Dordt Coll. v. Burwell*, No. C 13-4100-MWB, 2014 WL 5454649, at *1 (N.D. Iowa Oct. 27, 2014) (granting a stay after a preliminary injunction ruling was appealed, and concluding the stay was "in the interests of justice, judicial economy of resources and time, and efficiency"). In other words, a stay would promote "the just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1; *see also Middleton, Inc. v. Minn. Mining & Mfg. Co.*, No. 4:03-CV-40493, 2004 WL 1968669, at *2 (S.D. Iowa Aug. 24, 2004) ("[C]ourts generally refer to Federal Rule of Civil Procedure 1 . . . when reciting their authority to grant a stay of proceedings."). Additionally, the Court has "inherent discretionary power to issue a stay." *Middleton, Inc.*, 2004 WL 1968669, at *2.

5. "Generally, courts consider the following factors in determining whether to grant a stay: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Id.* at *3 (cleaned up). All three criteria support a stay here.

6. First, a stay would not unduly prejudice Plaintiffs or generate a clear tactical disadvantage for them. "[T]he appellate court will soon be deciding the case." *Dordt Coll.*, 2014 WL 5454649, at *1. In practical effect, Plaintiffs' goal—to appear on the ballot when Iowa lawyers elect new state judicial nominating commissioners in some districts in January 2023—remains attainable if the Eighth Circuit agrees

with Plaintiffs' legal argument. And the short time remaining before the election in January 2023 makes it unlikely the parties even *could* complete discovery in time for a full merits determination from this Court by then—so it may actually *advantage* Plaintiffs to focus their efforts on the Eighth Circuit.

7.    Second, a stay will simplify, if not resolve entirely, the issues in question before trial. "If this litigation continued at the district court level, the Eighth Circuit Court of Appeals and [this Court] would be considering the same issues contested by the same parties." *Dordt Coll.*, 2014 WL 5454649, at *1. Whether Plaintiffs' claim is meritorious is "analogous to the issues on appeal because the Eighth Circuit Court of Appeals will decide the question of likelihood of success on the merits when affirming or reversing [the] preliminary injunction order." *Id.* When an appeal addresses materially similar issues to those the district court will confront, a stay is proper because the appeal "will likely 'simplify,' if not resolve, 'the issues in question.'" *Id.* (quoting *Middleton, Inc.*, 2004 WL 1968669, at *3).

8.    Third, discovery is not complete—indeed, it has not even begun—nor has any trial date been set. Thus, the parties have not devoted significant time and resources to discovery or trial preparation yet—but if required to proceed on a dual track while both preparing an appellate brief and argument *and* conducting discovery in this Court, could waste significant time and resources when the Eighth Circuit's ruling could be largely dispositive of the case. *See id.* at *2 (granting a stay of district court proceedings pending an appeal when the case was not yet set for trial and a stay would "save the litigants considerable expense"—especially because the Eighth

Circuit would likely "resolve most, if not all, of the questions" remaining before the district court); *Middleton, Inc.*, 2004 WL 1968669, at *6 (granting a stay because it "would preserve the costs of a trial on the merits that may be obviated" by another ongoing proceeding).

9.     Additionally, in *Dordt College*, the district court granted a stay while an appeal proceeded—and relied in part upon two similar cases where a district court denied a preliminary injunction and then granted a stay during the pendency of an appeal from that preliminary injunction ruling. *Dordt Coll.*, 2014 WL 5454649, at *2. The same procedural posture exists here—the Court denied a preliminary injunction and Plaintiffs have appealed. Accordingly, the same procedural maneuver of staying district court proceedings is applicable in this case (and it's equally wise).

10.     Put simply, staying proceedings in this Court—including holding in abeyance all deadlines, such as the deadline to answer or engage in discovery—will conserve party resources while they focus on briefing and preparing for oral argument in the appeal, which could significantly (maybe even entirely) resolve the case.

11.     Staying the proceedings will also promote judicial economy because the Eighth Circuit's decision on the appeal may provide guidance to this Court and the parties that could inform the discovery the parties pursue, a future motion for summary judgment, or even the evidence ultimately presented at trial. *See id.* (staying district court proceedings during an appeal but requiring the parties to submit a status report within 15 days of the appeal's conclusion, indicating "if, and how, further proceedings should be scheduled").

12.   Gast proposes staying proceedings in this Court and holding in abeyance all deadlines until the issuance of the mandate from the Eighth Circuit in the appeal. *See id.* (granting a stay on similar terms).

13.   Because of the pending deadlines to file its answer and initial disclosures on December 5, 2022, Gast is separately filing a motion to extend those deadlines until the Court rules on this motion to stay.

14.   Counsel for Plaintiffs have indicated that they oppose this motion.

WHEREFORE, Defendant Robert Gast asks the Court to stay proceedings and hold all deadlines in abeyance until the issuance of the mandate from the Eighth Circuit.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

JEFFREY S. THOMPSON
Solicitor General

*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ

*/s/ David M. Ranscht*
DAVID M. RANSCHT
Assistant Attorneys General
Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
sam.langholz@ag.iowa.gov
david.ranscht@ag.iowa.gov
jeffrey.thompson@ag.iowa.gov

ATTORNEYS FOR DEFENDANT

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties of record by delivery in the following manner on November 30, 2022:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Email |
| ☐ Hand Delivery | ☐ Overnight Courier |
| ☐ Federal Express | ☐ Other |
| ☒ CM/ECF | |

Signature: _/s/ Samuel P. Langholz_____