IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RACHEL RAAK LAW and MICAH BROEKEMEIER, | Case No. 4:22-cv-00176-SMR-SBJ |
| Plaintiffs, | ORDER ON DEFENDANT'S MOTION TO STAY PROCEEDINGS |
| v. | |
| ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch, | |
| Defendant. | |

Defendant has filed a Motion to Stay Proceedings pending resolution of an interlocutory appeal by Plaintiffs. [ECF No. 46]. For the reasons detailed below, the Motion is DENIED.

"The power to stay proceedings is incidental to the power inherent in every court." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Based on this power, "a district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). Relevant factors for deciding if a stay is warranted include potential prejudice to the non-moving party, as well as any prejudice to the moving party if the action is not stayed. *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09–6004–CV–SJ–GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (quotation omitted). Courts should consider whether a stay would conserve judicial resources and aid in expeditious resolution. *Ass'n of Equip. Mfrs. v. Burgum*, No. 1:17-cv-151, 2018 WL 1773145, at *1 (D. N.D. Mar. 5, 2018) (citations omitted).

The Court finds the decision in *Burgum* to be the most comparable one to this case. In *Burgum*, Defendant requested a stay of the proceedings while the United States Court of Appeals for the Eighth Circuit considered a pending interlocutory appeal. 2018 WL 1773145, at *1. The court denied the stay, noting a decision by the Eighth Circuit would not change the outcome and a stay would slow final adjudication. *Id.* ("Whatever the outcome of the interlocutory appeal, the most expeditious resolution . . . is fostered by moving forward with discovery and related matters."). This matter is similar to *Burgum* because the likeliest outcome is continued litigation after the Eighth Circuit issues its mandate. It is better, at least for the Court, if parties start other tasks such as exchanging discovery now, so it can review relevant materials and issue a final decision as quickly as possible upon remand.

Accordingly, the Motion to Stay is DENIED.

IT IS SO ORDERED.

Dated this 21st day of December, 2022.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT