IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| RACHEL RAAK LAW, MICAH BROEKEMEIER, and CHARLES HURLEY, | ) ) ) | Case No. 4:22-cv-00176-SMR-SBJ |
| Plaintiffs, | ) ) ) | ORDER ON DEFENDANT'S MOTION TO DISMISS |
| v. | ) ) ) | |
| ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch, | ) ) ) ) | |
| Defendant. | ) ) | |

Iowa law requires the Iowa State Bar Association to elect an equal number of men and women to serve on a commission that considers applicants to Iowa's appellate courts. Plaintiffs filed suit seeking to enjoin the law on the basis that it violates the Fourteenth Amendment of the United States Constitution. After litigation, Defendant filed a partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). For the reasons below, the Motion is GRANTED.

I.   FACTUAL BACKGROUND

Plaintiff Rachel Raak Law lives in Woodbury County, Iowa. [ECF No. 17 (Raak Law First Decl.)]. She served on the District Judicial Nominating Commission, which interviews and recommends candidates for appointment to the Iowa district courts, from 2012 to 2018. [ECF No. 22-1 at 1 (Raak Law Second Decl.)]. She gathered ten signatures "on a nominating petition from the 2021 State Judicial Nominating Commission election." *Id.* at 2. She maintains that the Iowans who signed her previous petition – all of whom reside within the Fourth Congressional District – would have signed her nominating petition for the 2023 election. *Id.* Raak Law avers

the only reason she could not run in the Fourth Congressional District was because the election was restricted to male candidates. *Id.*

Plaintiff Micah Broekemeier lives in Johnson County, Iowa, in the First Congressional District. [ECF Nos. 18 at 1 (Broekemeier First Decl.); ECF No. 20 at 2]. He previously ran for a position on the Johnson County Board of Supervisors, where he engaged with lawyers who may support his candidacy for the Commission. [ECF No. 21-2 at 1 (Broekemeier Second Decl.)]. He currently serves on the nominating committee for the Johnson County Republicans, where he interviews candidates who wish to run for public office. [ECF No. 18 at 1]. He maintains that numerous eligible individuals "are familiar with my background . . . and support me in my endeavor to be on the . . . Commission." [ECF No. 21-2 at 2]. Broekemeier asserts he could not run for election because the Commissioner elected from the First Congressional District in 2023 was required to be a woman. *Id.*

Plaintiff Charles Hurley is a resident of Polk County, Iowa in the Third Congressional District. [ECF No. 71 at 4 (Amended Complaint)]. Hurley served for six years on the Judiciary Committee of the Iowa House of Representatives. *Id.* at 2. He would like to use his experience from the state legislature on the Commission. *Id.* Hurley contends he is qualified to run in the next election for the Commission because he is a resident of the Third Congressional district, over eighteen years old, and has not previously served. *Id.* at 8. However, he alleges he cannot run for next election in 2025 because only women are eligible to apply for this position.

## II.     PROCEDURAL BACKGROUND

On May 24, 2022, Plaintiffs Micah Broekemeier and Rachel Raak Law filed this lawsuit against Defendant Robert Gast, the State Court Administrator of the Iowa Judicial Branch. [ECF No. 1]. Plaintiffs moved for a preliminary injunction a few weeks later. [ECF Nos. 16–18]. On

July 8, 2022, Defendant filed a motion to dismiss. [ECF No. 22]. After a hearing, the Court denied both motions. [ECF No. 36]. Plaintiffs filed a motion for an injunction pending appeal on November 22, 2022, which the Court did not grant. [ECF Nos. 38; 45]. On January 9, 2023, the Court received notice that the Plaintiffs voluntarily dismissed an appeal. [ECF Nos. 60; 61].

