IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CHARLES HURLEY, an individual, | ) |
|     Plaintiff, | ) Case No. 4:22-cv-00176-SMR-SBJ |
| v. | ) |
| ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch, | ) **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
|     Defendant. | ) **ORAL ARGUMENT REQUESTED** |

Plaintiff Charles Hurley, by counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56, moves for summary judgment on the grounds that no dispute of material fact exists and Plaintiff is entitled to judgment as a matter of law on his Equal Protection claim. Plaintiff refers the Court to his Statement of Facts, Brief in Support of Motion for Summary Judgment, and Appendix filed concurrently with this Motion. For the reasons set forth therein and below, Plaintiff is entitled to summary judgment.

**I.    Plaintiff Has Standing to Challenge Iowa Code § 46.2 (Gender Quota)**

Defendant concedes, and this Court recently confirmed, that Plaintiff has standing to seek each form of relief sought in the Amended Complaint. *See* Def.'s Mot. to Dismiss First Amended Compl. (in part), ECF No. 21; *see generally* Order on Def.'s Mot. to Dismiss, ECF No. 84.

**II.    The Gender Quota is *Per Se* Unconstitutional**

The Gender Quota is "a program in which a certain fixed number or proportion of opportunities are reserved exclusively for certain…groups." *Grutter v. Bollinger*, 539 U.S. 306, 335 (2003) (internal quotations omitted). Quotas are *per se* unconstitutional. *See, e.g.*, *Regents of*

1

*Univ. of California v. Bakke*, 438 U.S. 265, 319 (1978); *Fisher v. University of Texas at Austin*, 579 U.S. 365, 376 (2016).

### III. Iowa Code § 46.2 Discriminates on the Basis of Sex in Violation of the Equal Protection Clause of the Fourteenth Amendment

Iowa Code § 46.2 (the Gender Quota) cannot withstand intermediate scrutiny, which requires Defendant to show that the Gender Quota's gender-based classification furthers an "important governmental objective and the discriminatory means employed" are "substantially related to the achievement of those objectives." *D.M. by Bao Xiong v. Minn. State High Sch. League*, 917 F.3d 994, 1001 (8th Cir. 2019) (quoting *United States v. Virginia*, 518 U.S. 515, 533 (1996)). Defendant has offered no evidence that his gender-based classifications further an important governmental objective in remedying past or present sex-based discrimination against women, and his other purported interests in improving the quality and integrity of State Judicial Nominating Commission deliberations, fostering diversity in the merit selection process, and maintaining public confidence in the selection and legitimacy of Iowa's courts are not sufficiently coherent to permit judicial review. *See D.M. by Bao Xiong*, 917 F.3d at 1002; *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College (SFFA)*, 143 S. Ct. 2141, 2166 (2023).

Even if Defendant had demonstrated important governmental objectives, which he has not, the discriminatory method employed to achieve those objectives is a rigid, never-ending quota that relies on offensive and illegitimate stereotypes. Section 46.2 is nowhere close to the "reasoned analysis" or "exceedingly persuasive justification" necessary to meet the exacting burden of intermediate scrutiny. *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982).

Therefore, Plaintiff respectfully requests that the Court grant his Motion for Summary Judgment, enter the declaratory and injunctive relief requested in Plaintiff's First Amended Complaint, and grant all other relief to which Plaintiff may be entitled.

DATED: September 1, 2023.

Respectfully submitted,

| | |
|---|---|
| ALAN R. OSTERGREN<br>President and Chief Counsel<br>THE KIRKWOOD INSTITUTE, INC.<br>500 Locust Street, Suite 199<br>Des Moines, Iowa 50309<br>Telephone: (515) 207-0134<br>alan.ostergren@kirkwoodinstitute.org | *s/ Erin E. Wilcox*<br>ERIN E. WILCOX*<br>Cal. Bar No. 337427<br>JOSHUA P. THOMPSON*<br>Cal. Bar No. 250955<br>PACIFIC LEGAL FOUNDATION<br>555 Capitol Mall, Suite 1290<br>Sacramento, California 95814<br>Telephone: (916) 419-7111<br>EWilcox@pacificlegal.org<br>JThompson@pacificlegal.org<br><br>LAURA M. D'AGOSTINO*<br>D.C. Bar No. 241868<br>PACIFIC LEGAL FOUNDATION<br>3100 Clarendon Blvd., Suite 1000<br>Arlington, Virginia 22201<br>Telephone: (202) 888-6881<br>LDAgostino@pacificlegal.org |

*Attorneys for Plaintiff*
*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 1, 2023, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will provide notice of the submission of this document to all counsel of record.

                                                         s/ *Erin E. Wilcox*
                                                         ERIN E. WILCOX*
                                                         Cal. Bar No. 337427

                                                         *Attorney for Plaintiff*
                                                         * *Pro hac vice*