# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHARLES HURLEY, an individual, ) | Case No. 4:22-cv-00176-SMR-SBJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PLAINTIFF'S STATEMENT OF** |
| ) | **MATERIAL FACTS** |
| ) | |
| ROBERT GAST, in his official capacity as ) | |
| State Court Administrator for the Iowa ) | |
| Judicial Branch, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Charles Hurley submits his statement of material facts in support of his motion for summary judgment as follows:

### *Iowa State Judicial Nominating Commission*

1. Iowa's Constitution establishes a state judicial nominating commission, which is composed of 17 members: nine appointed by the Governor and eight elected by resident members of the Iowa Bar. Iowa Code §§ 46.1–46.2, Iowa Const. art. V, § 16.

2. The State Judicial Nominating Commission (Commission) interviews applicants and selects nominees for appointment to the Iowa Supreme Court and the Iowa Court of Appeals. Iowa Const. art. V, §§ 15–16, Iowa Code § 46.15.

3. The Governor must appoint a judge or justice from the list of nominees proposed by the Commission. Iowa Code § 46.15.

### *The State Judicial Nominating Commission Pre- Gender Quota*

4. By 1986, the pool of elected or appointed commissioners to the State and District Judicial Nominating Commissions was made up of 45% women. *See* DEF 000521*,* App. 0001.

1

5. Prior to the Gender Quota, the following female candidates sought election to the Commission or received at least one vote in a particular election: Naomi Mercer (Fifth Congressional District, 1977); Celeste Bremer (First Congressional District, 1981); Clara Oleson (First Congressional District, 1981); and Claire Carlson (Sixth Congressional District, 1981). DEF 000780–790, App. 0002–12; Def.'s Resp. to Pltfs.' First Set of Interrogatories No. 8, App. 0014–15.

6. In 1987, the following female candidates sought election to the Commission or received at least one vote in a particular election: Patricia Cepican (First Congressional District, 1987); Sherri Knight (First Congressional District, 1987); and Minette Doderer (First Congressional District, 1987). Def.'s Resp. to Pltfs.' First Set of Interrogatories No. 8, App. 0014–15.

7. The Iowa Registers, Acts and Joint Resolutions, and State Rosters published between 1963 and 1987 identify the names of the commissioners serving on the State Judicial Nominating Commission. DEF 000541–85, 000643–47, App. 0018–67.

8. The Iowa Registers, Acts, and Joint Resolutions, and state Rosters published between 1963 and 1987 do not identify the sex of each commissioner. DEF 000541–85, 643–47, App. 0018–67.

***State Judicial Nominating Commission Elections***

9. The eight elected members of the Commission are divided evenly among Iowa's four congressional districts, with each congressional district having two elected commissioners. Def.'s Answer at ¶ 3, ECF No. 63; Pltfs.' First Amended Compl. at ¶ 15, ECF No. 71.

10. The elected commissioners serve staggered six-year terms and are elected in the month of January for terms commencing July 1 of odd-numbered years. Iowa Code § 46.2(2).

11. When an election of judicial nominating commissioners is to be held, the State Court Administrator is responsible for administering the elections and voting. Iowa Code § 46.9(1).

12. As part of administering elections, the State Court Administrator issues notices to the public and to members of the Iowa Bar. Def.'s Ans. at ¶ 10, ECF No. 63.

13. The State Court Administrator provides notice of upcoming vacancies on the Commission at least 60 days before the end of the term of an elected commission member. Iowa Code § 46.9A.

14. The State Court Administrator declines to place candidates on the ballot if they fail to meet the demands of the Gender Quota. *See* Iowa Code § 46.2(2); Def.'s Ans. at ¶ 10, ECF No. 63; Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 1 & 2, ECF Nos. 75-1, 75-2.

*The Gender Quota*

15. The Iowa Legislature first enacted the Gender Quota for the Commission in 1987 by amending Iowa Code § 46.2 to read: "for the first elective term open on or after July 1, 1987, in the odd-numbered districts the elected member shall be a woman and in the even-numbered districts the elected member shall be a man. Thereafter, the districts shall alternate between women and men elected members." 1987 Iowa Acts 364–65.

16. The purpose of the Gender Quota is to "create that diversity and equalize representation across the state for both genders." Gast Dep. 30:14–31:7, App. 0080–81.