On January 18, 2023, Defendant answered the Complaint. [ECF No. 63]. Plaintiffs filed an Amended Complaint adding Plaintiff Charles Hurley to the suit on February 9, 2023. [ECF No. 71]. Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), seeking to dismiss Plaintiffs Micah Broekemeier and Rachel Raak Law for lack of constitutional standing.[1] [ECF No. 72]. Plaintiffs filed a resistance and Defendant did not file a reply. [ECF No. 75]. The case is briefed and ready for review. For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

### III.   GOVERNING LAW

Under Article III, § II of the United States Constitution, courts are limited to disputes that present an actual "case" or "controversy." *Raines v. Byrd,* 521 U.S. 811, 819 (1997). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case – in other words, standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting *Raines*, 521 U.S. at 819). A party must demonstrate three elements for standing purposes: "(1) a plaintiff must have suffered an 'injury in fact,' (2) that is 'fairly traceable to the challenged conduct,' and (3) is 'likely to be redressed by a favorable judicial decision.'" *Hillesheim v. Holiday Stationstores, Inc.*, 900 F.3d 1007, 1010 (8th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Standing is a jurisdictional prerequisite that must be resolved before reaching the merits. *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013).

---

[1] The Motion does not "seek to dismiss Plaintiff Charles Hurley." [ECF No. 72 at 2].

The proper avenue to contest standing is a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1). *Disability Support All. v. Heartwood Enters., LLC,* 885 F.3d 543, 547 (8th Cir. 2018). "When standing – and thus a court's jurisdiction – is challenged, '[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "At the pleading stage, general factual allegations . . . may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Wieland v. U.S. Dep't of Health and Hum. Servs.,* 793 F.3d 949, 954 (8th Cir. 2015) (quoting *Lujan*, 504 U.S. at 561).

## IV.   ANALYSIS[2]

Defendant maintains that Plaintiffs Broekemeier and Raak Law do not have Article III standing because their injuries are not redressable by the relief that they seek. [ECF No. 72; 72-1 at 7]. Plaintiffs respond they retain standing because the issue is capable of repetition while evading judicial review. [ECF No. 75]. For the reasons discussed below, Plaintiffs Broekemeier and Raak Law lack constitutional standing.

### A.  *Redressability*

The third requirement of Article III standing is Plaintiffs' injuries must be redressable by a favorable ruling. *Lujan*, 504 U.S. 560–61. "To determine whether an injury is redressable, a court will consider the relationship between 'the judicial relief requested' and the 'injury' suffered." *California v. Texas*, 141 S. Ct. 2104, 2115 (2021) (quoting *Allen v. Wright*, 466 U.S. 737, 753 n.19 (1984)). An injury is redressable if there is a "likelihood that the requested relief

---

[2] The Motion challenges the presence of the third element of Article III constitutional standing: whether the injury can be redressed. [ECF No. 72-1 at 7–11]. The Court's analysis is limited solely to this element.

will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing . . . adverse effects."). "An injunction is inherently prospective and cannot redress past injuries." *Frost v. Sioux City*, *Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019) (citing *Harmon v. City of Kansas City, Missouri*, 197 F.3d 321, 327 (8th Cir. 1999)).

Iowa law limits the election of Commission members by the ISBA based on their gender. Iowa Code § 46.2(1). The statute prohibited Plaintiffs Broekemeier and Raak Law from running to serve as ISBA-elected representatives in 2023 because the districts in which they reside were required to elect individuals of the sex opposite theirs. [ECF No. 71]. Plaintiffs unsuccessfully sought a preliminary injunction, which meant the election occurred without their participation. *Id.* Defendant certified the results in February 2023. [ECF No. 72-1 at 6]. Because the election has already occurred and been certified, Plaintiffs Broekemeier and Raak Law seek injunctive relief to address a past harm, which they may not do without a showing that they face "a real and immediate threat" of a "similar injury in the future." *Frost*, 920 F.3d at 1161 (citing *Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005)). An injury that would occur in six years, *i.e.*, the next election for the seats, is insufficient to meet this burden. *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). Thus, the injuries are not redressable because the case is moot.