17. The purpose of the Gender Quota was not intended to remedy sex-based discrimination against men seeking election to the Commission. Gast Dep. 30:14–31:7, App. 0080–81.

18. Defendant is not aware of any claims by female lawyers that they face barriers with respect to seeking election to the Commission. Gast Dep. 28:18–29:24, App. 0078–79.

19. Defendant is not aware of any claims by female lawyers that they face discrimination with respect to seeking election to the Commission. Gast Dep. 28:18–29:24, App. 0078–79.

20. In 2019, the Legislature amended Iowa Code § 46.2 to require that the resident members of the bar of each congressional district elect "two eligible electors of different genders to the state judicial nominating commission." Iowa Code § 46.2(1).

21. Iowa Code § 46.2 also provides that "[t]he commissioners elected by the bar shall serve staggered terms of six years each and shall be elected in the month of January for terms commencing July 1 of odd-numbered years." Iowa Code § 46.2(2).

22. In order to qualify as an "eligible elector," a person seeking election to the Commission must be a citizen of the United States. Iowa Code §§ 39.3(6), 46.2(1).

23. In order to qualify as an "eligible elector," a person seeking election to the Commission must be an Iowa resident. Iowa Code §§ 39.3(6), 46.2(1).

24. In order to qualify as an "eligible elector," a person seeking election to the Commission must be at least eighteen years of age. Iowa Code §§ 39.3(6), 46.2(1).

25. In order to qualify as an "eligible elector," a person seeking election to the Commission must not have served on the State Judicial Nominating Commission previously. Iowa Code §§ 39.3(6), 46.2(4).

26. In order to qualify as an "eligible elector," a person seeking election to the Commission must not hold an office of profit of the United States or of the State at the time of the election for the Commission. Iowa Code § 46.2(5).

27. In addition to being an "eligible elector," a person seeking election to the Commission must satisfy the Gender Quota. *See* Iowa Code § 46.2.

***Plaintiff Charles Hurley & 2025 State Judicial Nominating Commission Elections***

28. Plaintiff Charles Hurley is an experienced public interest attorney with a strong background in public service and insight into the judiciary. Hurley's Ans. to Def.'s Interrogatories No. 5, App. 0107.

29. Mr. Hurley served as a representative in the Iowa Legislature from 1991 to 1996 and was Vice-Chair and Chair of the House Judiciary Committee from 1993–1996. *Id*.

30. During his time on the House Judiciary Committee, Mr. Hurley routinely met with the Chief Justice of the Iowa State Supreme Court on issues confronting the state judiciary. *Id*.; Pltfs.' First Amended Compl. at ¶ 3, ECF No. 71.

31. Mr. Hurley was also appointed by former Governor Branstad to serve as Vice-Chair of the Iowa Board of Parole in 1997. Pltfs.' Ans. to Def.'s Interrogatories No. 5, App. 0107.

32. Mr. Hurley is a citizen of the United States, over 18 years of age, a male resident of Polk County, Iowa, and has never served on the State Judicial Nominating Commission. Hurley's Ans. to Def.'s Interrogatories No. 6, App. 0108; Hurley Decl. in Support of Pltfs.' Mot. Summ. J. filed Sept. 1, ¶¶ 1–5.

33. Polk County, Iowa, is part of Iowa's Third Congressional District as outlined in Senate Bill 621, which took effect with the 2022 elections. Pltfs.' First Amended Compl. at ¶¶ 16, 31, ECF No. 71.

34. Mr. Hurley seeks to use his extensive experience and knowledge of judiciary issues to serve his community on the State Judicial Nominating Commission. Hurley's Ans. to Def.'s Interrogatories No. 5, App. 0107; Hurley Decl. in Support of Pltfs.' Mot. Summ. J. filed Sept. 1, ¶ 10.

35. In 2025, there will be elections in Congressional Districts One and Four, as well as in District Three, where Plaintiff Charles Hurley resides. Def.'s Resp. to Pltfs.' Requests for Admissions No. 7, App. 0144.

36. District Three must elect a female commissioner in 2025. Def.'s Resp. to Pltfs.' Requests for Admissions No. 8, App. 0144.

37. Per Iowa Code § 46.2(1), a male may only run for election to a seat previously held by a male, and a female may only run for election to a seat previously held by a female. Iowa Code § 46.2(1).

38. The State Court Administrator will reject the applications of candidates whose gender does not match the gender required. Decl. of Robert Gast at ¶ 5, ECF No. 20-1; Def.'s Ans. at ¶ 10, ECF No. 63.

39. Mr. Hurley wants to submit his name to serve on the State Judicial Nominating Commission for the next available elective opening in his congressional district in 2025. Hurley Decl. in Support of Pltfs.' Mot. Summ. J. filed Sept. 1, ¶ 9.

40. But for his gender, Plaintiff Hurley meets the qualifications to run for election to the State Judicial Nominating Commission as a representative of District Three. Hurley's Ans. to Def.'s Interrogatories, No. 6, App. 0108; Hurley Decl. in Support of Pltfs.' Mot. Summ. J. filed Sept. 1, ¶¶ 1–5.

*Former Plaintiff Rachel Raak Law & 2023 State Judicial Nominating Commission Elections*

41. Former Plaintiff Rachel Raak Law is a citizen of the United States, over 18 years of age, and a female resident of Woodbury County, Iowa. Decl. of Rachel Raak Law at ¶¶ 1–4, ECF No. 75-1.

42. Woodbury County, Iowa, is part of Iowa's Fourth Congressional District as outlined in Senate Bill 621, which took effect with the 2022 elections. Pltfs.' First Amended Compl. at ¶¶ 16, 27, ECF No. 71.

43. Ms. Raak Law has not previously served on the State Judicial Nominating Commission. Decl. of Rachel Raak Law at ¶ 6, ECF No. 17.

44. From 2012 to 2018, Ms. Raak Law served on the District Judicial Nominating Commission for District 3B, where she interviewed candidates who sought to become judges on Iowa's district courts. Pltfs.' First Amended Compl. at ¶1, ECF 71; Decl. of Rachel Raak Law at ¶ 4, ECF No. 17.

45. Ms. Raak Law gained direct experience working with the Iowa judiciary by virtue of her extensive volunteer work in a drug court program from 2012–2020. Raak Law's Resp. to Def.'s Interrogatory No. 5, App. 0091–92.

46. Ms. Raak Law wants to serve her community by interviewing candidates for Iowa's appellate courts as a member of the State Judicial Nominating Commission because she is passionate about the law and feels called to devote her efforts to selecting exceptional judges. *Id*.

47. According to the "Notice of Pending Elections" issued by Defendant and dated December 1, 2022, there were three individuals serving on the State Judicial Nominating Commission whose seats would expire on June 30, 2023: Dorothy O'Brien (Congressional District

One), Henry Bevel (Congressional District Two), and John Gray (Congressional District Four). App. 0096.

48. The "Notice of Pending Elections" issued by Defendant and dated December 1, 2022, lists Ms. Raak Law's residential county, Woodbury County, as being in Congressional District Four. *Id*.

49. The "Notice of Pending Elections" noted that with respect to Congressional District Four, the person to be elected "shall be male," and cited to Iowa Code 46.2. *Id*.

50. In December 2022, Ms. Raak Law timely submitted a nominating petition to be placed on the ballot as a candidate for the State Judicial Nominating Commission in the January 2023 election. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 1, Raak Law Decl. at ¶ 3, ECF No. 75-1.

51. On January 3, 2023, Defendant, citing and enforcing Iowa Code § 46.2(1), denied Ms. Raak Law the opportunity to appear on the ballot solely because of her gender. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 1, ECF No. 75-1; Def.'s Resp. to Pltfs.' Request for Admission No. 2, App. 0142.

52. Defendant identified no other basis for denying Ms. Raak Law the opportunity to appear on the ballot. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 1, Raak Law Decl. at ¶ 4, ECF No. 75-1.

53. But for the Gender Quota, Ms. Raak Law was an "eligible elector" and qualified to serve on the State Judicial Nominating Commission. Def.'s Ans. at ¶ 26, ECF No. 63; Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 1, Raak Law Decl. at ¶ 4, ECF No. 75-1.

54. While Ms. Raak Law does not presently know whether her professional and familial commitments will permit her to run in the next election in her congressional district, she

remains interested in serving on the Judicial Nominating Commission and intends to run in future elections. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 1, Raak Law Decl. at ¶ 5, ECF No. 75-1.

***Former Plaintiff Micah Broekemeier & 2023 State Judicial Nominating Commission Elections***

55. Former Plaintiff Micah Broekemeier is a citizen of the United States, over 18 years of age, and a male resident of Johnson County Iowa. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 2, Broekemeier Decl. at ¶¶ 1–2, ECF No. 75-2.

56. Johnson County, Iowa, is part of Iowa's First Congressional District as outlined in Senate Bill 621, which took effect with the 2022 elections. Pltfs.' First Amended Compl. at ¶¶ 16, 29, ECF No. 71.

57. Mr. Broekemeier has not previously served on the State Judicial Nominating Commission. Broekemeier Decl. at ¶ 6, ECF No. 18; Broekemeier Resp. to Def.'s Interrogatory No. 6, App. 0101.

58. Mr. Broekemeier has served on multiple committees with the Johnson County Republicans, where he gained experience screening candidates for public office. Broekemeier Decl. at ¶ 4, ECF No. 18; Broekemeier Resp. to Def.'s Interrogatory No. 6, App. 0101.

59. According to the "Notice of Pending Elections" issued by Defendant and dated December 1, 2022, the individual serving on the Commission whose seat would expire on June 30, 2023, in Mr. Broekemeier's district was Dorothy O'Brien (Congressional District One). App. 0096.

60. This notice listed Mr. Broekemeier's residential county, Johnson County, as being in Congressional District One. *Id*.

61. The "Notice of Pending Elections" delineated gender requirements for each of the openings, noting that with respect to Congressional District One, the person to be elected "shall be female," and cited to Iowa Code § 46.2. *Id.*

62. In December 2022, Mr. Broekemeier timely submitted a nominating petition to be placed on the ballot as a candidate for the Commission in the January 2023 election. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 2, Broekemeier Decl. at ¶ 3, ECF No. 75-2.

63. On January 3, 2023, Defendant, citing and enforcing Iowa Code § 46.2(1), denied Mr. Broekemeier the opportunity to appear on the ballot solely because of his gender. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 2, ECF No. 75-2; Def.'s Resp. to Pltfs.' Request for Admission No. 5, App. 0143.

64. Defendant identified no other basis for denying Mr. Broekemeier the opportunity to appear on the ballot. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 2, ECF No. 75-2.

65. But for the Gender Quota, Plaintiff Micah Broekemeier was an "eligible elector" and qualified to serve on the State Judicial Nominating Commission. Def.'s Ans. at ¶ 28, ECF No. 63; Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 2, Broekemeier Decl. at ¶ 4, ECF No. 75-2.

66. While Plaintiff Micah Broekemeier does not presently know whether his professional and familial commitments will permit him to run in the next election in his congressional district, he remains interested in serving on the Judicial Nominating Commission and intends to run in future elections. Pltfs.' Opp. to Mot. to Dismiss in Part, Ex. 2, Broekemeier Decl. at ¶ 5, ECF No. 75-2.

DATED:  September 1, 2023.

Respectfully submitted,

| | |
|---|---|
| ALAN R. OSTERGREN<br>President and Chief Counsel<br>THE KIRKWOOD INSTITUTE, INC.<br>500 Locust Street, Suite 199<br>Des Moines, Iowa 50309<br>Telephone: (515) 207-0134<br>alan.ostergren@kirkwoodinstitute.org | *s/ Erin E. Wilcox*<br>ERIN E. WILCOX*<br>Cal. Bar No. 337427<br>JOSHUA P. THOMPSON*<br>Cal. Bar No. 250955<br>PACIFIC LEGAL FOUNDATION<br>555 Capitol Mall, Suite 1290<br>Sacramento, California 95814<br>Telephone: (916) 419-7111<br>EWilcox@pacificlegal.org<br>JThompson@pacificlegal.org<br><br>LAURA M. D'AGOSTINO*<br>D.C. Bar No. 241868<br>PACIFIC LEGAL FOUNDATION<br>3100 Clarendon Blvd., Suite 1000<br>Arlington, Virginia 22201<br>Telephone: (202) 888-6881<br>LDAgostino@pacificlegal.org |

*Attorneys for Plaintiff*
*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will provide notice of the submission of this document to all counsel of record.

                                              s/ *Erin E. Wilcox*
                                              ERIN E. WILCOX*
                                              Cal. Bar No. 337427

                                              *Attorney for Plaintiff*
                                              *\* Pro hac vice*