### B. Exception to Mootness and Redressability

Plaintiffs explain that an exception to mootness doctrine allows courts to consider claims that are "capable of repetition yet evade review." [ECF No. 75 at 10]. Defendant did not file a reply but proactively explain in the Motion to Dismiss that the rationale in favor of the mootness

exception does not apply if claims will eventually face review like they will in this case due to the presence of Plaintiff Hurley.  [ECF No. 72-1 at 10].

An exception to the mootness doctrine involves cases "capable of repetition yet evading review." *Arkansas AFL-CIO v. F.C.C.*, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc) (citing *Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975)).  "This exception will rescue an otherwise moot claim if (1) the challenged conduct is of too short a duration to be litigated fully prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  *Nat'l Right to Life Pol. Action Comm.*, 323 F.3d 684, 691 (8th Cir. 2003) (citation omitted).  Election issues are "frequently saved from mootness by this exception." *Van Bergen v. Minnesota*, 59 F.3d 1541, 1547 (8th Cir. 1995) (collecting cases). This is because elections are almost always "too short a duration in which to complete litigation and, of course, recur at regular intervals." *Id.*

i. Duration to Challenge Statute

With respect to the first element, the Court concludes that the time frame was too short to fully litigate the matter.  Plaintiffs filed their Complaint on May 24, 2022, less than a year before the election.  [ECF No. 1].  They moved for a preliminary injunction on June 14, 2023, which was roughly six months before administrative tasks related to conducting election were slated to start.  [ECF No. 16].  The short timeline limited the ability of parties to develop a factual record that the Court found necessary for a substantive merits analysis.  [ECF No. 36].  It also restricted the opportunity for the parties to engage in traditional motions practice or have a trial on the merits.  Thus, the time frame was too short to fully litigate the matter.[3]

---

[3] Although the six-year terms of Commissioners may weigh against this conclusion to some extent given their length, the Court notes it is unreasonable to expect Plaintiffs to know

ii. Reasonable Expectation of Recurrence

Plaintiffs Broekemeier and Raak Law do not meet the second component of the mootness exception. Under current doctrine, an individual must show they are "reasonably likely to be subject to the challenged statutory provisions again." *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021). This is not an onerous burden. *Id.* at 1048 (citing *Arkansas AFL-CIO*, 11 F.3d at 1436) ("Because the appellant had alleged that it would be subject to the same challenged regulations again and was already involved in another similar dispute, we concluded that the second prong was met."). Failure to meet this light burden results in a finding the case is moot. *Id.* (citing *Davis v. F.E.C.*, 554 U.S. 724, 736 (2008)). Dismissal for mootness is appropriate.

Upon review, there is not enough information in the Amended Complaint to meet this second element. The Amended Complaint does not explain whether Plaintiffs Broekemeier and Raak Law would be interested in a position as Commissioner in the future. [ECF No. 71 at 3–4, 8–9]. It does not mention the next election that Plaintiffs Broekemeier and Raak Law could challenge, which is scheduled to occur in 2029. *Id.* at 3–4, 7, 8–9. There is no allegation that they would be unable to participate in the 2029 election. *Id.* The absence of information means the Plaintiffs have not met a minor but important burden on the second element. Denial of relief is appropriate upon this finding. *Whitfield*, 3 F.4th at 1048 (dismissing case as moot because the second element of the capable of repetition but evading review exception did not apply).

*C. Summary*

The Court concludes Plaintiffs Broekemeier and Raak Law do not have standing because their injuries are not redressable by the relief they seek. The claims are not saved by the capable of repetition but evading review exception to the mootness doctrine. Dismissal is appropriate.

---

that they want to run for the seat six years in advance of the deadline and begin litigation at that time to avoid any mootness.

## V. CONCLUSION

For the reasons discussed in detail above, Defendant's Motion to Dismiss, [ECF No. 72], is GRANTED.

IT IS SO ORDERED.

Dated this 11th day of August, 2023.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT