**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| CHARLES HURLEY, an individual, | ) | Case No. 4:22-cv-00176-SMR-SBJ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S APPENDIX IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| ROBERT GAST, in his official capacity as | ) | **SUMMARY JUDGMENT** |
| State Court Administrator for the Iowa | ) | |
| Judicial Branch, | ) | |
| | ) | |
| Defendant. | ) | |

## TABLE OF CONTENTS

Plaintiff submits his appendix in support of his motion for summary judgment as follows:

1. List Showing Gender Breakdown of State and District Judicial Nominating Commissions, dated April 21, 1986 ..................................................App. 0001

2. Lists containing names of people who sought to be elected to the State Judicial Nominating Commission ..............................................App. 0002–0012

3. Excerpts from Defendant's Response to Plaintiffs' First Set of Interrogatories ............................................................................App. 0013–0017

4. Iowa Registers, Acts & Joint Resolutions, and State Rosters ......................................................................................App. 0018–0067

5. Excerpts from Deposition Transcript of Robert Gast ................App. 0068–0088

6. Excerpts from Plaintiff Raak Law's Responses and Objections to Defendant's First Set of Interrogatories ....................................................... App. 0089–0095

7. 12/1/2022 Notice of Pending Elections for State Judicial Nominating Commissioners, dated Dec. 1, 2022 ...................................................App. 0096

8. Excerpts from Plaintiff Micah Broekemeier's Responses and Objections to Defendant's First Set of Interrogatories ..................................... App. 0097–0103

9. Excerpts from Plaintiff Charles Hurley's Responses and Objections to Defendant's First Set of Interrogatories ....................................App. 0104–0110

10. Excerpts from Deposition Transcript of Dr. Rachel Paine Caufield .......... App. 0111–0134

11. Transcript, Hearing on Plaintiffs' Motion for Preliminary
    Injunction ................................................................................App. 0135–0140
12. Excerpts from Defendant's Response to Plaintiffs' First Set of Requests
    for Admissions ................................................................... App. 0141–end

4- 21. 86

## JUDICIAL NOMINATING COMMISSION

|  | Elected | | Appointed | | Nominees Last Election | |
|--|:--:|:--:|:--:|:--:|:--:|:--:|
|  | Men | Women | Men | Women | Men | Women |
| State | 7 | 0 | 2 | 5 | 3 | 0 |
| District | | | | | | |
| 1A | 4 | 1 | 1 | 4 | 2 | 0 |
| 1B | 4 | 1 | 1 | 4 | 2 | 0 |
| 2A | 5 | 0 | 2 | 3 | 2 | 0 |
| 2B | 5 | 0 | 0 | 5 | 7 | 1 |
| 3A | 5 | 0 | 1 | 4 | 4 | 0 |
| 3B | 5 | 0 | 0 | 5 | 3 | 0 |
| 4 | 5 | 0 | 1 | 4 | 2 | 0 |
| 5A | 5 | 0 | 1 | 4 | 2 | 0 |
| 5B | 5 | 0 | 0 | 5 | 3 | 0 |
| 5C | 5 | 0 | 2 | 3 | 24 | 5 |
| 6 | 3 | 2 | 0 | 5 | 4 | 1 |
| 7 | 4 | 1 | 1 | 4 | 3 | 2* |
| 8A | 5 | 0 | 0 | 5 | 1 | 1 |
| 8B | 5 | 0 | 1 | 4 | 1 | 0 |
| Total | 72 | 5 | 13 | 64 | 63 | 10 |
|  | 6% Women | | 83% Women | | 14% Women | |

Total   69 out of 154 or 45% are women

* 1 won

DEF 000521

1st Congressional District
STATE JUDICIAL NOMINATING COMM.

DEF 000780

6 year terms

First                          Jan 1981

(122)

2    Aspelmeier, Kenneth
1    Bell, Thomas F.
1    Bremer, Celeste F
10   Dailey, Edward W.
1    Elgar, Alanson K.
1    Hayek, Peter
1    Heimer, Bob
6    Hobart, Thomas D.
1    Leff, Alan
1    McCoid, David L.
3    McGrath, James W. Sr.
69   McMahon, Richard M
1    Morrissey, John
1    Morrison, G. Gifford
1    Neely, Marion
2    Nolan, John J.
3    Oleson, Clara
1    Olvera, Jose
1    Park, Richard C. (Victor)
1    Parkin, Robert D.
1    Poula, David
1    Ridenour, Rex J.
1    Rosmiller, Walter F.
1    Ruther, William Q.
1    Shearer, Paul V.
1    Silver, Donald E.
1    Smith, John H.
1    Sueppel
1    Tobey, Mike
1    Trent, William B. jr
1    Tucker, William
2    Walton, Raymond J.
1    Waterman, Robert

6th Congressional District
STATE JUDICIAL NOMINATING COMM.

DEF 000782



Sixth

Jan. 1981

88

| | |
|---|---|
| 1 | Barry, Rick |
| 2 | Belson, Robert Q. |
| 4 | Bjornstad, Christopher A |
| 1 | Blair, David J. |
| 1 | Carlson, Claire |
| 10 | Cassel, Leo J. |
| 2 | Crotty, J. Desmond |
| 1 | Ford, Alvin J. |
| 1 | Furlong, Phil |
| 1 | Gadd, Stephen R. |
| 1 | Hamilton, James R. |
| 1 | Hamilton, Willis |
| 1 | Hankens, Don R. |
| 1 | Hansen, Doug |
| 3 | Hellige, Michael R. |
| 2 | Howe, Bradley |
| 1 | Huibregtse, Robert R. |
| 1 | Hutchison, Edwin A. |
| 1 | Kennedy, Frank |
| 2 | Lynch, Joe jr |
| 1 | Mack, Edgar |
| 1 | Mayne, John D. |
| 1 | McCullough, Thomas |
| 1 | McDonald, James |
| 1 | Mitchel, Ed |
| 1 | Narey, Peter B. |
| 1 | Nielana, Maurice B. |
| 3 | Sandblom, Steven K. |
| 2 | Sayre, David |
| 2 | Stoebe, H. A. |
| 1 | Sturgeon, Lee |
| 1 | Tullar, Lon R. |

11 - Welty, Kennet

22 - Whicher, J. M.

1 - Wickey, Gene C

DEF 000783

JUD. NOMINATING COMMISSIONERS
ELECTION — January 1987

DEF 000784

District 6
✓ David R. Crary          195
✓ Joseph L. Fitzgibbons   177
  Michael W. Ellwanger      1
  Kurt Stoebe               1
  Michael McEnroe           1
  Ervin A. Hutchison        1
  Paul Rosene               1            377


District 1
✓ Robert A. Engberg        165
✓ David U. Sallen           81
  John Kultala               2
  Philip B. Mears            1
  David A. Hirsch            1
  Patricia Cepican           1
  Sherrie Haight             1
  Carl W. Schultz            1
  John Aitken                1
  Kirby D. Schmidt           1
  Earl Payson                1
  Tom Giggy                  1
  Minette Doderer            1
  Double Votes         4-Void        262

District 2
─Minor Barnes             239
  Others                   26            265
                                         _____
                                          904

JUDICIAL NOMINATION COMMISSION

1977

DEF 000786

IOWA STATE

JUDICIAL NOMINATING COMMISSION


*   BALLOT   *


To be cast by the resident members of the bar
of the Fifth Congressional District of Iowa.

 Vote for one (1) for Iowa State Judicial
Nominating Commissioner  for the term commencing
July 1, 1977.


       /___/      NAOMI MERCER

       /___/      RAY SULLINS

       /___/      _____


To be counted, this ballot must be completed
and mailed or delivered to the Clerk of Supreme
Court of Iowa, Statehouse, Des Moines IA  50319,
not later than January 31, 1977.


DESTROY BALLOT IF NOT USED

                                   DEF 000787

NOMINATION PAPERS
District 4 and 5
Jud. Nominating Commission Election

1977

DEF 000788

FILED

DEC 30 1976

CLERK SUPREME COURT

NOMINATION PAPER

For the office of Iowa State Judicial Nominating Commissioner

For use in the __Fourth__ Congressional District of Iowa

I, the undersigned, a resident member of the Bar of the __Fourth__ Congressional District of Iowa, hereby nominate __NAOMI MERCER__

of __POLK__ County, Iowa, as a candidate for the office of State Judicial Nominating Commissioner to be voted at the election for such Nominating Commissioner to be held January, 1977.

This nomination paper is required to be on file in the Office of the Clerk of Supreme Court, Des Moines, Iowa, on or before January 1, 1977.

| NAME | RESIDENCE (Street & Number) | TOWN | DATE OF SIGNING |
|---|---|---|---|
| Alfredo W. Parish | 1401 Chautauqua Pkway | Des Moines, Ia | 10-20-76 |
| W. Laurence Oliver | 5795 NW 2nd Pl | Des Moines, Ia | 10-20-76 |
| James M. Meade | 1502 42nd St | Des Moines Ia | 10-20-76 |
| Richard A. Strickler | 4716 Lakeview Dr | Des Moines, Ia | 10-21-76 |
| James R. ___ | 4010 School | Des Moines, Ia | " |
| Geo. Yerger | 662-37 | W. D.M. Ia | 10-21-76 |
| Gerald ___ | 2508 Meadow Lane | D. M. Ia | 10-21-76 |
| ___ | 906 Knoll Hill Dr | D.M. Ia | 10/21/76 |
| G. B. ___ | 3901 54420 | Urbandale | 10-21-76 |
| Robert Carber | 3206 70th / 532 Euclid | DesMoines | 10-21-76 |
| Maggi Moss | 3600 Waterworks Pkway | Des Moines | 10/21/76 |
| ___ | 7300 Benton Dr 118 | ___ | 10/21/76 |
| ___ | 1040 ___ Blvd | Des Moines | 10/21/76 |
| ___ | 1610 Watrous | ___ | 8-21-76 |
| ___ | 4010 ___ Blvd | Des Moines, Ia | 10-21-76 |
| Robert P. Knight | 4517 Wakonda Pkway | Des Moines, Ia | 10-21-76 |
| ___ | 2200 ___ | Des Moines, Ia | 10-21-76 |
| ___ | 10177 Jun ___ | Des Moines, Ia | 10-21-76 |
| Kevin J. Walter | 2845 Park | Des Moines | 10-21-76 |
| ___ | 3103 Elmwood Drive | Des Moines | 10-21-76 |
| ___ | 4303 Wakonda Pkway | Des Moines | 10-21-76 |
| ___ | 3922 E. 38th | Des Moines | 10-21-76 |
| Ron Kittyeva | 6839 NW 54th Pl | Des Moines | 10-21-76 |
| Rodney J. Ryan | 707-35 | Des Moines | 10/27/76 |
| Robert B. Susan | 2841 Gilmore St. | Des Moines | 10/27/76 |
| W. ___ | 3121 SW 30th | Des Moines | 10/27/76 |
| ___ | 5831 N. Waterbury Rd | Des Moines | 10/27/76 |
| Thomas E. McCusmin | 1138 29th St | Des Moines | 10/27/76 |

DEF 000789

| NAME | | SIGNING |
|---|---|---|
| Linda Del Gallo | 6414 9th St. Apt.1 | Des Moines Ia | 10/27/76 |
| George A. Giordano | 2804 Giles | West Des Moines Ia | 11-9-76 |
| E. LaVon French | 1749 MarCella Trail | Des Moines | 12-10-76 |
| Penny Westwood | 1608 62nd | Des Moines | 12-10-76 |
| E. Paul Walters | RR 3 NORWALK, | IOWA | 12/10/76 |
| Robert M. Charlville | 4010 Beaver Ave. | Des Moines | 12-11-76 |
| William Wood Jr. | 607 Country Club | Des Moine | 12/14/76 |
| W.G. Cummins | 6414 2nd St | Des Moines | 12/21/76 |
| Kate D. Hardy | 3511 Ingersoll Rd | Des M | 1/21/7 |
| Harry Brady | 3333 Grand | Des Mon | 12/21/7 |
| Dink Kelly | 1317 Wilson | Des Moines | 12/21/76 |
| John R. Kennedy | 303 10th St SE | ALTOONA | 12/20/76 |
| Patricia O'Hara | 500 31st #1 | Des Moines | 12/21/76 |
| Andrew Sandvick | 4321 67th St | Des Moines | 12/21/76 |
| William | 3807 Crestmoor | Des Moines | 12/21/76 |
| Robert Fell | 1609 NW Dr | Des Moines | 12/21/76 |
| R.L. Porter | 1800-43d | Des Moines | 12/21/76 |
| Paul Drenter | 1173-29th St (WD) | West DM | 12-21-76 |
| Wm Luthens | 130-10th | West D.M. | 12/21/76 |
| | 1849 Buffie Rd WD m | West Dm | 12/21/76 |
| | 748 54 WDM | Des Moine | 12-21-76 |
| Thomas J. Logan | 3013 Prospect Dr. | Des Moines | 12/21/76 |

STATE OF IOWA

_____Polk_____ COUNTY

I, __Naomi Mercer_____, of __Des Moines_____, Iowa, on oath
depose and say that I am a resident member of the Bar of the __Fourth__ Con-
gressional District of Iowa; that I am personally acquainted with all the
persons who have signed this nomination paper; that I know them to be resi-
dent members of the Bar of the __Fourth_____ Congressional District of Iowa,
and of the County of ____Polk____; that I know they signed said paper with
knowledge of its contents; that their respective residences are as stated
and that each one signed said paper on the date stated opposite his name.

Witness my hand this __21st__ day of __December____, 197_6_.

_Naomi S. Mercer_

Subscribed in my presence and sworn to before me by __Naomi Mercer__

this __21st__ day of __December____, 197_6_.

_Mary E Mullins_
Notary Public

In and for ____Polk____ County, Iowa

DEF 000790

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RACHEL RAAK LAW, MICAH BROEKEMEIER, and CHARLES HURLEY, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch,<br><br>Defendant. | Case No. 4:22-CV-00176-SMR-SBJ<br><br><br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**COMES NOW**, Defendant Robert Gast, State Court Administrator for the Iowa Judicial Branch and hereby submits his response to Plaintiffs' First Set of Interrogatories.

Defendant objects to all "instructions" and "definitions" contained within Plaintiffs' discovery requests to the extent that they are overly broad and seek to impose definitions or burdens not required by the rules of civil procedure. Defendant will respond in accordance with the Federal Rules of Civil Procedure and will give the terms contained in Plaintiffs' requests their commonly understood, ordinary definitions.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

691, DEF 780–790, and any other documents produced or to be produced by Defendant in response to Plaintiffs' Request for Production No. 3.

**INTERROGATORY NO. 6:** Identify all gender-neutral means you have considered or used to further the government interests you identified in your response to Interrogatory No. 3.

<u>ANSWER:</u> Defendant is sued in his official capacity.  Defendant is not a legislator.  Defendant is not required to consider and rule out gender-neutral means. Defendant is merely required to administer the statute as it is written.  Defendant has no personal knowledge of what means the legislature may have considered over the years to further the government interests section 46.2 supports.  Prior to the enactment of section 46.2, the statute utilized an alternative whereby elections had no gender balance requirement.

**INTERROGATORY NO. 7:** Identify all individuals whose nominating petition you rejected on the basis of gender since January 1, 2018.

<u>ANSWER:</u>  Rachel Raak Law and Micah Broekemeier.  See also Bates pages DEF 691–716.  Because these individuals are Plaintiffs, Defendant is not providing the further "identifying" information requested in Plaintiffs' Definition No. 8.

**INTERROGATORY NO. 8:** Identify all female candidates who sought to be elected to the Judicial Nominating Commission between 1982 and 1987.

— 8 —

ANSWER:  Defendant interprets the interrogatory as referring to the State Judicial Nominating Commission, rather than any district judicial nominating commission.  If that is incorrect, please clarify.  This response is based on an assessment of first names and thus may not be definitive. Nevertheless, it appears that the following female candidates sought election to the State Judicial Nominating Commission, or received at least one vote in a particular election: Patricia Cepican (First Congressional District, 1987); Sherri Knight (First Congressional District, 1987); and Minette Doderer (First Congressional District, 1987).  Due to remoteness in time and lack of knowledge, Defendant is not providing further "identifying" information for these individuals requested in Plaintiffs' Definition No. 8.

Although preceding the period requested, additionally, it appears the following female candidates sought election to the State Judicial Nominating Commission, or received at least one vote in a particular election: Naomi Mercer (Fifth Congressional District, 1977); Celeste Bremer (First Congressional District, 1981); Clara Oleson (First Congressional District, 1981); and Claire Carlson (Sixth Congressional District, 1981).  See Bates pages DEF 780–790.

**INTERROGATORY NO. 9:** Identify all female candidates who were elected to serve on the Judicial Nominating Commission between 1982 and 1987.

ANSWER:  Defendant interprets the interrogatory as referring to the State Judicial Nominating Commission, rather than any district judicial nominating commission.  If that is incorrect, please clarify.  Defendant has identified no female

— 9 —

candidates who were elected to serve on the State Judicial Nominating Commission between 1982 and 1987.

**INTERROGATORY NO. 10:** If you contend that the Gender Quota remedies discrimination against female candidates to the Judicial Nominating Commission, please state the factual basis for your contention.

ANSWER: Defendant objects to the characterization of Iowa Code section 46.2 as a Gender Quota, and denies that it constitutes a Gender Quota.  Additionally, Defendant interprets the interrogatory as referring to the State Judicial Nominating Commission, rather than any district judicial nominating commission.  If that is incorrect, please clarify.

Subject to and without waiving any objection, see the Court's order dated November 20, 2022; Defendant's response to Interrogatory No. 3; Defendant's response to Interrogatory No. 5; and Professor Caufield's expert report and materials cited therein.

**INTERROGATORY NO. 11:** If you contend that the Gender Quota remedies discrimination against male candidates to the Judicial Nominating Commission, please state the factual basis for your contention.

ANSWER: Defendant objects to the characterization of Iowa Code section 46.2 as a Gender Quota, and denies that it constitutes a Gender Quota.  Additionally, Defendant interprets the interrogatory as referring to the State Judicial Nominating

Commission, rather than any district judicial nominating commission.  If that is incorrect, please clarify.

Subject to and without waiving any objection, Defendant does not contend that Iowa Code section 46.2 remedies discrimination against male candidates.

<u>VERIFICATION</u>

I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the following is true and correct, and I have legal authority to certify these answers on behalf of the Defendant.

_____April 7, 2023_____        _____
Date                            Signature

App. 0017

# Iowa Official Register



## Fiftieth Number
## 1963-1964

**S. E. Tennant**
Superintendent of Printing

**Edward F. Mason**
Editor

 DEF 000541

## JUDICIAL NOMINATING COMMISSIONS

Commissions to make nominations to fill vacancies in judgeships were selected in the spring and summer of 1963 under terms of the constitutional amendment adopted in 1962, as implemented by Senate File 402 of the Sixtieth General Assembly. Half the commissioners are elected by members of the bar, half are appointed by the governor, and the chairman is the senior judge in the jurisdiction concerned. Vacancies in judgeships are filled by appointment by the governor, who selects from among nominees designated by the nominating commission.

### STATE JUDICIAL NOMINATING COMMISSIONERS

The seven first named, after the chairman, were elected by the bar; the remaining seven were appointed by the governor. This commission makes nominations to fill vacancies on the supreme court bench.

**Supreme Court Commission**—Judge Norman R. Hays, Knoxville, Chairman; John Carlisle Pryor, Burlington; Charles J. Lynch, Cedar Rapids; Lloyd Karr, Webster City; H. G. Cartwright, Marshalltown; Eugene Davis, Des Moines; Jesse E. Marshall, Sioux City; Philip J. Willson, Council Bluffs; John P. Bickel, Cedar Rapids; James W. Cravens, Sanborn; John M. Downey, Des Moines; Edris H. Owens, Newton; Louis R. Galetich, Carroll; Paul M. Larsen, Cedar Falls; Lamar Foster, West Branch.

### DISTRICT JUDICIAL NOMINATING COMMISSIONERS

The five first named, in each district, after the chairman, were elected by the bar; the remaining five were appointed by the governor. These commissioners make nominations to fill vacancies on the district court bench.

**First Judicial District**—Judge J. R. Leary, Fort Madison, Chairman; Robert R. Phelan, Fort Madison; E. H. Pollard, Fort Madison; William R. Sheridan, Keokuk; Ralph B. Smith, Keokuk; Robert H. Walker, Keokuk; Henry Leu, Keokuk; Mrs. F. L. Poepsel, West Point; Michael Maher, Fort Madison; Robert P. Roberts, Fort Madison; C. S. Abell, Keokuk.

**Second Judicial District**—Judge Elmer K. Daugherty, Ottumwa, Chairman; Richard C. Bauerle, Ottumwa; Francis C. Cameron, Albia; W. R. Fimmen, Bloomfield; Oscar A. Stafford, Chariton; Jo S. Stong, Keosauqua; Clark Rasmusson, Ottumwa; Bob D. Hellyer, Chariton; Dr. E. F. Ritter, Centerville; John Peterson, Albia; F. A. Nimocks, Ottumwa.

**Third Judicial District**—Judge T. W. Miles, Corydon, Chairman; R. B. Hawkins, Leon; James A. Lucas, Bedford; Thos. E. Mullin, Creston; Lee Watts, Corning; Frank F. Wilson, Mount Ayr; Mrs. Marjean Poston, Corydon; John D. Warin, Maloy; Velmer Stevens, Diagonal; Robert Beecher, Creston; John D. Jones, Corning.

**Fourth Judicial District**—Judge Ralph W. Crary, Sioux City, Chairman; Carlton M. Corbett, Sioux City; Franklin E. Gill, Sioux City; Wallace W. Huff, Sioux City; Elbert M. Prichard, Onawa; Harry H. Smith, Sioux City; Mark Krueger, Sioux City; Milton Tappan, Sioux City; Hans Carstens, Sioux City; Mrs. Joyce Davis, Mapleton; George Kourpias, Sioux City.

**Fifth Judicial District**—Judge S. E. Prall, Indianola, Chairman; C. K. Batschelet, Guthrie Center; J. E. Don Carlos, Greenfield; Carroll Johnson, Knoxville; Charles I. Joy, Perry; H. Claude Peer, Earlham; Dr. Edward Cunningham, Winterset; Dr. Charles McCauley, Perry; Derwin Larsen, Orient; Albert W. Haden, Panora; Mrs. E. V. Guye, Winterset.

**Sixth Judicial District**—Judge R. G. Yoder, Sigourney, Chairman; Alfred E. Baldrige, Washington; L. L. Brierly, Newton; Carl G. Draegert, What Cheer; Hugh B. McCoy, Oskaloosa; Clyde McFarlin, Montezuma; C. Edwin Gilmour, Grinnell; Rex Thomas, Barnes City; John Norris, Newton; Quincy Rice, Delta; Martin L. Lewis, Monroe.

**Seventh Judicial District**—Judge Matthew Westrate, Muscatine, Chairman; A. Wayne Eckhardt, Muscatine; Martin F. McCarthy, Davenport; W. R. Mockridge, DeWitt; Charles E. Wittenmeyer, Davenport; Stewart Haylock, Maquoketa; Carroll Wright, Davenport; Edwin J. Madson, West Liberty; Harold L. Irwin, DeWitt; Wilbur Cannon, Bettendorf; Rhea Hambright, Davenport.

**Eighth Judicial District**—Judge James P. Gaffney, Marengo, Chairman; A. C. Cahill, Iowa City; Byron Goldthwaite, Marengo; William R. Hart, Iowa City; Philip A. Leff, Iowa City; J. L. Swift, Marengo; Mrs. Dale Dever, Iowa City; Joseph Kinney, Oxford; Larry P. Waters, Iowa City; Lawrence Elwood, Williamsburg; Bruce Wilson, North English.

# Iowa Official Register



## Fifty-first Number

## 1965-1966

**S. E. Tennant**
Superintendent of Printing

**Edward F. Mason**
Editor

## JUDICIAL NOMINATING COMMISSIONS

Commissions to make nominations to fill vacancies in judgeships were established in the spring and summer of 1963 under terms of the constitutional amendment adopted in 1962, as implemented by Ch. 80 of the Acts of the Sixtieth General Assembly. Half the commissioners are elected by members of the bar, half are appointed by the governor, and the chairman is the senior judge in the jurisdiction concerned. Vacancies in judgeships are filled by appointment by the governor, who selects from among nominees designated by the nominating commission.

### STATE JUDICIAL NOMINATING COMMISSIONERS

The seven first named, after the chairman, were elected by the bar; the remaining seven were appointed by the governor. This commission makes nominations to fill vacancies on the supreme court bench.

**Supreme Court Commission**—Judge Robert L. Larson, Iowa City, Chairman; John Carlisle Pryor, Burlington; Charles J. Lynch, Cedar Rapids; Lloyd Karr, Webster City; H. G. Cartwright, Marshalltown; Carl A. Smedal, Ames; Jesse E. Marshall, Sioux City; Philip J. Willson, Council Bluffs; F. James Bradley, Cedar Rapids; Leo E. Fitzgibbons, Estherville; John M. Downey, Des Moines; Edris H. Owens, Newton; Louis R. Galetich, Carroll; Paul M. Larsen, Cedar Falls; Gene F. McGreevey, Davenport.

### DISTRICT JUDICIAL NOMINATING COMMISSIONERS

The five first named, in each district, after the chairman, were elected by the bar; the remaining five were appointed by the governor. These commissioners make nominations to fill vacancies on the district court bench.

**First Judicial District**—Judge J. R. Leary, Fort Madison, Chairman; Robert R. Phelan, Fort Madison; E. H. Pollard, Fort Madison; William R. Sheridan, Keokuk; Ralph B. Smith, Keokuk; Robert H. Walker, Keokuk; Michael Maher, Fort Madison; Mrs. F. L. Poepsel, West Point; Henry Leu, Keokuk; Charles S. Abell, Sr., Keokuk; Wilson B. Lemberger, Wever.

**Second Judicial District**—Judge Charles N. Pettit, Bloomfield, Chairman; Richard C. Bauerle, Ottumwa; Scott Jordan, Fairfield; W. R. Fimmen, Bloomfield; Oscar A. Stafford, Chariton; Jo S. Stong, Keosauqua; Bob D. Hellyer, Chariton, Dr. E. F. Ritter, Centerville; Norman S. Bookin, O.D., Ottumwa; Donald W. Slavens, Ottumwa; Donald L. Smith, Bloomfield.

**Third Judicial District**—Judge H. J. Kittleman, Creston, Chairman; R. B. Hawkins, Leon; James A. Lucas, Bedford; Thos. E. Mullin, Creston; Lee Watts, Corning; Frank F. Wilson, Mount Ayr; Robert Beecher, Creston; Velmer Stephens, Diagonal; Mrs. Marjean Poston, Corydon; John D. Jones, Corning; John D. Warin, Maloy.

**Fourth Judicial District**—Judge Ralph W. Crary, Sioux City, Chairman; Carlton M. Corbett, Sioux City; Keith A. Beekley, Sioux City; Wallace W. Huff, Sioux City; Elbert M. Prichard, Onawa; Harry H. Smith, Sioux City; Mrs. Joyce Davis, Mapleton; Milton Tappan, Sioux City; Keith Klingler, Sioux City; Hans Carstens, Sioux City; Mark Krueger, Sioux City.

**Fifth Judicial District**—Judge S. E. Prall, Indianola, Chairman; C. K. Batschelet, Guthrie Center; J. E. Don Carlos, Greenfield; Carroll Johnson, Knoxville; Charles I. Joy, Perry; H. Claude Peer, Earlham; Elbert W. Haden, Panora; Derwin Larsen, Orient; Dr. Charles McCauley, Perry; Jack E. Ellis, Menlo; Mrs. Marguerite Gallery, Winterset.

**Sixth Judicial District**—Judge R. G. Yoder, Sigourney, Chairman; Alfred E. Baldridge, Washington; L. L. Brierly, Newton; Carl G. Draegert, What Cheer; Hugh B. McCoy, Oskaloosa; Clyde McFarlin, Montezuma; John B. Norris, Newton; Quincy Rice, Delta; John H. Burma, Grinnell; Charles E. Gifford, Newton; Rex Thomas, Barnes City.

**Seventh Judicial District**—Judge M. L. Sutton, Clinton, Chairman; A. Wayne Eckhardt, Muscatine; Martin F. McCarthy, Davenport; W. R. Mockridge, DeWitt; Charles E. Wittenmeyer, Davenport; LaVerne M. Roberg, Maquoketa; Harold L. Irwin. DeWitt; Edwin J. Madson, West Liberty; Fay E. Fair, Wilton Junction; James A. Hammill, Sr., Davenport; Lewis R. Robertson, Davenport.

**Eighth Judicial District**—Judge Clair E. Hamilton, Iowa City, Chairman; A. C. Cahill, Iowa City; Byron Goldthwaite, Marengo; William J. Jackson. Iowa City; Philip A. Leff, Iowa City; Harold W. Swift, Marengo; Lawrence Elwood, Williamsburg; Larry P. Waters, Iowa City; Mrs. Dale Dever, Iowa City; Richard T. Feddersen, Iowa City; Bruce B. Wilson, North English.

# Iowa Official Register



## Fifty-second  Number

## 1967-1968

**J  C  Moore**
**Superintendent  of  Printing**

**Betty  L.  Lamberto**
**Editor**

          DEF 000545

## JUDICIAL NOMINATING COMMISSIONS

Commissions to make nominations to fill vacancies in judgeships were established in the spring and summer of 1963 under terms of the constitutional amendment adopted in 1962, as implemented by Ch. 80 of the Acts of the Sixtieth General Assembly. Half the commissioners are elected by members of the bar, half are appointed by the governor, and the chairman is the senior judge in the jurisdiction concerned. Vacancies in judgeships are filled by appointment by the governor, who selects from among nominees designated by the nominating commission.

### STATE JUDICIAL NOMINATING COMMISSIONERS

The seven first named, after the chairman, were appointed by the Governor; the remaining seven were elected by the bar. This commission makes nominations to fill vacancies on the supreme court bench.

**Supreme Court Commission**—Judge Robert L. Larson, Iowa City, Chairman; Gene F. McGrevey, Davenport; F. James Bradley, Cedar Rapids; Paul M. Larsen, Cedar Falls; Edris H. Owens, Newton; John M. Downey, Des Moines; Leo F. Fitzgibbons, Estherville; Lewis R. Galetich, Carroll; John C. Pryor, Burlington; Charles J. Lynch, Cedar Rapids; Richard Zellhoefer, Waterloo; H. G. Cartwright, Marshalltown; Carl A. Smedal, Ames; Jesse E. Marshall, Sioux City; Philip J. Willson, Council Bluffs.

### DISTRICT JUDICIAL NOMINATING COMMISSIONERS

The five first named, excluding the chairman, in each district were appointed by the governor; the remaining five were elected by the bar. These commissioners make nominations to fill vacancies on the district court bench.

**First Judicial District**—Hon. J. R. Leary, Fort Madison, Chairman; Henry Leu, Keokuk; Robert F. O'Malley, Fort Madison; Donald E. Chicken, Burlington; H. C. Lowe, D.V.M., Columbus Junction; Miss Fern McCarthy, Burlington; C. T. Cline, Burlington; Russell R. Newell, Columbus Junction; Harold F. McLeran, Mt. Pleasant; R. Buell Smith, Keokuk; Don K. Walter, Burlington.

**Second Judicial District**—Hon. Charles N. Pettit, Bloomfield, Chairman; Dr. Norman S. Bookin, Ottumwa; Donald W. Slavens, Ottumwa; Donald L. Smith, Bloomfield; Dr. E. F. Ritter, Centerville; Gary Cameron, Fairfield; Richard C. Bauerle, Ottumwa; Scott Jordan, Fairfield; W. R. Fimmen, Bloomfield; George A. Milani, Centerville; Jo S. Stong, Keosauqua.

**Third Judicial District**—Hon. H. J. Kittleman, Creston, Chairman; Marjean Poston (Mrs.), Corydon; John D. Jones, Corning; John D. Warin, Maloy; Robert Beecher, Creston; Velmer D. Stephens, Diagonal; R. B. Hawkins, Leon; James A. Lucas, Bedford; Thomas E. Mullin, Creston; Lee Watts, Corning; Frank F. Wilson, Mount Ayr.

**Fourth Judicial District**—Hon. George M. Paradise, Sioux City; Keith U. Klingler, Sioux City; B. E. Wanser, Sioux City; Hans Carstens, Sioux City; John Sheehan, Sioux City; Joyce Davis (Mrs.), Mapleton; Carlton M. Corbett, Sioux City; Keith A. Beekley, Sioux City; Wallace W. Huff, Sioux City; Elbert M. Prichard, Onawa; Harry H. Smith, Sioux City.

**Fifth Judicial District**—Hon. Hobart Newton, Stuart, Chairman; Dr. Charles McCauley, Perry; Marguerite Gallery, Winterset; Jack E. Ellis, Menlo; Ralph Burkett, Minburn; Raymond Ocheltree, Bayard; C. K. Batschelet, Guthrie Center; William L. Fisher, Adair; Carroll Johnson, Knoxville; Charles I. Joy, Perry; H. Claude Peer, Earlham.

**Sixth Judicial District**—Hon. R. G. Yoder, Sigourney, Chairman; John H. Burma, Grinnell; Charles E. Gifford, Newton; Rex Thomas, Barnes City; Paul V. Shearer, Washington; John Norris, Newton; Alfred E. Baldridge, Washington; L. L. Brierly, Newton; Carl G. Draegert, What Cheer; Hugh B. McCoy, Oskaloosa; E. W. McNeil, Montezuma.

**Seventh Judicial District**—Hon. M. L. Sutton, Clinton, Chairman; F. E. Fair, Wilton Junction; James A. Hammill, Sr., Davenport; Carroll Wright, Davenport; Harold L. Irwin, De Witt; William E. Leming, Wilton Junction; A. Wayne Eckhardt, Muscatine; Martin F. McCarth, Davenport; W. R. Mockridge, De Witt; Charles E. Wittenmeyer, Davenport; LaVerne M. Roberg, Maquoketa.

   DEF 000546

# Iowa Official Register

**Fifty-third Number**

**1969-1970**

**J C Moore**
Superintendent of Printing

**L. Dale Ahern**
Editor

DEF 000547

## MUNICIPAL COURT

Any city, having a population of 5,000 or more, as shown by the last preceding United States census, may establish a municipal court. All civil townships in which said city or any part thereof is located shall constitute the municipal court district and its jurisdiction is co-extensive with the territorial limits of the county in which the court is located.

When a municipal court is established, all police courts, mayors' courts, justice of the peace courts and superior courts within the municipal court district are automatically abolished.

The judges of the municipal courts in the 13 Iowa cities which have these jurisdictions are as follows:

### JUDGES OF THE MUNICIPAL COURT

| | |
|---|---|
| Ames ..........John L. McKinney | Des Moines ...Howard W. Brooks |
| Burlington ........Gary J. Snyder | Luther T. Glanton, Jr. |
| Cedar Falls ...Forest E. Eastman | Harry B. Grund |
| Cedar Rapids ............... | Ray Harrison |
| Loren M. Hullinger, Jr. | Dubuque ..........Karl Kenline |
| John B. Reilly | Frank D. Gilloon, Jr. |
| Clinton E. Shaeffer | Marshalltown .....R. M. O'Bryan |
| Clinton ........David F. Halbach | Ottumwa....Charles C. Ayres, Jr. |
| Council Bluffs .......Allan Ardell | Sioux City .....John M. Fachman |
| Ross F. Caniglia | John E. Hutchinson |
| Davenport ....Bertram B. Metcalf | Waterloo .........Ben G. Howrey |
| Phillip Steffin, Jr. | William W. Parker |

### POLICE, MAYORS' AND JUSTICE COURTS

Police courts are required in all cities of 15,000 or more population, wherein there is no municipal or superior court. These are courts of record and are supposed to be always open for business. Police courts may be established in cities smaller than 15,000 if so provided by municipal ordinance. Police judges are appointed by the city council unless municipal ordinance provides that they shall be elected.

Mayors' courts are found in all cities and towns under 15,000 in population which do not have a municipal, superior or police court. The only qualification for the office is being elected to serve as mayor.

The Iowa Code provides for the election of two justices of the peace for each township except in townships where there is a municipal court. But of some 3,000 possible justices in the state, actually there are approximately 500, because there have been no candidates for the vacancies. The jurisdiction of a justice of the peace is county-wide. A justice can act in place of a mayor, police judge or judge of a municipal or superior court if such judge is absent or unable to act. Justices of the peace are elected for two years. The only qualifications for the office are that the justice be a resident of the township and that he post bond.

# Judicial Nominating Commissions

Commissions to make nominations to fill vacancies in judgeships were established in the spring and summer of 1963 under terms of the constitutional amendment adopted in 1962, as implemented by Ch. 80 of the Acts of the Sixtieth General Assembly. Half the commissioners are elected by members of the bar, half are appointed by the Governor, and the chairman is the senior judge in the jurisdiction concerned. Vacancies in judgeships are filled by appointment by the Governor, who selects from among nominees designated by the nominating commission.

## State Judicial Nominating Commissioners

The seven first named were elected by the bar; the remaining seven were appointed by the Governor. This commission makes nominations to fill vacancies on the supreme court bench.

**Supreme Court Commission**—Don K. Walter, Burlington; William M. Dallas, Cedar Rapids; Richard G. Zellhoefer, Waterloo; H. G. Cartwright,

Marshalltown; Carl A. Smedal, Ames; Wendell Pendleton, Storm Lake; Philip J. Willson, Council Bluffs; Gene F. McGreevy, Davenport; F. James Bradley, Cedar Rapids; Leo E. Fitzgibbons, Estherville; Edris H. Owens, Newton; John M. Downey, Des Moines; Mrs. William Robinson, Hampton; and Harry F. Reed, Winterset.

## District Judicial Nominating Commissioners

The five first named in each district were elected by the bar; remaining members were appointed by the Governor. These commissioners make nominations to fill vacancies on the district court bench.

**First Judicial District**—C. T. Cline, Burlington; Harold F. McLeran, Mt. Pleasant; Russell R. Newell, Columbus Junction; R. Buell Smith, Keokuk; Henry Hirsch, Burlington; H. C. Lowe, Columbus Junction; Donald E. Chicken, Burlington; and Fern McCarthy, Burlington.

**Second Judicial District**—Jo S. Stong, Keosauqua; W. R. Fimmen, Bloomfield; George A. Milani, Centerville; W. T. Barnes, Ottumwa; Richard Morr, Chariton; Raymond Young, Ottumwa; Donald L. Smith, Bloomfield; E. F. Ritter, M.D., Centerville; and Gary L. Cameron, Fairfield.

**Third Judicial District**—Robert E. Killmar, Osceola; James A. Lucas, Bedford; Thomas E. Mullin, Creston; Arnold Kenyon, Creston; Richard Wilson, Lenox; John D. Jones, Corning; John D. Warin, Maloy; Robert Beecher, Creston; and Velmer Stephens, Diagonal.

**Fourth Judicial District**—Wallace W. Huff, Sioux City; Harry H. Smith, Sioux City; Keith A. Beekley, Sioux City; John D. Beardsley, Onawa; Frank J. Margolin, Sioux City; B. E. Wanser, Sioux City; Hans Carstens, Sioux City; John Sheehan, Sioux City; and Mrs. Joyce Davis, Mapleton.

**Fifth Judicial District**—Charles I. Joy, Perry; H. Claude Peer, Earlham; William L. Fisher, Adair; Peter G. Gaass, Pella; M. D. Hall, Indianola; Marguerite Gallery, Winterset; Jack E. Ellis, Menlo; Ralph Burkett, Minburn; and Raymond Ocheltree, Bayard.

**Sixth Judicial District**—Carl G. Draegert, What Cheer; L. L. Brierly, Newton; E. W. McNeil, Montezuma; Lake E. Crookham, Oskaloosa; John E. Baldridge, Washington; Charles E. Gifford, Newton; Rex Thomas, Newton; Paul V. Shearer, Washington; and John Norris, Newton.

**Seventh Judicial District**—W. R. Mockridge, DeWitt; Charles E. Wittenmeyer, Davenport; LaVerne M. Roberg, Maquoketa; John E. Nagle, Davenport; Elmer E. Bloom, Muscatine; James A. Hammill, Sr., Davenport; Carroll Wright, Davenport; Harold L. Irwin, DeWitt; and Bert Leming, Wilton Junction.

**Eighth Judicial District**—Philip Leff, Iowa City; Richard Nazette, Cedar Rapids; James Bradley, Cedar Rapids; Ralph Harman, Cedar Rapids; Thomas M. Collins, Cedar Rapids; Russell Mann, Iowa City; Laurence McGrath, Cedar Rapids; and Lawrence Elwood, Williamsburg.

**Ninth Judicial District**—Donald Beving, Des Moines; J. Rudolph Hansen, Des Moines; Ralph Randall, Des Moines; Clyde Putnam, Des Moines; Robert Allbee, Des Moines; Harry R. Burgess, Des Moines; Joseph F. Rosenfield, Des Moines; Charles Hanson, Des Moines; and Richard L. Pinegar, Des Moines.

**Tenth Judicial District**—Carl A. Greif, Independence; Roland F. Merner, Cedar Falls; Upton B. Kepford, Waterloo; Bliss Willoughby, Grundy Center; K. L. Kober, Waterloo; Vernon C. Hoffman, Aurora; Robert L. Ross, Cedar Falls; and Charles E. Quirk, Cedar Falls.

**Eleventh Judicial District**—Lawrence R. Kayser, Webster City; W. K. Doran, Boone; Lyman R. Lundy, Eldora; A. J. Hobson, Hampton; Harlan L. Larson, Goldfield; Mrs. Percy Neese, Webster City; John P. Whitesell, Webster City; Ross B. Talbot, Ames; and Lee W. Hedded, Fort Dodge.

**Twelfth Judicial District**—Robert H. Shepard, Mason City; B. C. Berge, Garner; William K. Carr, Charles City; William H. Engelbrecht, Waverly; A. G. Dunkelberg, Osage; Glenn O. Tenold, Northwood; Ray Seeney, Mason City; Kirby Lawlis, Mason City; and Herbert J. Max, Waverly.

**Thirteenth Judicial District**—James D. O'Connor, New Hampton; Dale Elwood, Cresco; Peter W. Klauer, Dubuque; M. S. O'Brien, Oelwein; Arthur H. Jacobson, Waukon; G. T. Murphy, New Hampton; George N. Giellis, Dubuque; and John C. Duffey, Dubuque.

# Iowa Official Register

Fifty-fourth Number

1971-1972

J C Moore

Superintendent of Printing

L. Dale Ahern

Editor

App. 0027

DEF 000550

## State Judicial Nominating Commissioners

The seven first named were elected by the bar; the remaining seven were appointed by the Governor. This commission makes nominations to fill vacancies on the supreme court bench.

Elective—Don K. Walter, Burlington; William M. Dallas, Cedar Rapids; Richard G. Zellhoefer. Waterloo; John W. Tobin, Vinton; Arthur H. Johnson, Fort Dodge; Wendell Pendelton, Storm Lake; and Philip J. Willson, Council Bluffs.

Appointive—C. H. Wildman, Davenport; Donald E. Balster, Marion; Mrs. William Robinson, Hampton; Edris H. Owens, Newton; John M. Downey, Des Moines; William Beck, Spirit Lake; and William Sorenson, Jefferson.

## District Judicial Nominating Commissioners

Terms of District Judicial Nominating Commissioners in office in 1971 will terminate December 31, 1971. Their successors will be elected during the month of January by registered attorneys of Iowa to take office February 1, 1972. Length of term will be determined by lot by such commissioners. Since the **Red Book** is going to press near the end of the 1971 term and before new commissioners are appointed, names of District Judicial Nominating Commissioners do not appear here.

State of Iowa
1972

# ACTS AND JOINT RESOLUTIONS

PASSED AT THE

## SECOND REGULAR SESSION

OF THE

## Sixty-fourth General Assembly

AND

## DISTRICTING OF THE GENERAL ASSEMBLY BY THE SUPREME COURT

OF THE

## STATE OF IOWA



**WAYNE A. FAUPEL**
CODE EDITOR

**PHYLLIS BARRY**
ASSISTANT CODE EDITOR

---

Published by the
STATE OF IOWA
Des Moines

v
## STATE OFFICERS

# STATE ROSTER

**PREPARED BY THE OFFICE OF SECRETARY OF STATE**

List of elective state officers, judges of the supreme, district, and municipal courts, members of the General Assembly, and other state officers, commissions, boards and appointive officers of the State of Iowa, prepared and furnished by the Honorable Melvin D. Synhorst, Secretary of State, for insertion in the published volume of Session Laws for the Sixty-fourth (Second Session) General Assembly in accordance with the requirements of Code section 14.10 (3), 1971 Code of Iowa, as amended.

## OFFICERS, COMMISSIONS AND BOARDS

### ELECTIVE OFFICERS

|  | County from which |
|---|---|
| Name and Office | originally chosen |

#### GOVERNOR
| | |
|---|---|
| ROBERT D. RAY | Polk |
| Wythe Willey, Executive Assistant | Story |

#### LIEUTENANT GOVERNOR
| | |
|---|---|
| ROGER W. JEPSEN | Scott |

#### SECRETARY OF STATE
| | |
|---|---|
| MELVIN D. SYNHORST | Polk |
| J. Herman Schweiker, Deputy Secretary | Polk |

#### AUDITOR OF STATE
| | |
|---|---|
| LLOYD R. SMITH | Polk |
| Ray Yenter, Deputy Auditor | Johnson |

#### TREASURER OF STATE
| | |
|---|---|
| MAURICE E. BARINGER | Fayette |
| Roger G. Barnett, Deputy Treasurer | Polk |

#### SECRETARY OF AGRICULTURE
| | |
|---|---|
| L. B. LIDDY | Van Buren |
| Robert H. Lounsberry, Deputy Secretary | Story |

#### ATTORNEY GENERAL
| | |
|---|---|
| RICHARD C. TURNER | Pottawattamie |
| Richard E. Haesemeyer, Solicitor General | Polk |
| John I. Adams, Assistant Attorney General | Polk |
| Douglas R. Carlson, Assistant Attorney General | Polk |
| Joseph Coleman, Assistant Attorney General | Polk |
| Roxanne B. Conlin, Assistant Attorney General | Polk |
| G. Bennett Cullison, Assistant Attorney General | Shelby |
| James C. Davis, Assistant Attorney General | Jasper |
| Julian B. Garrett, Assistant Attorney General | Polk |
| Robert W. Goodwin, Assistant Attorney General | Story |
| Harry M. Griger, Assistant Attorney General | Polk |
| Donald L. Hoeger, Assistant Attorney General | Story |
| Henry Holst, Assistant Attorney General | Polk |
| Robert Jacobson, Assistant Attorney General | Polk |
| John L. Kiener, Assistant Attorney General | Winneshiek |
| Gerald Kuehn, Assistant Attorney General | Allamakee |
| Allen Lukehart, Assistant Attorney General | Polk |

DEF 000553

**xx**

STATE OFFICERS—Continued

| Name and Office | City or Town from which originally chosen | Term Ending |
|---|---|---|

## STATE JUDICIAL NOMINATING COMMISSION

APPOINTIVE

§46.1

| | | |
|---|---|---|
| Edris H. Owens | Newton | June 30, 1973 |
| John M. Downey | Des Moines | June 30, 1973 |
| Mrs. William Robinson | Hampton | June 30, 1975 |
| William Sorenson | Jefferson | June 30, 1975 |
| C. H. Wildman | Davenport | June 30, 1977 |
| Donald Balster | Marion | June 30, 1977 |
| William Beck | Spirit Lake | June 30, 1977 |

ELECTIVE

§46.2

| | | |
|---|---|---|
| Don K. Walter | Burlington | June 30, 1975 |
| William M. Dallas | Cedar Rapids | June 30, 1975 |
| Richard G. Zellhoefer | Waterloo | June 30, 1973 |
| John W. Tobin | Vinton | June 30, 1977 |
| Arthur H. Johnson | Fort Dodge | June 30, 1977 |
| Wendell Pendleton | Storm Lake | June 30, 1975 |
| Philip J. Willson | Council Bluffs | June 30, 1973 |

## DISTRICT JUDICIAL NOMINATING COMMISSIONS

64 G.A., Ch. 261

*Election District 1A*

APPOINTIVE

| | | |
|---|---|---|
| Mrs. Lew Ella Strand | Ossian | Jan. 31, 1974 |
| Noble Pugh | Strawberry Point | Jan. 31, 1974 |
| Mrs. Jill Tracey | Manchester | Jan. 31, 1976 |
| Dr. Milton F. Schlein | Postville | Jan. 31, 1976 |
| Mrs. Charlotte Kelly | Dubuque | Jan. 31, 1978 |

ELECTIVE

| | | |
|---|---|---|
| Donald R. Breitbach | Dubuque | Jan. 31, 1976 |
| James Hart | Elkader | Jan. 31, 1974 |
| Alfred Hughes | Dubuque | Jan. 31, 1978 |
| Arthur H. Jacobson | Waukon | Jan. 31, 1976 |
| Charles A. Kintzinger | Dubuque | Jan. 31, 1978 |

*Election District 1B*

APPOINTIVE

| | | |
|---|---|---|
| Mrs. Georgia Hutchison | Oelwein | Jan. 31, 1976 |
| Keith Burbridge | Cedar Falls | Jan. 31, 1974 |
| Vail H. Hess | Grundy Center | Jan. 31, 1974 |
| Robert W. Giertz | Waterloo | Jan. 31, 1976 |
| John J. Burgess | Cresco | Jan. 31, 1978 |

ELECTIVE

| | | |
|---|---|---|
| Henry L. Elwood | Cresco | Jan. 31, 1976 |
| Upton B. Kepford | Waterloo | Jan. 31, 1978 |
| John W. Rathert | Waterloo | Jan. 31, 1976 |
| Leroy H. Redfern | Cedar Falls | Jan. 31, 1974 |
| Carl A. Greif | Independence | Jan. 31, 1974 |

*Election District 2A*

APPOINTIVE

| | | |
|---|---|---|
| Dr. H. G. Marinos | Mason City | Jan. 31, 1974 |
| Dean Kline | Charles City | Jan. 31, 1974 |
| Frank Jeffrey | Mason City | Jan. 31, 1976 |
| Charles H. Dick | Hampton | Jan. 31, 1976 |
| Max Eggleston | Waverly | Jan. 31, 1978 |

DEF 000554

State of Iowa
1973

# ACTS AND JOINT RESOLUTIONS

PASSED AT THE

## 1973 REGULAR SESSION

OF THE

## Sixty-fifth General Assembly

OF THE

## STATE OF IOWA



WAYNE A. FAUPEL
CODE EDITOR

PHYLLIS BARRY
DEPUTY CODE EDITOR

Published by the
STATE OF IOWA
Des Moines

DEF 000555

# STATE ROSTER

**PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE**

List of elective state officers, judges of the supreme and district courts, members of the General Assembly, and other state officers, commissions, boards and appointive officers of the State of Iowa, prepared and furnished by the Honorable Melvin D. Synhorst, Secretary of State, for insertion in the published volume of 1973 Session Laws for the Sixty-fifth General Assembly in accordance with the requirements of Code section 14.10 (4), 1973 Code of Iowa.

## OFFICERS, COMMISSIONS AND BOARDS

### ELECTIVE OFFICERS

| Name and Office | County from which originally chosen |
|---|---|

#### GOVERNOR

ROBERT D. RAY .................................................................................Polk
    Wythe Willey, Executive Assistant ....................................Story

#### LIEUTENANT GOVERNOR

ARTHUR A. NEU ...............................................................................Carroll

#### SECRETARY OF STATE

MELVIN D. SYNHORST ...................................................................Polk
    J. Herman Schweiker, Deputy Secretary ..........................Polk

#### AUDITOR OF STATE

LLOYD R. SMITH .............................................................................Polk
    Ray Yenter, Deputy Auditor ...............................................Johnson

#### TREASURER OF STATE

MAURICE E. BARINGER ..................................................................Fayette
    Roger G. Barnett, Deputy Treasurer ................................Polk

#### SECRETARY OF AGRICULTURE

ROBERT H. LOUNSBERRY ..............................................................Story
    Thatcher Johnson, Deputy Secretary ................................Boone

#### ATTORNEY GENERAL

RICHARD C. TURNER .......................................................................Pottawattamie
    Richard E. Haesemeyer, Solicitor General ........................Polk
    John I. Adams, Assistant Attorney General ......................Polk
    Gary A. Ahrens, Assistant Attorney General ...................Boone
    John W. Baty, Assistant Attorney General ......................Story
    John E. Beamer, Special Assistant Attorney General ......Polk
    Larry Blumberg, Assistant Attorney General ...................Polk
    Gordon G. Bowles, Assistant Attorney General ...............Polk
    Douglas R. Carlson, Assistant Attorney General .............Polk
    Joseph Coleman, Assistant Attorney General ..................Polk
    Roxanne B. Conlin, Assistant Attorney General ..............Polk
    James C. Davis, Assistant Attorney General ...................Jasper
    Kermit L. Dunahoo, Assistant Attorney General .............Polk
    Julian B. Garrett, Assistant Attorney General ................Polk
    Robert W. Goodwin, Assistant Attorney General .............Story

DEF 000556

xxiii

## STATE OFFICERS—Continued

PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE

| Name and Office | City or Town from which originally chosen | Term Ending |
|---|---|---|

### INTERSTATE CO-OPERATION COMMISSION—Continued

| | | |
|---|---|---|
| Robert M. Kreamer | Des Moines | April 30, 1975 |
| James T. Caffrey | Des Moines | April 30, 1975 |

*Senate Members*

| | | |
|---|---|---|
| James W. Griffin, Sr. | Council Bluffs | April 30, 1975 |
| John S. Murray | Ames | April 30, 1975 |
| William D. Palmer | Des Moines | April 30, 1975 |
| W. R. Rabedeaux | Wilton | April 30, 1975 |
| James F. Schaben | Dunlap | April 30, 1975 |

## IOWA OFFICIAL REGISTER

| | | |
|---|---|---|
| L. Dale Ahern, Editor | Decorah | Pleasure of the Printing Division |

## IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM ADVISORY INVESTMENT BOARD
### §97B.8

| | | |
|---|---|---|
| Dale K. Dekoster | Waterloo | June 30, 1979 |
| Vacancy | | June 30, 1975 |
| Keith Gunzenhauser | West Des Moines | June 30, 1977 |

*House Member*

| | | |
|---|---|---|
| Willis E. Junker | Sioux City | June 30, 1975 |

*Senate Member*

| | | |
|---|---|---|
| James W. Griffin, Sr. | Council Bluffs | June 30, 1975 |

## STATE JUDICIAL NOMINATING COMMISSION
### §§46.1, 46.2
### APPOINTIVE

| | | |
|---|---|---|
| Edris H. Owens | Newton | June 30, 1973 |
| John M. Downey | Des Moines | June 30, 1973 |
| Mrs. Wm. Robinson | Hampton | June 30, 1975 |
| Wm. Sorenson | Jefferson | June 30, 1975 |
| C. H. Wildman | Davenport | June 30, 1977 |
| Donald Balster | Marion | June 30, 1977 |
| Wm. Beck | Spirit Lake | June 30, 1977 |

### ELECTIVE

| | | |
|---|---|---|
| Don K. Walter | Burlington | June 30, 1975 |
| William M. Dallas | Cedar Rapids | June 30, 1975 |
| Richard G. Zellhoefer | Waterloo | June 30, 1973 |
| John W. Tobin | Vinton | June 30, 1977 |
| Arthur H. Johnson | Fort Dodge | June 30, 1977 |
| Wendell Pendleton | Storm Lake | June 30, 1975 |
| Philip J. Willson | Council Bluffs | June 30, 1973 |

## JUDICIAL NOMINATING COMMISSION
### Ch. 46
### APPOINTIVE
*Election District 1A*

| | | |
|---|---|---|
| Mrs. Lew Ella Strand | Ossian | Jan. 31, 1974 |
| Noble Pugh | Strawberry Point | Jan. 31, 1974 |
| Mrs. Jill Tracey | Manchester | Jan. 31, 1976 |
| Dr. Milton F. Schlein | Postville | Jan. 31, 1976 |
| Mrs. Charlotte Kelly | Dubuque | Jan. 31, 1978 |

DEF 000557

State of Iowa
1974

# ACTS AND JOINT RESOLUTIONS

PASSED AT THE

## 1974 REGULAR SESSION

OF THE

## Sixty-fifth General Assembly

OF THE

## STATE OF IOWA



**WAYNE A. FAUPEL**
CODE EDITOR

**PHYLLIS BARRY**
DEPUTY CODE EDITOR

Published by the
STATE OF IOWA
Des Moines

DEF 000558

v

STATE OFFICERS

# STATE ROSTER

**PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE**

List of elective state officers, judges of the supreme and district courts, members of the General Assembly, and other state officers, commissions, boards and appointive officers of the State of Iowa, prepared and furnished by the Honorable Melvin D. Synhorst, Secretary of State, for insertion in the published volume of 1974 Session Laws for the Sixty-fifth General Assembly in accordance with the requirements of Code section 14.10 (4), 1973 Code of Iowa.

## OFFICERS, COMMISSIONS AND BOARDS
### ELECTIVE OFFICERS

| Name and Office | County from which originally chosen |
|---|---|
| **GOVERNOR** | |
| ROBERT D. RAY | Polk |
| Wythe Willey, Executive Assistant | Story |
| **LIEUTENANT GOVERNOR** | |
| ARTHUR A. NEU | Carroll |
| **SECRETARY OF STATE** | |
| MELVIN D. SYNHORST | Polk |
| J. Herman Schweiker, Deputy Secretary | Polk |
| **AUDITOR OF STATE** | |
| LLOYD R. SMITH | Polk |
| Ray Yenter, Deputy Auditor | Johnson |
| **TREASURER OF STATE** | |
| MAURICE E. BARINGER | Fayette |
| Roger G. Barnett, Deputy Treasurer | Polk |
| **SECRETARY OF AGRICULTURE** | |
| ROBERT H. LOUNSBERRY | Story |
| Thatcher Johnson, Deputy Secretary | Boone |
| **ATTORNEY GENERAL** | |
| RICHARD C. TURNER | Pottawattamie |
| Richard E. Haesemeyer, Solicitor General | Polk |
| John I. Adams, Assistant Attorney General | Polk |
| Gary A. Ahrens, Assistant Attorney General | Boone |
| John W. Baty, Assistant Attorney General | Story |
| John E. Beamer, Special Assistant Attorney General | Polk |
| Joseph S. Beck, Assistant Attorney General | Polk |
| Larry Blumberg, Assistant Attorney General | Polk |
| Donald H. Capotosto, Assistant Attorney General | Polk |
| Douglas R. Carlson, Assistant Attorney General | Polk |
| Joseph Coleman, Assistant Attorney General | Polk |
| Roxanne B. Conlin, Assistant Attorney General | Polk |
| Darby M. Coriden, Assistant Attorney General | Polk |
| James C. Davis, Assistant Attorney General | Jasper |
| John R. Dent, Assistant Attorney General | Polk |
| David Dryer, Assistant Attorney General | Polk |
| Julian B. Garrett, Assistant Attorney General | Polk |
| Robert W. Goodwin, Assistant Attorney General | Story |
| Harry M. Griger, Assistant Attorney General | Polk |

DEF 000559

xxii

STATE OFFICERS—Continued

PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE

| Name and Office | City or Town from which originally chosen | Term Ending |
|---|---|---|

## INTERSTATE CO-OPERATION COMMISSION
### Ch. 28B

Robert D. Ray, Governor
Arthur A. Neu, President of the Senate
Andrew Varley, Speaker of the House

| | | |
|---|---|---|
| Maurice E. Baringer, Treasurer of State | West Des Moines | April 30, 1975 |
| Marvin R. Selden, Jr., Comptroller of State | West Des Moines | April 30, 1975 |
| Clayton L. Ringgenberg | Iowa City | April 30, 1975 |

*House Members*

| | | |
|---|---|---|
| Richard F. Drake | Muscatine | April 30, 1975 |
| Dennis L. Freeman | Storm Lake | April 30, 1975 |
| Philip B. Hill | Des Moines | April 30, 1975 |
| Robert M. Kreamer | Des Moines | April 30, 1975 |
| James T. Caffrey | Des Moines | April 30, 1975 |

*Senate Members*

| | | |
|---|---|---|
| James W. Griffin, Sr. | Council Bluffs | April 30, 1975 |
| John S. Murray | Ames | April 30, 1975 |
| William D. Palmer | Des Moines | April 30, 1975 |
| W. R. Rabedeaux | Wilton | April 30, 1975 |
| James F. Schaben | Dunlap | April 30, 1975 |

## IOWA OFFICIAL REGISTER

| | | |
|---|---|---|
| L. Dale Ahern, Editor | Decorah | Pleasure of the Printing Division |

## IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM ADVISORY INVESTMENT BOARD
### §97B.8

| | | |
|---|---|---|
| Dale K. Dekoster | Waterloo | June 30, 1979 |
| George Duvall | Ames | June 30, 1975 |
| Keith Gunzenhauser | West Des Moines | June 30, 1977 |

*House Member*

| | | |
|---|---|---|
| Willis E. Junker | Sioux City | June 30, 1975 |

*Senate Member*

| | | |
|---|---|---|
| James W. Griffin, Sr. | Council Bluffs | June 30, 1975 |

## STATE JUDICIAL NOMINATING COMMISSION
### §§46.1, 46.2
*Appointive*

| | | |
|---|---|---|
| Edris H. Owens | Newton | June 30, 1973 |
| John M. Downey | Des Moines | June 30, 1973 |
| Mrs. Wm. Robinson | Hampton | June 30, 1975 |
| Wm. Sorenson | Jefferson | June 30, 1975 |
| C. H. Wildman | Davenport | June 30, 1977 |
| Donald Balster | Marion | June 30, 1977 |
| Wm. Beck | Spirit Lake | June 30, 1977 |

*Elective*

| | | |
|---|---|---|
| Don K. Walter | Burlington | June 30, 1975 |
| William M. Dallas | Cedar Rapids | June 30, 1975 |
| Richard G. Zellhoefer | Waterloo | June 30, 1973 |
| John W. Tobin | Vinton | June 30, 1977 |
| Arthur H. Johnson | Fort Dodge | June 30, 1977 |
| Wendell Pendleton | Storm Lake | June 30, 1975 |
| Philip J. Willson | Council Bluffs | June 30, 1973 |

State of Iowa
1975

# ACTS AND JOINT RESOLUTIONS

PASSED AT THE

## 1975 REGULAR SESSION

OF THE

## Sixty-sixth General Assembly

OF THE

## STATE OF IOWA



**WAYNE A. FAUPEL**
CODE EDITOR

**PHYLLIS BARRY**
DEPUTY CODE EDITOR

Published by the
STATE OF IOWA
Des Moines

v

STATE OFFICERS

# STATE ROSTER

**PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE**

List of elective state officers, judges of the supreme and district courts, members of the General Assembly, and other state officers, commissions, boards and appointive officers of the State of Iowa, prepared and furnished by the Honorable Melvin D. Synhorst, Secretary of State, for insertion in the published volume of 1975 Session Laws for the Sixty-sixth General Assembly in accordance with the requirements of Code section 14.10 (4), 1975 Code of Iowa.

## OFFICERS, COMMISSIONS AND BOARDS
## ELECTIVE OFFICERS

| Name and Office | County from which originally chosen |
|---|---|
| **GOVERNOR** | |
| ROBERT D. RAY | Polk |
| Wythe Willey, Executive Assistant | Story |
| **LIEUTENANT GOVERNOR** | |
| ARTHUR A. NEU | Carroll |
| **SECRETARY OF STATE** | |
| MELVIN D. SYNHORST | Polk |
| J. Herman Schweiker, Deputy Secretary | Polk |
| **AUDITOR OF STATE** | |
| LLOYD R. SMITH | Polk |
| Ray Yenter, Deputy Auditor | Johnson |
| **TREASURER OF STATE** | |
| MAURICE E. BARINGER | Fayette |
| Roger G. Barnett, Deputy Treasurer | Polk |
| **SECRETARY OF AGRICULTURE** | |
| ROBERT H. LOUNSBERRY | Story |
| Thatcher Johnson, Deputy Secretary | Boone |
| **ATTORNEY GENERAL** | |
| RICHARD C. TURNER | Pottawattamie |
| Richard E. Haesemeyer | Polk |
| John I. Adams | Polk |
| John W. Baty | Story |
| John E. Beamer | Polk |
| Joseph S. Beck | Polk |
| Larry M. Blumberg | Polk |
| Ted R. Boecker | Polk |
| Donald H. Capotosto | Polk |
| Douglas R. Carlson | Polk |
| Bruce L. Cook | Polk |
| Joseph C. Coleman, Jr. | Polk |
| Roxanne B. Conlin | Polk |
| James C. Davis | Jasper |
| John R. Dent | Polk |
| Carol S. Egly | Polk |
| William G. Enke | Polk |
| Julian B. Garrett | Polk |
| Robert W. Goodwin | Story |
| Harry M. Griger | Polk |
| Fred H. Haskins | Polk |
| Dennis Hogan | Polk |
| Jack D. Hudson | Polk |

DEF 000562

xliii

JUDICIAL DEPARTMENT—Continued

PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE

## DISTRICT ASSOCIATE JUDGES

| Name | City | Term Expires |
|---|---|---|
| Gary J. Snyder | Burlington | Dec. 31, 1978 |
| Forest E. Eastman | Cedar Falls | Dec. 31, 1978 |
| Lynne E. Brady | Cedar Rapids | Dec. 31, 1978 |
| Anthony R. Scolaro | Cedar Rapids | Dec. 31, 1978 |
| John F. Siebenmann | Cedar Rapids | Dec. 31, 1978 |
| Ross F. Caniglia | Council Bluffs | Dec. 31, 1978 |
| Jack F. Broderick | Davenport | Dec. 31, 1978 |
| Don Petrucelli | Davenport | Dec. 31, 1978 |
| Phillip T. Steffen, Jr. | Davenport | Dec. 31, 1978 |
| Howard W. Brooks | Des Moines | Dec. 31, 1978 |
| Luther T. Glanton, Jr. | Des Moines | Dec. 31, 1978 |
| Norman D. Elliott | Des Moines | Dec. 31, 1978 |
| Thomas A. Renda | Des Moines | Dec. 31, 1978 |
| Frank D. Gilloon, Jr. | Dubuque | Dec. 31, 1978 |
| Wayne A. Norman, Jr. | Dubuque | Dec. 31, 1978 |
| Roger R. Halleck | Marshalltown | Dec. 31, 1978 |
| Jack L. Burns | Muscatine | Dec. 31, 1978 |
| John M. Fachman | Sioux City | Dec. 31, 1978 |
| Everett H. Scott | Waterloo | Dec. 31, 1978 |

## JUDICIAL NOMINATING COMMISSION, STATE

Secs. 46.1, 46.2

*Appointive*

| | | |
|---|---|---|
| Mrs. Carol Johnson | Ottumwa | June 30, 1979 |
| Donald S. Willis | Des Moines | June 30, 1979 |
| Nancy S. Brown | Waterloo | June 30, 1981 |
| Mrs. Jean Braley | Shenandoah | June 30, 1981 |
| C. H. Wildman | Davenport | June 30, 1977 |
| Donald Balster | Marion | June 30, 1977 |
| Wm. E. Beck, Jr. | Spirit Lake | June 30, 1977 |

*Elective*

Attorneys

| | | |
|---|---|---|
| Don K. Walter | Burlington | June 30, 1975 |
| William M. Dallas | Cedar Rapids | June 30, 1975 |
| John W. Tobin | Vinton | June 30, 1977 |
| Arthur H. Johnson | Fort Dodge | June 30, 1977 |
| Wendell Pendleton | Storm Lake | June 30, 1975 |
| Philip J. Willson | Council Bluffs | June 30, 1975 |
| Robert Fulton | Waterloo | June 30, 1979 |

## JUDICIAL NOMINATING COMMISSIONS, DISTRICT

§46.3

*Appointive*

*Election District 1A*

| | | |
|---|---|---|
| Mrs. Alice Jane Walter | Guttenberg | Jan. 31, 1980 |
| Frank Holland | Decorah | Jan. 31, 1980 |
| Mrs. Jill Tracey | Manchester | Jan. 31, 1976 |
| Dr. Milton F. Schlein | Postville | Jan. 31, 1976 |
| Mrs. Charlotte Kelly | Dubuque | Jan. 31, 1978 |

*Election District 1B*

| | | |
|---|---|---|
| Mrs. Georgia Hutchison | Oelwein | Jan. 31, 1976 |
| Richard (Dick) H. Young | Waterloo | Jan. 31, 1980 |
| Mrs. Anita M. Andries | Waterloo | Jan. 31, 1980 |
| Mrs. LaVonne Solberg | Independence | Jan. 31, 1976 |
| John J. Burgess | Cresco | Jan. 31, 1978 |

*Election District 2A*

| | | |
|---|---|---|
| Dean Kline | Charles City | Jan. 31, 1974 |
| Frank Jeffrey | Mason City | Jan. 31, 1976 |
| Charles H. Dick | Hampton | Jan. 31, 1976 |
| Max Eggleston | Waverly | Jan. 31, 1978 |

DEF 000563

State of Iowa
1976

# ACTS AND JOINT RESOLUTIONS

PASSED AT THE

## 1976 REGULAR SESSION

OF THE

## Sixty-sixth General Assembly

OF THE

## STATE OF IOWA



**WAYNE A. FAUPEL**
CODE EDITOR

**PHYLLIS BARRY**
DEPUTY CODE EDITOR

Published by the
STATE OF IOWA
Des Moines

v
STATE OFFICERS

# STATE ROSTER

PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE

List of elective state officers, judges of the supreme and district courts, members of the General Assembly, and other state officers, commissions, boards and appointive officers of the State of Iowa, prepared and furnished by the Honorable Melvin D. Synhorst, Secretary of State, for insertion in the published volume of 1976 Session Laws for the Sixty-sixth General Assembly in accordance with the requirements of Code section 14.10 (4), 1975 Code of Iowa.

## OFFICERS, COMMISSIONS AND BOARDS

### ELECTIVE OFFICERS

| Name and Office | County from which originally chosen |
|---|---|

#### GOVERNOR

ROBERT D. RAY .......................................................................................Polk
  Wythe Willey, Executive Assistant ............................................................Story
  William H. Jackson, Administrative Assistant
  Susan Mickelsen, Administrative Assistant
  Dennis J. Nagel, Administrative Assistant
  David A. Oman, Administrative Assistant
  Janet Van Note, Administrative Assistant
  Elmer H. Vermeer, Administrative Assistant

#### LIEUTENANT GOVERNOR

ARTHUR A. NEU ......................................................................................Carroll

#### SECRETARY OF STATE

MELVIN D. SYNHORST...........................................................................Polk
  J. Herman Schweiker, Deputy Secretary ....................................................Polk

#### AUDITOR OF STATE

LLOYD R. SMITH.....................................................................................Polk
  Ray Yenter, Deputy Auditor .......................................................................Johnson

#### TREASURER OF STATE

MAURICE E. BARINGER..........................................................................Fayette
  Roger G. Barnett, Deputy Treasurer...........................................................Polk

#### SECRETARY OF AGRICULTURE

ROBERT H. LOUNSBERRY ......................................................................Story
  Thatcher Johnson, Deputy Secretary ..........................................................Boone

#### ATTORNEY GENERAL

RICHARD C. TURNER ..............................................................................Pottawattamie
  Richard E. Haesemeyer, Solicitor General ..................................................Polk
  John I. Adams, Assistant Attorney General .................................................Polk
  John W. Baty, Assistant Attorney General ..................................................Story
  John E. Beamer, Special Assistant Attorney General ...................................Polk
  Joseph S. Beck, Assistant Attorney General ...............................................Polk
  Larry W. Blumberg, Assistant Attorney General.........................................Polk
  Theodore R. Boecker, Assistant Attorney General ......................................Polk
  Douglas R. Carlson, Assistant Attorney General.........................................Polk
  Michael W. Coriden, Assistant Attorney General ........................................Polk
  C. Joseph Coleman, Jr., Assistant Attorney General....................................Polk
  Roxanne B. Conlin, Assistant Attorney General .........................................Polk
  Bruce L. Cook, Assistant Attorney General ................................................Polk
  James C. Davis, Assistant Attorney General ...............................................Jasper
  John R. Dent, Assistant Attorney General...................................................Polk
  Richard H. Doyle, IV, Assistant Attorney General .....................................Polk

DEF 000565

xlix
JUDICIAL DEPARTMENT—Continued

PREPARED BY THE OFFICE OF THE HONORABLE MELVIN D. SYNHORST, SECRETARY OF STATE

## JUDGES OF THE DISTRICT COURT—Continued

| Name | Office Address | Term Ending |
|------|----------------|-------------|
| *Election District 8A* | | |
| L. R. Carson | Oskaloosa | June 30, 1977 |
| Charles N. Pettit, C.J. | Bloomfield | June 30, 1977 |
| Arthur A. McGiverin | Ottumwa | Dec. 31, 1978 |
| Ira Morrison | Washington | Dec. 31, 1978 |
| Michael Enich | Grinnell | Dec. 31, 1980 |
| *Election District 8B* | | |
| William S. Cahill | Burlington | Dec. 31, 1980 |
| Harlan W. Bainter | Mount Pleasant | Dec. 31, 1978 |
| David B. Hendrickson | Keokuk | Dec. 31, 1980 |
| Thomas E. Tucker | Fort Madison | Dec. 31, 1978 |

## DISTRICT ASSOCIATE JUDGES

| Name | City and County | Term Expires |
|------|-----------------|--------------|
| Gary J. Snyder | Burlington, Des Moines | Dec. 31, 1978 |
| Forest E. Eastman | Cedar Falls, Black Hawk | Dec. 31, 1978 |
| Lynne E. Brady | Cedar Rapids, Linn | Dec. 31, 1978 |
| Anthony R. Scolaro | Cedar Rapids, Linn | Dec. 31, 1978 |
| John F. Siebenmann | Cedar Rapids, Linn | Dec. 31, 1978 |
| Ross F. Caniglia | Council Bluffs, Pottawattamie | Dec. 31, 1978 |
| Jack F. Broderick | Davenport, Scott | Dec. 31, 1978 |
| Don Petrucelli | Davenport, Scott | Dec. 31, 1978 |
| Phillip T. Steffen, Jr. | Davenport, Scott | Dec. 31, 1978 |
| Luther T. Glanton, Jr. | Des Moines, Polk | Dec. 31, 1978 |
| Norman D. Elliott | Des Moines, Polk | Dec. 31, 1978 |
| Thomas A. Renda | Des Moines, Polk | Dec. 31, 1978 |
| Frank D. Gilloon, Jr. | Dubuque, Dubuque | Dec. 31, 1978 |
| Wayne A. Norman, Jr. | Dubuque, Dubuque | Dec. 31, 1978 |
| Roger R. Halleck | Marshalltown, Marshall | Dec. 31, 1978 |
| Jack L. Burns | Muscatine, Muscatine | Dec. 31, 1978 |
| John M. Fachman | Sioux City, Woodbury | Dec. 31, 1978 |
| Everett H. Scott | Waterloo, Black Hawk | Dec. 31, 1978 |

## JUDICIAL NOMINATING COMMISSION, STATE

| Name and Office | City from which originally chosen | Term Ending |
|-----------------|-----------------------------------|-------------|
| Justice M. L. Mason, Chairman, Mason City | | |
| *Elected Lawyer Members* | | |
| Richard M. McMahon | Davenport | June 30, 1981 |
| John J. Shea | Cedar Rapids | June 30, 1981 |
| Robert Fulton | Waterloo | June 30, 1979 |
| Hon. John W. Tobin | Vinton | June 30, 1977 |
| Arthur H. Johnson | Fort Dodge | June 30, 1977 |
| T. M. Whicher | Sioux City | June 30, 1981 |
| Harold T. Beckman | Council Bluffs | June 30, 1979 |
| *Appointed Members* | | |
| C. H. Wildman | Davenport | June 30, 1977 |
| Don Balster | Marion | June 30, 1977 |
| Betty J. Furgerson | Waterloo | June 30, 1981 |
| Jon H. Kneen | Ottumwa | June 30, 1979 |
| Donald S. Willis | Des Moines | June 30, 1979 |
| William E. Beck, Jr. | Spirit Lake | June 30, 1977 |
| Bill W. Sorenson | Jefferson | June 30, 1975 |

DEF 000566

**State of Iowa**
1981

# State Roster

## List of State Officers



Published by the
**CODE EDITOR**

**DEF 000567**

## Preface

This pamphlet will be published annually under the authority of section 14.7, The Code. The material contained herein is current through December 15, 1981.

It would be helpful if changes in listing were reported to this office.

> Code Editor
> State of Iowa
> G20, Lucas Bldg.
> Des Moines, IA 50319

DEF 000568

| Name | Home City | Term Ending |
|------|-----------|-------------|

### DISTRICT JUDICIAL NOMINATING COMMISSION—*(cont'd)*
#### *Election District 8B*

William S. Cahill, Chairman ........................................Burlington

**Appointed**

| | | |
|------|-----------|-------------|
| Bernice M. Garner | Burlington | Jan. 31, 1986 |
| Keith Garretson | Mt. Pleasant | Jan. 31, 1982 |
| Wayne Johnson | Morning Sun | Jan. 31, 1986 |
| Leona Nixon | Keokuk | Jan. 31, 1984 |
| Nell Weber | Columbus Junction | Jan. 31, 1982 |

**Elected**

| | | |
|------|-----------|-------------|
| Kenneth A. Aspelmeier | Burlington | Jan. 31, 1986 |
| R. L. Fehseke, Sr. | Fort Madison | Jan. 31, 1984 |
| Henry L. Hirsch | Burlington | Jan. 31, 1984 |
| Wm. L. Matthews | Wapello | Jan. 31, 1982 |
| Harold F. McLeran | Mt. Pleasant | Jan. 31, 1982 |

## STATE JUDICIAL NOMINATING COMMISSION
### § 46.1, 46.2, 46.6

Clay LeGrand, Chairman ........................................Davenport

**Appointed**

| | | |
|------|-----------|-------------|
| Lyle Bruere | Cedar Rapids | April 30, 1983 |
| Jan Christensen | Northboro | April 30, 1987 |
| Bonetta Jean Culp | Waterloo | April 30, 1987 |
| John E. Evans | Des Moines | April 30, 1985 |
| Lavonne Mydland | Rock Rapids | April 30, 1983 |
| Madelyn B. Nutt | Douds | April 30, 1983 |
| Vacancy | | |

**Elected**

| | | |
|------|-----------|-------------|
| Harold T. Beckman | Council Bluffs | June 30, 1985 |
| Terrence A. Hopkins | Des Moines | June 30, 1983 |
| Charles M. Manly | Grinnell | June 30, 1983 |
| Richard M. McMahon | Davenport | June 30, 1987 |
| James F. Pickens | Cedar Rapids | June 30, 1987 |
| Robert H. Shepard | Mason City | June 30, 1985 |
| T. M. Whicher | Sioux City | June 30, 1987 |

NOTE: Conterminous with 1965 Congressional Districts

## JUDICIAL QUALIFICATIONS COMMISSION
### § 605.26

| | | |
|------|-----------|-------------|
| Ansel J. Chapman | Iowa City | Dec. 31, 1983 |
| Ronald W. Feilmeyer | Atlantic | Dec. 31, 1985 |
| Connie McWilliams | Logan | April 30, 1985 |
| Charles G. Rehling | Davenport | Dec. 31, 1981 |
| George A. Shepley | Muscatine | April 30, 1983 |
| Charles E. Storey | Des Moines | April 30, 1987 |
| Jean Tester | Iowa City | April 30, 1985 |

## JUVENILE PROBATION OFFICERS TRAINING COMMITTEE
### § 231.8

| | | |
|------|-----------|-------------|
| Ross Caniglia | Council Bluffs | July 1, 1984 |
| Kathryn Lake | Cedar Rapids | July 1, 1984 |
| Glenn C. Sedgwick | Ames | July 1, 1984 |
| Lawrence E. Snyder | Ankeny | July 1, 1983 |
| Richard A. Strickler | Des Moines | July 1, 1982 |
| Gary L. Ventling | Des Moines | July 1, 1982 |
| John Wauters | Burlington | July 1, 1982 |

DEF 000569

# ROSTER

(Second Edition)

*of*

## State Officials

*of the*

## State of Iowa

## 1983



Compiled by the
IOWA CODE OFFICE

App. 0047                    **DEF 000570**

# Preface

This pamphlet will be published annually under the authority of Iowa Code section 14.7.

The material contained herein is current through December 15, 1983, and was furnished in part by the offices of the governor and the supreme court.

We appreciate the cooperation of everyone who contributed to this publication and no attempt was made to arrange the information on the basis of legal importance.

Please submit any changes or corrections to this office.

Iowa Code Office
Fourth Floor
Lucas State Office Building
Des Moines, Iowa 50319

Additional copies may be obtained from:

Iowa State Printing Division
Grimes State Office Building
Des Moines, Iowa 50319
Phone:   (515)281-5231

**DEF 000571**

| Name | Home City | Term Ending |
|------|-----------|-------------|

DISTRICT JUDICIAL NOMINATING COMMISSION—*cont'd*

### *Election District 8B*

William S. Cahill, Chairman .................................................Burlington

**Appointed**

| | | |
|------|-----------|-------------|
| John H. Clark | Keokuk | Jan. 31, 1988 |
| Rachel I. Ireland | Burlington | Jan. 31, 1986 |
| Wayne Johnson | Morning Sun | Jan. 31, 1986 |
| Carol J. Nemitz | Mount Pleasant | Jan. 31, 1988 |
| Leona Nixon | Keokuk | Jan. 31, 1984 |

**Elected**

| | | |
|------|-----------|-------------|
| John D. Cray | Burlington | Jan. 31, 1984 |
| R. L. Fehseke, Sr. | Fort Madison | Jan. 31, 1984 |
| James F. Fisch | Burlington | Jan. 31, 1986 |
| David L. McCoid | Mount Pleasant | Jan. 31, 1988 |
| W. O. Weaver | Wapello | Jan. 31, 1988 |


## STATE JUDICIAL NOMINATING COMMISSION
§ 46.1, 46.2, 46.6

Harvey Uhlenhopp, Chairman.............................................Hampton
William J. O'Brien, Secretary .............................................Des Moines

**Appointed**

| | | |
|------|-----------|-------------|
| Darlene L. Allen | Fort Madison | April 30, 1989 |
| Jan Christensen | Northboro | April 30, 1987 |
| Bonetta Jean Culp | Waterloo | April 30, 1987 |
| John E. Evans | Des Moines | April 30, 1985 |
| Forrest J. Mitchell | Grinnell | April 30, 1985 |
| Helen K. Rasdal | Spencer | April 30, 1989 |
| Elaine E. Smith | Monticello | April 30, 1989 |

**Elected**

| | | |
|------|-----------|-------------|
| M. Gene Blackburn | Fort Dodge | June 30, 1989 |
| Craig L. Johnson | Marshalltown | June 30, 1989 |
| James F. Pickens | Cedar Rapids | June 30, 1987 |
| Robert H. Shepard | Mason City | June 30, 1985 |
| R. John Swanson | Red Oak | June 30, 1985 |
| Robert V. P. Waterman | Davenport | June 30, 1987 |
| Paul J. Yaneff | Sioux City | June 30, 1987 |


## JUDICIAL QUALIFICATIONS COMMISSION
§ 605.26

| | | |
|------|-----------|-------------|
| Ardith R. Brown | Ottumwa | April 30, 1985 |
| Carroll E. Engelkes | Waterloo | Dec. 31, 1989 |
| Ronald W. Feilmeyer | Atlantic | Dec. 31, 1985 |
| Connie O. McWilliams | Logan | April 30, 1985 |
| Walter Newport | Davenport | Dec. 31, 1987 |
| Charles E. Storey | Des Moines | April 30, 1987 |
| Susan L. TerLouw | Tama | April 30, 1989 |


## JUVENILE PROBATION OFFICERS TRAINING COMMITTEE
§ 231.8

| | | |
|------|-----------|-------------|
| Ross Caniglia | Council Bluffs | July 1, 1984 |
| David D. Carlson | Mason City | July 1, 1986 |
| R. David Fahey | Fort Madison | July 1, 1986 |
| Fred O. Jones | Indianola | July 1, 1987 |
| Kathryn Lake | Cedar Rapids | July 1, 1984 |
| Glenn C. Sedgwick | Ames | July 1, 1984 |
| Gary L. Ventling | Des Moines | July 1, 1984 |

DEF 000572

# ROSTER

(Third Edition)

## *of*

## State Officials

## *of the*

## State of Iowa

## 1984



Compiled by the
CODE EDITOR'S OFFICE

App. 0050                    **DEF 000573**

# Preface

This pamphlet will be published annually under the authority of Iowa Code section 14.7.

The material contained herein is current through February 28, 1985, and was furnished in part by the offices of the governor and the supreme court.

We appreciate the cooperation of everyone who contributed to this publication and no attempt was made to arrange the information on the basis of legal importance.

Please submit any changes or corrections to this office.

> Code Editor's Office
> Fourth Floor
> Lucas State Office Building
> Des Moines, Iowa 50319
> Phone: (515)281-5285

Additional copies may be obtained from:

> Iowa State Printing Division
> Grimes State Office Building
> Des Moines, Iowa 50319
> Phone: (515)281-5231

DEF 000574

| Name | Home City | Term Ending |
|------|-----------|-------------|

DISTRICT JUDICIAL NOMINATING COMMISSION—*cont'd*

### *Election District 8A*

Phillip R. Collett, Chairman ...................................................Ottumwa

**Appointed**

| | | |
|------|------|------|
| Charles W. Eastburn | Fairfield | Jan. 31, 1986 |
| Robert L. Kaldenberg | Albia | Jan. 31, 1986 |
| Kristi J. Livingston | Hedrick | Jan. 31, 1988 |
| Anita E. Seitsinger | Oskaloosa | Jan. 31, 1990 |
| Sharon K. Timm | Washington | Jan. 31, 1988 |

**Elected**

| | | |
|------|------|------|
| Vern M. Ball | Bloomfield | Jan. 31, 1988 |
| Glenn Bradley | Sigourney | Jan. 31, 1990 |
| Sidney E. Drake | Centerville | Jan. 31, 1988 |
| Garold F. Heslinga | Oskaloosa | Jan. 31, 1986 |
| Tim Kuiken | Fairfield | Jan. 31, 1990 |

### *Election District 8B*

William S. Cahill, Chairman ...................................................Burlington

**Appointed**

| | | |
|------|------|------|
| John H. Clark | Keokuk | Jan. 31, 1988 |
| Rachel I. Ireland | Burlington | Jan. 31, 1986 |
| Wayne Johnson | Morning Sun | Jan. 31, 1986 |
| Carol J. Nemitz | Mount Pleasant | Jan. 31, 1988 |
| Helen E. Romkey | Mount Pleasant | Jan. 31, 1990 |

**Elected**

| | | |
|------|------|------|
| James F. Fisch | Burlington | Jan. 31, 1986 |
| Charles O. Frazier | Keokuk | Jan. 31, 1990 |
| Gerald D. Goddard | Burlington | Jan. 31, 1990 |
| David L. McCoid | Mount Pleasant | Jan. 31, 1988 |
| W. O. Weaver | Wapello | Jan. 31, 1988 |

## STATE JUDICIAL NOMINATING COMMISSION
### § 46.1, 46.2, 46.6

| | | |
|------|------|------|
| Harvey Uhlenhopp, Chairman | Hampton | |
| William J. O'Brien, Secretary | Des Moines | |

**Appointed**

| | | |
|------|------|------|
| Darlene L. Allen | Fort Madison | April 30, 1989 |
| Jan Christensen | Northboro | April 30, 1987 |
| Bonetta Jean Culp | Waterloo | April 30, 1987 |
| John E. Evans | Des Moines | April 30, 1985 |
| Forrest J. Mitchell | Grinnell | April 30, 1985 |
| Helen K. Rasdal | Spencer | April 30, 1989 |
| Elaine E. Smith | Monticello | April 30, 1989 |

**Elected**

| | | |
|------|------|------|
| M. Gene Blackburn | Fort Dodge | June 30, 1989 |
| Craig L. Johnson | Marshalltown | June 30, 1989 |
| James F. Pickens | Cedar Rapids | June 30, 1987 |
| Robert H. Shepard | Mason City | June 30, 1985 |
| R. John Swanson | Red Oak | June 30, 1985 |
| Robert V. P. Waterman | Davenport | June 30, 1987 |
| Paul J. Yaneff | Sioux City | June 30, 1987 |

DEF 000575

# ROSTER

### (Fourth Edition)

## *of*

## State Officials

## *of the*

## State of Iowa

## 1985



**Compiled by the
CODE EDITOR'S OFFICE**

**DEF 000576**

# Preface

This pamphlet is published annually under the authority of Iowa Code section 14.7.

The material contained herein is current through December 1, 1985, and was furnished in part by the offices of the governor and the supreme court.

We appreciate the cooperation of everyone who contributed to this publication and no attempt was made to arrange the information on the basis of legal importance.

Please submit any changes or corrections to this office.

> Code Editor
> Fourth Floor
> Lucas State Office Building
> Des Moines, Iowa 50319
>
> Attention: Joyann Benoit
>
> Phone: (515)281-5285

Additional copies may be obtained from:

> Iowa State Printing Division
> Grimes State Office Building
> Des Moines, Iowa 50319
> Phone: (515)281-5231

DEF 000577

| Name | Home City | Term Ending |
|------|-----------|-------------|

## STATE JUDICIAL NOMINATING COMMISSION
### §46.1, 46.2, 46.6

| Name | Home City | Term Ending |
|------|-----------|-------------|
| Harvey Uhlenhopp, Chair | Hampton | |
| William J. O'Brien, Secretary | Des Moines | |
| **Appointed** | | |
| Darlene L. Allen | Fort Madison | April 30, 1989 |
| Jan Christensen | Northboro | April 30, 1987 |
| Bonetta Culp | Waterloo | April 30, 1987 |
| Lee A. Dallager | Des Moines | April 30, 1991 |
| Flora E. Haker | Vinton | April 30, 1991 |
| Helen K. Rasdal | Spencer | April 30, 1989 |
| Elaine E. Smith | Monticello | April 30, 1989 |
| **Elected** | | |
| M. Gene Blackburn | Fort Dodge | June 30, 1989 |
| William H. Engelbrecht | Waverly | June 30, 1991 |
| Craig L. Johnson | Marshalltown | June 30, 1989 |
| James F. Pickens | Cedar Rapids | June 30, 1987 |
| Robert V. P. Waterman | Davenport | June 30, 1987 |
| Howard B. Wenger | Hamburg | June 30, 1991 |
| Paul J. Yaneff | Sioux City | June 30, 1987 |

## JUDICIAL QUALIFICATIONS COMMISSION
### §602.2102

| Name | Home City | Term Ending |
|------|-----------|-------------|
| Ronald W. Feilmeyer | Atlantic | Dec. 31, 1985 |
| Marjorie P. Groves | Jewell | April 30, 1991 |
| Shirley A. McClain | Des Moines | April 30, 1991 |
| Walter Newport | Davenport | Dec. 31, 1987 |
| M. D. Seiser | Ames | Dec. 31, 1989 |
| Charles E. Storey | Des Moines | April 30, 1987 |
| Susan L. TerLouw | Cedar Rapids | April 30, 1989 |

## ADVISORY COMMITTEE ON THE
## ADMINISTRATION OF JUVENILE COURT OFFICES

| Name | Home City | Term Ending |
|------|-----------|-------------|
| Jerry K. Beatty | Des Moines | Ex officio |
| C. Bruce Buttel | Centerville | Jan. 1, 1986 |
| Daniel J. Conway III | Sioux City | Jan. 1, 1988 |
| Roger Downs | Decorah | Jan. 1, 1987 |
| Larry Eisenhauer | Des Moines | Jan. 1, 1988 |
| Gene W. Glenn | Ottumwa | Jan. 1, 1987 |
| Brent G. Harstad | Cedar Rapids | Jan. 1, 1986 |
| Thomas Horvath | Mason City | Jan. 1, 1988 |
| Terry L. Huitink | Ireton | Jan. 1, 1988 |
| Mari Belle James | Council Bluffs | Jan. 1, 1987 |
| Larry Murphy | Clarion | Jan. 1, 1986 |
| Arlen J. Van Zee | Clinton | Jan. 1, 1987 |
| Gary L. Ventling | Des Moines | Jan. 1, 1986 |

DEF 000578

# ROSTER

(Fifth Edition)

*of*

## State Officials

*of the*

## State of Iowa

## 1987



**Compiled by the**
**CODE EDITOR'S OFFICE**

App. 0056

# Preface

This pamphlet is published annually under the authority of Iowa Code section 14.7. This edition was delayed due to the extensive reorganization of state government and includes officials taking office in January 1987.

Previous rosters were published in 1981, 1983, 1984, and 1985.

The material contained herein is current through February 1987, and was furnished in part by the offices of the Governor and the Supreme Court.

We appreciate the cooperation of everyone who contributed to this publication and no attempt was made to arrange the information on the basis of legal importance.

Please submit any changes or corrections to this office.

Code Editor
Fourth Floor
Lucas State Office Building
Des Moines, Iowa 50319

Attention: Joyann Benoit

Phone: (515) 281-5285

Additional copies may be obtained from:

Iowa State Printing Division
Grimes State Office Building
Des Moines, Iowa 50319
Phone: (515) 281-5231

DEF 000580

| Name | Home City | Term Ending |
|------|-----------|-------------|

## STATE JUDICIAL NOMINATING COMMISSION

### §46.1, 46.2, 46.6

| | | |
|---|---|---|
| David Harris, Chairperson | Jefferson | |
| William J. O'Brien, Secretary | Des Moines | |

**Appointed**

| | | |
|---|---|---|
| Darlene L. Allen | Burlington | April 30, 1989 |
| Jan Christensen | Northboro | April 30, 1987 |
| Bonetta Culp | Waterloo | April 30, 1987 |
| Lee A. Dallager | Des Moines | April 30, 1991 |
| Flora E. Haker | Vinton | April 30, 1991 |
| Helen K. Rasdal | Spencer | April 30, 1989 |
| Elaine E. Smith | Monticello | April 30, 1989 |

**Elected**

| | | |
|---|---|---|
| M. Gene Blackburn | Fort Dodge | June 30, 1989 |
| William H. Engelbrecht | Waverly | June 30, 1991 |
| Craig L. Johnson | Marshalltown | June 30, 1989 |
| James F. Pickens | Cedar Rapids | June 30, 1987 |
| Robert V. P. Waterman | Davenport | June 30, 1987 |
| Howard B. Wenger | Hamburg | June 30, 1991 |
| Paul J. Yaneff | Sioux City | June 30, 1987 |

## JUDICIAL QUALIFICATIONS COMMISSION

### §602.2102

| | | |
|---|---|---|
| Marjorie P. Groves | Jewell | April 30, 1991 |
| Shirley A. McClain | Des Moines | April 30, 1991 |
| Walter Newport | Davenport | Dec. 31, 1987 |
| Robert C. Reimer | Denison | Dec. 31, 1991 |
| M. D. Seiser | Ames | Dec. 31, 1989 |
| Charles E. Storey, Chairperson | Des Moines | April 30, 1987 |
| Susan L. TerLouw | Tama | April 30, 1989 |

## LAW EXAMINERS BOARD

### §602.10103

| | | |
|---|---|---|
| James D. Bristol | Waukon | June 30, 1988 |
| James N. Millhone, Chairperson | Clarinda | June 30, 1987 |
| Mark E. Schantz | Des Moines | June 30, 1988 |
| Patricia A. Shoff | Des Moines | June 30, 1989 |
| John M. Wharton | Des Moines | June 30, 1987 |

*Lay Members*

| | | |
|---|---|---|
| Lee Jean Cole | Des Moines | June 30, 1989 |
| Doris Weller | Remsen | June 30, 1988 |

*State of Iowa*

# Roster of State Officials



## 2021

PUBLISHED BY THE

STATE OF IOWA

UNDER AUTHORITY OF IOWA CODE SECTION 2A.5

Thirty-Eighth Edition

DEF 000582

### *Preface*

Pursuant to Iowa Code section 2A.5, the State Roster is published as a correct list of state officers and deputies, members of boards and commissions, justices of the Supreme Court, judges of the Court of Appeals, judges of the district courts, including district associate judges and judicial magistrates, and members of the General Assembly.

More specifically, the State Roster lists the membership of active, policy-making boards and commissions established by state law, executive order of the Governor, or Iowa Court rule. The State Roster may also include advisory councils of a permanent nature whose members are appointed by the Governor, as well as other boards and commissions of interest to the public.

The information included herein is furnished in part by state agencies, the Office of the Governor, the General Assembly, and the Supreme Court and reflects appointments generally reported through September 2021. In most cases, legislative branch information is updated through the 2021 Second Extraordinary Session. Roster listings include citation of the relevant statute and the name, city, and term ending date or affiliation for each current appointee, as appropriate. The designation "statutory" indicates that the Code of Iowa requires that a representative of a specific office or organization serve. No attempt is made to arrange information on the basis of legal importance.

The editors of the State Roster appreciate the cooperation of everyone who contributed to this publication and welcome comments and suggestions for its improvement.

Comments and suggestions may be submitted to:

Legislative Services Agency
Publications Editing Office
Miller State Office Building, Third Floor
Des Moines, Iowa 50319
515.725.3032
Email: webmaster@legis.iowa.gov

DEF 000583

23                              2021 STATE ROSTER

*Lay Members*

Eric G. Seeman ..................................Boone ..........................................December 31, 2023
Melvin Zischler..................................Des Moines ................................December 31, 2022

## COMMISSION ON CONTINUING LEGAL EDUCATION
Court Rule 41.2
*Office of Professional Regulation, Judicial Branch Building,*
*Des Moines 50319; 515.348.4670*

| Name | City | Term Ending |
|------|------|-------------|
| Margaret J. Popp Reyes, Chair | Council Bluffs | June 30, 2022 |
| Henry Hamilton III | West Des Moines | June 30, 2022 |
| Jayant M. Kamath | Iowa City | June 30, 2023 |
| Daniel P. Kitchen | Washington | June 30, 2022 |
| Michael Pagel | West Des Moines | June 30, 2022 |
| Heather L. Palmer | Des Moines | June 30, 2024 |
| Robert R. Rigg | Des Moines | June 30, 2024 |
| Kristymarie Shipley | Cedar Rapids | June 30, 2023 |
| Paul Thelen | Riverside | June 30, 2024 |
| Mindi Vervaecke | Mason City | June 30, 2023 |

*Lay Members*

D. Suzanne Buffalo..........................Tama......................................June 30, 2024
Robert Tyson ....................................Waterloo ...............................June 30, 2023

## STATE COURT ADMINISTRATOR
§602.1208
*Judicial Branch Building, Des Moines 50319; 515.348.4880*
Robert Gast, State Court Administrator..................... Serves at Pleasure of Supreme Court
John Goerdt, Deputy State Court Administrator

## STATE JUDICIAL NOMINATING COMMISSION
§46.1, 46.2, 46.6
*State Court Administrator, Judicial Branch Building,*
*Des Moines 50319; 515.348.4880*

| Name | City | Term Ending |
|------|------|-------------|
| Kathleen Law, Chair | Des Moines | April 30, 2022 |
| Janece Valentine, Secretary | Fort Dodge | June 30, 2025 |

*Appointed Members*

| | | |
|------|------|-------------|
| Bill Anderson | Cherokee | April 30, 2026 |
| Dustin Graber | Ankeny | April 30, 2024 |
| Cheryl Hanson | Fayette | April 30, 2026 |
| Dan Huitink | Pella | April 30, 2024 |
| Kathy Pearson | Cedar Rapids | April 30, 2024 |
| Helen L. Sinclair | Melrose | April 30, 2022 |
| Quentin Stanerson | Audubon | April 30, 2026 |
| Steven E. Sukup | Clear Lake | April 30, 2022 |

*Elected Members*

| | | |
|------|------|-------------|
| Henry Bevel | Waterloo | June 30, 2023 |
| Jennifer L. Chase | Waterloo | June 30, 2027 |
| John Gray | Sioux City | June 30, 2023 |
| Dorothy O'Brien | Davenport | June 30, 2023 |
| Alfredo Parrish | Des Moines | June 30, 2027 |

DEF 000584

Leon Spies.........................................Iowa City.............................................June 30, 2025
Kristina M. Stanger...........................Urbandale............................................June 30, 2025

## DISTRICT JUDICIAL NOMINATING COMMISSIONS
§46.3, 46.4, 46.6
*Judicial Branch Building, Des Moines 50319; 515.725.8029*

| *Name* | *City* | *Term Ending* |
|---|---|---|

### Election District 1A
Monica L. Zrinyi Wittig, Chair..........Dubuque

#### Appointed Members
Lamont Davidson..............................Delhi.................................................January 31, 2026
Matthew Giese ..................................Dubuque..........................................January 31, 2022
Kathleen J. Klimesh ..........................Spillville ...........................................January 31, 2024
Duane Smith .....................................Waukon ............................................January 31, 2024

#### Elected Members
McKenzie Rae Blau ...........................Dubuque..........................................January 31, 2024
Stephanie Rose Fueger......................Dubuque..........................................January 31, 2026
Whitney Schiller ...............................Waukon ............................................January 31, 2022
Jeremy Thompson.............................Decorah............................................January 31, 2024
Samuel Aaron Wooden ....................Dubuque..........................................January 31, 2026

### Election District 1B
Kellyann M. Lekar, Chair .................Waterloo

#### Appointed Members
Rochelle Adkins.................................Cedar Falls ......................................January 31, 2022
Conrad D. Clement ...........................Cresco ..............................................January 31, 2022
Todd Geer..........................................Grundy Center.................................January 31, 2024
Ruth Hamilton...................................Independence ..................................January 31, 2024
Darin Rulapaugh ..............................Oelwein ...........................................January 31, 2026

#### Elected Members
James H. Cook ...................................Waterloo ..........................................January 31, 2024
Laura Lee Folkerts ............................Waterloo ..........................................January 31, 2024
Nina Forcier ......................................Waterloo ..........................................January 31, 2022
Joslyn Nichole Sailer .........................Cedar Falls ......................................January 31, 2026
Eashaan Vajpeyi ...............................Waterloo ..........................................January 31, 2026

### Election District 2A
James M. Drew, Chair.......................Mason City

#### Appointed Members
Emily Schmitt ...................................Clear Lake .......................................January 31, 2026
David Siegrist....................................Wesley .............................................January 31, 2022
Diane C. Thompson ..........................Forest City........................................January 31, 2024
David L. Wolter ................................Denver.............................................January 31, 2022

#### Elected Members
Crystal Leann Ely .............................Mason City.......................................January 31, 2026
Andrew Johnston ..............................Mason City.......................................January 31, 2026
Brian D. Miller..................................Hampton..........................................January 31, 2024
Amy K. Swanson ..............................Parkersburg .....................................January 31, 2024
Joel Yunek.........................................Mason City.......................................January 31, 2022

DEF 000585

9-1-77

## STATE JUDICIAL NOMINATING COMMISSION

| | Elected Lawyer Members | | Appointed Members | |
|---|---|---|---|---|
| 1 | Richard M. McMahon<br>609 Putnam Bldg.<br>Davenport IA  52801 | 6-30-81 | Mrs. Madelyn B. Nutt<br><br>Douds IA  52551 | 6-30-83 |
| 2 | John J. Shea<br>205 United Fire & Casulty Bldg.<br>Cedar Rapids IA  52401 | 6-30-81 | Mrs. Lyle Bruere<br>2015 Grande Ave. S.E.<br>Cedar Rapids IA  52403 | 6-30-83 |
| 3 | Robert Fulton<br>616 Lafayette Street<br>Waterloo IA  50703 | 6-30-79 | Betty J. Fergerson<br>600 Cottage<br>Waterloo IA  50703 | 6-30-81 |
| 4 | Charles M. Manley<br>720 Fourth Avenue<br>Grinnell IA  50112 | 6-30-83 | Jon H. Kneen<br>131 Hawthorne Drive<br>Ottumwa IA  52501 | 6-30-79 |
| 5 | Terrence A. Hopkins<br>Fifth Floor-Central Natl.<br>Des Moines IA  50309 | 6-30-83 | Donald S. Willis<br>6996 Trail Ridge Drive<br>Des Moines IA  50323 | 6-30-79 |
| 6 | T. M. Whicher<br>830 Frances Bldg.<br>Sioux City IA  51101 | 6-30-81 | Mrs. Lavonne Mydland<br><br>Inwood IA | 6-30-83 |
| 7 | Harold T. Beckman<br>301 Park Bldg.<br>Council Bluffs IA  51501 | 6-30-79 | Mrs. Evelyn Birkby<br><br>Sidney IA  51652 | 6-30-81 |

## CHAIRMAN

Justice M. L. Mason
119 Second Street N.W.
Mason City, IA   50401

DEF 000643

STATE JUDICIAL NOMINATING COMMISSION

| Elected Lawyer Members | | Appointed Members | |
|---|---|---|---|
| 1 | Richard M. McMahon<br>600 Union Arcade Bldg.<br>Davenport  52801 | 6-30-81 | Mrs. Madelyn B. Nutt<br><br>Douds  52551 | 6-30-83 |
| 2 | James F. Pickens<br>1010 American Bldg.<br>Cedar Rapids  52401 | 6-30-81 | Mrs. Lyle Bruere<br>2015 Grande Avenue S.E.<br>Cedar Rapids  52403 | 6-30-83 |
| 3 | Robert H. Shepard<br>721 Brick & Tile Bldg.<br>Mason City  50401 | 6-30-85 | Betty J. Fergerson<br>600 Cottage<br>Waterloo  50703 | 6-30-81 |
| 4 | Charles M. Manley<br>720 Fourth Avenue<br>Grinnell  50112 | 6-30-83 | Jon H. Kneen<br>151 Hawthorne Drive<br>Ottumwa  52501 | 6-30-85 |
| 5 | Terrence A. Hopkins<br>510 Central Natl. Bank Bldg.<br>Des Moines  50309 | 6-30-83 | John Evans<br>4004 Grand Avenue<br>Des Moines  50312 | 6-30-85 |
| 6 | T. M. Whicher<br>830 Frances Bldg.<br>Sioux City  51101 | 6-30-81 | Mrs. Lavonne Mydland<br>Courthouse<br>Rock Rapids  51246 | 6-30-83 |
| 7 | Harold T. Beckman<br>370 Midlands Mall<br>Council Bluffs  51501 | 6-30-85 | Mrs. Evelyn Birkby<br>1301 Maple Street<br>Sidney  51652 | 6-30-81 |

CHAIRMAN

Justice Clay LeGrand
Scott County Courthouse
Davenport IA   52801

App. 0064

10-27-80

## STATE JUDICIAL NOMINATING COMMISSION

| Elected Lawyer Members | | Appointed Members | |
|---|---|---|---|
| Richard M. McMahon<br>600 Union Arcade Bldg.<br>Davenport  52801 | 6-30-81 | Mrs. Madelyn B. Nutt<br><br>Douds  52551 | 6-30-83 |
| James F. Pickens<br>1010 American Bldg.<br>Cedar Rapids  52401 | 6-30-81 | Mrs. Lyle Bruere<br>2015 Grande Avenue S.E.<br>Cedar Rapids  52403 | 6-30-83 |
| Robert E. Shepard<br>721 Brick & Tile Bldg.<br>Mason City  50401 | 6-30-85 | Betty J. Fergerson<br>600 Cottage<br>Waterloo  50703 | 6-30-81 |
| Charles M. Manley<br>720 Fourth Avenue<br>Grinnell  50112 | 6-30-83 | Jon H. Kneen<br>131 Hawthorne Drive<br>Ottumwa  52501 | 6-30-85 |
| Terrence A. Hopkins<br>510 Central Natl. Bank Bldg.<br>Des Moines  50309 | 6-30-83 | John Evans<br>4004 Grand Avenue<br>Des Moines  50312 | 6-30-85 |
| T. M. Thicher<br>830 Frances Bldg.<br>Sioux City  51101 | 6-30-81 | Mrs. Lavonne Mydland<br>Courthouse<br>Rock Rapids  51246 | 6-30-83 |
| Harold T. Beckman<br>370 Midlands Mall<br>Council Bluffs  51501 | 6-30-85 | Mrs. Evelyn Birkby<br>1301 Maple Street<br>Sidney  51652 | 6-30-81 |

### CHAIRMAN

Justice Clay LeGrand
Scott County Courthouse
Davenport IA    52801

DEF 000645

24.
5/86

## STATE JUDICIAL NOMINATING COMMISSION

<u>CHAIRPERSON</u>                                                    <u>Term<br>Expires</u>

Hon. David Harris
     Justice, Iowa Supreme Court
     P. O. Box 107, Greene County Courthouse
     Jefferson 50129

<u>SECRETARY</u>

William J. O'Brien
     State Court Administrator
     State Capitol, Des Moines 50319

<u>ELECTED LAWYER MEMBERS</u>

1.  Robert V. P. Waterman                 6/30/87   ✓4-30-82
     700 Davenport Bank Building, Davenport 52801

2.  James F. Pickens                      6/30/87   ✓7-1-81
     1010 American Building, P. O. Box 4091
     Cedar Rapids 52407

3.  William H. Engelbrecht                6/30/91   ✓7-1-85
     123 First Street, Southeast, Waverly 50677

4.  Craig L. Johnson                      6/30/89   ✓7-1-83
     118 East Main Street, Marshalltown 50158

5.  M. Gene Blackburn                     6/30/89   ✓7-1-83
     142 North Ninth Street, Ft. Dodge 50501

6.  Paul J. Yaneff                        6/30/87   ✓4-30-82
     813 Frances Building, Sioux City 51101

7.  Howard B. Wenger                      6/30/91   ✓7-1-85
     P. O. Box 222, Hamburg 51640

<u>APPOINTED MEMBERS</u>

1.  Darlene L. Allen                     4/30/89
     P. O. Box 276, 612 Jefferson, Burlington 52601

2.  Elaine E. Smith                      4/30/89
     Box 48, Monticello 52310

3.  Bonetta Culp                         4/30/87
     1631 Columbia, Waterloo 50703

                                              DEF 000646

State Judicial Nominating Commission
Page 2
2/86

|  | | Term Expires |
|---|---|---|
| 4. | Flora Haker<br>Rural Route 3, Box 61A, Vinton 52349 | 4/30/91 |
| 5. | Lee A. Dallager<br>1818 High Street, Box 1844, Des Moines 50306 | 4/30/91 |
| 6. | Helen K. Rasdal<br>1204 Craigs Court, Spencer 51301 | 4/30/89 |
| 7. | Jan Christensen (Mr.)<br>Rural Route 1, North Boro 51647 | 4/30/87 |

DEF 000647



COURT REPORTING

LEGAL VIDEOGRAPHY

VIDEOCONFERENCING

TRIAL PRESENTATION

MOCK JURY SERVICES

LEGAL TRANSCRIPTION

COPYING AND SCANNING

LANGUAGE INTERPRETERS





NAEGELI
DEPOSITION & TRIAL



(800) 528-3335

NAEGELIUSA.COM

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

RACHEL RAAK LAW; MICAH BROEKEMEIER; and
CHARLES HURLEY individuals,

      Plaintiffs,

v.            Case No.: 4:22-cv-00176-SMR-SBJ

ROBERT GAST, in his official capacity as State Court
Administrator for the Iowa Judicial Branch,

      Defendant.

_____

**REMOTE STREAMING DEPOSITION OF**

**ROBERT GAST**

**TAKEN ON
THURSDAY, JULY 6, 2023
11:08 A.M.**

**1111 EAST COURT AVENUE
DES MOINES, IOWA 50319**

1  direct your attention to paragraph 10 of your

2  declaration.  Going to put that up there, and please

3  take a few minutes to review.  When you're finished

4  reviewing let me know, and then I'll ask you some

5  questions about it.

6       A.   Yes, ma'am.

7       Q.   Good.  Now in this paragraph, Mr. Gast,

8  you mention that you reviewed the list of elected

9  state judicial nominee commissioners from 1963 until

10 1987.  And then you attached an Exhibit A that

11 consisted of various rosters.  I wanted to know as

12 part of that review what was your analysis of those

13 documents?  What did that consist of?

14      A.   Yes, ma'am.  Just as indicated there, the

15 lists were read.  We read down the list and tried

16 to tell -- because gender was not identified, just

17 as we say there based on the names of the

18 commissioners what the gender of -- of the person

19 might be.

20      Q.   Okay.  So just to clarify, did you conduct

21 any additional research to verify the sex of any of

22 the listed commissioners on the rosters apart --

23 apart from the name analysis?

24      A.   No, ma'am.  We did have a sworn statement.

25 I believe you have it from a Mr. David Brown, who

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 THIS IS BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  has been part of the process since, I believe, 1976,

2  who did help us with the knowledge, and -- and

3  confirmed that we were indeed reading what we saw to

4  the best of his knowledge.

5      **Q.   Okay.  And as far as you're aware, did Mr.**

6  **Brown consult any other documents as part of making**

7  **that declaration?**

8      A.   As far as I'm aware, no, ma'am.

9      **Q.   Okay.  You also mentioned that you weren't**

10  **aware of any record that a woman was ever elected to**

11  **the state judicial nominating commission prior to**

12  **the code being amended to require gender balance; is**

13  **that correct?**

14      A.   That is correct.

15      **Q.   Okay.  Are you aware of any women though**

16  **that were appointed to the state judicial nominating**

17  **commission between 1963 and 1987?**

18      A.   Yes, ma'am, from the review of the -- of

19  the rosters.

20      **Q.   Okay.  And as part of your review, did you**

21  **come across any documents that delineated the**

22  **nominees for each of those years between 1963 and**

23  **1987?**

24      A.   Yes, ma'am.  When looking at those

25  documents, they are listed separate as far as

**NAEGELI**
DEPOSITION & TRIAL

CELEBRATING 40 YEARS IN BUSINESS

(800)528-3335
NAEGELIUSA.COM

App. 0070

1  nominees versus elected, so we were able to tell by

2  those documents which ones were the nominees of the

3  governor, and which ones were elected.

4      **Q.   Okay.  And the only documents that you**

5  **have in your possession that delineate the nominees**

6  **are those that you've produced, correct?**

7      A.   Yes, ma'am, that is correct.

8      **Q.   Okay.  So it -- it seems that there were**

9  **only a few years available of data?  For the rest,**

10 **you didn't have access to the nominees in your**

11 **possession?**

12     A.   Correct, ma'am.  That -- that is all we

13 were able to find.

14     **Q.   Okay.  Do you happen to know the total**

15 **number of female nominees that wanted to be**

16 **considered for the State Judicial Nominating**

17 **Commission from 1967 to 1987?**

18         **MR. RANSCHT:**  Can I object?  And just as

19 to maybe the terminology "nominee'" it's unclear.

20 Go ahead and answer.

21         **THE DEPONENT:**  Ma'am, I would like to

22 clarify you did -- 1967?  Did -- did you mean to say

23 1963?

24 **BY MS. D'AGOSTINO:**

25     **Q.   Oh, let me clarify that, Mr. Gast.  So**

NAEGELI  DEPOSITION & TRIAL  (800)528-3335  NAEGELIUSA.COM

1  yes, from 1967 to 1987, and by female nominee, I

2  mean those that submitted a petition and were --

3  were listed as potential candidates to be voted on

4  to the State Judicial Nominating Commission?

5      A.   No, ma'am, I am not aware of a petition

6  that was submitted.  There were names that were

7  discovered and that number right now I do not have,

8  but I do know we identified those names.

9      Q.   Okay.  Okay.  And -- okay.  Okay.  Mr.

10 Gast, I also wanted to ask you as well, Mr. Nicholas

11 Critelli, the Executive Director of the Office of

12 Professional Regulation of the Iowa Supreme Court,

13 also submitted a declaration as part of this

14 lawsuit.  Did you have an opportunity to review

15 that?

16     A.   Yes, ma'am, I did.

17     Q.   Okay.  And do you frequently work with Mr.

18 Critelli in any capacity?

19     A.   Yes, ma'am, I do.  He does not fall

20 directly under my supervision.  He works directly

21 for the Supreme Court, but we often talk about

22 issues that -- that face the court.

23     Q.   Okay.  Can you give some examples?  What

24 kinds of issues would you guys discuss?

25     A.   Yes, ma'am.  He's also in charge of our

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  certification of shorthand reporters.  He's in

2  charge of that board, and that is the issue we most

3  generally will discuss policies and possible

4  procedures and changes to rules for shorthand

5  reporters.

6      **Q.   Okay.  And Mr. Critelli mentioned in his**

7  **declaration that in the year 2000 he saw that women**

8  **made up approximately 22.98 percent of the resident**

9  **Iowa attorneys. I was wondering whether you have any**

10 **data of what the current figure for 2023?**

11     A.   No, ma'am.  I -- I do not as of today.  I

12 would go back to Mr. Critelli's report where he

13 reported a 36.75 percent was the -- the figure that

14 he gave as the most current from 2000.

15     **Q.   Okay.  Okay, Mr. Gast I'd like to turn**

16 **your attention now to a separate exhibit, so give me**

17 **just a moment and I will pull that up.  One moment.**

18 **And I will share the screen again.  Okay.  All**

19 **right.  Mr. Gast, are you able to see the headline**

20 **of this document as well?**

21     A.   Yes, ma'am.

22     **Q.   Okay.  Do you recognize this document?**

23     A.   Yes, ma'am.

24     **Q.   Okay.  What is it?**

25     A.   It's a response of -- of ours to -- to the

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1   first set of interrogatories.

2       Q.   Okay.

3           MS. D'AGOSTINO:   I'd like to introduce

4   this as Plaintiff's Exhibit 2, the defendant's

5   response to plaintiff's first set of

6   interrogatories?

7           (WHEREUPON, Exhibit 2 was marked for

8   identification.)

9   BY MS. D'AGOSTINO:

10      Q.   Okay, Mr. Gast, I wanted to go ahead and

11  bring your attention to your response to

12  interrogatory 3.  I'm going to go there and give you

13  -- okay, Mr. Gast, so as before, I'm going to show

14  you this interrogatory.  Take a little bit of time

15  to review the answer.  When you need me to scroll

16  down to finish reviewing the rest of your answer let

17  me know, and I will do so.

18      A.   Go ahead and scroll, ma'am.

19      Q.   Okay.

20      A.   And scroll one more time please, ma'am.

21      Q.   Yes, sir.

22      A.   Okay.

23      Q.   Okay.  So I would like to bring your

24  attention just to get some additional clarification,

25  specifically on this sentence.  So you mention here

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1   that, "Iowa Code Section 46.2 remedies

2   discrimination against women in historical

3   membership on the State Judicial Nominating

4   Commission."  So based on your knowledge as state

5   court administrator, what is the discrimination

6   against women with respect to historical

7   membership?

8        A.   Yes, ma'am.  Based on my knowledge looking

9   at the records that we presented in Exhibit A, there

10  were not any elected female members of the state

11  nominating commission until 1987 when Section 46.2

12  was set by the legislature.

13       Q.   Okay.  So in terms of historical

14  membership, that is what that clause is referring

15  to?

16       A.   Yes, ma'am.

17       Q.   Okay.  And how does Iowa Code Section 46.2

18  remedy discrimination?

19       A.   It allows for now two members from each

20  congressional district, one of male gender and one

21  of female gender, to be on the state nominating

22  commission.

23       Q.   Okay.  And how does Iowa Code Section

24  46.2 improve the integrity of commission

25  deliberations?

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

```
 1       A.    The integrity is improved by having a

 2   larger, broader diverse population to choose judges

 3   that would allow for a -- a larger, broader choice

 4   and create a better rapport with the communities and

 5   a better rapport with the people that the judges

 6   would represent.

 7       Q.    Okay.  And what is your basis for

 8   believing that, Mr. Gast?

 9       A.    My basis for believing that would be the

10   -- the same as -- we just -- the goal in the

11   judicial branch is to ensure that we represent the

12   communities to the best of our ability.

13       Q.    Okay.  And would you agree that Iowa Code

14   46.2 prevents two women from serving at any time in

15   any of the congressional districts?

16            MR. RANSCHT:  I object that that calls for

17   a legal conclusion.  Go ahead and answer.

18            THE DEPONENT:  I would say, yes, the way

19   the code reads.

20   BY MS. D'AGOSTINO:

21       Q.    Okay.  And you mentioned also

22   institutional legitimacy.  What do you mean by

23   that?

24       A.    I think that in order to create good

25   rapport and trust of the people this state that we
```

NAEGELI
DEPOSITION & TRIAL

CELEBRATING 40 YEARS IN BUSINESS

(800)528-3335
NAEGELIUSA.COM

1  need to represent the people in this state, and that

2  the trust factor is built if we are representative

3  of our community.

4      Q.   Okay.  And do you have specific evidence

5  in terms of measuring that trust?

6      A.   No, ma'am.

7      Q.   Has your department ever conducted any

8  polls of either the Iowa bar members or anyone else

9  in terms of any of these factors you've identified?

10     A.   In my department, ma'am, that I am aware

11 of, no.

12     Q.   Okay.  Okay, Mr. Gast, I'd like to go

13 ahead and take a quick break if that's okay with you

14 and resume in maybe just about five minutes if

15 that's okay?

16     A.   Yes, ma'am.

17          MS. D'AGOSTINO:  And off the record.  So

18 we'll be back at 2:45.

19          THE REPORTER:  So sorry, I was muted.

20 We're off the record at 2:40 p.m.

21          (WHEREUPON, a recess was taken)

22          THE REPORTER:  We are back on the record

23 at 1:50 p.m.

24 BY MS. D'AGOSTINO:

25     Q.   Thank you again, Mr. Gast.  So I -- I had

NAEGELI
DEPOSITION & TRIAL

CELEBRATING 40 YEARS IN BUSINESS

(800)528-3335
NAEGELIUSA.COM

1   a couple of additional clarifying questions and some

2   additional things I wanted to ask you.  First, I

3   just want to make sure as part of our discussion

4   today we've been using the term both gender and sex,

5   and I want to clarify on the record that we've been

6   using those terms interchangeably.  Your department

7   doesn't differentiate how it defines either of those

8   terms; is that correct?

9        A.   Yes, ma'am, that's correct.  The -- the

10  statute states gender, but yes, we -- we -- we use

11  them interchangeably.

12       Q.   Okay.  And as part of our earlier

13  discussion in talking about the -- the gender

14  balance of Iowa Code Section 46.2, as well as the

15  pleadings that you have filed, you mentioned the

16  historical lack of women being elected to the State

17  Judicial Nominating Commission as evidence of

18  discrimination.  Do you know of any female lawyers

19  who have claimed to have encountered barriers in

20  being elected to the State Judicial Nominating

21  Commission?

22       A.   To my own knowledge, no, ma'am.

23       Q.   Okay.  Do you know of any female lawyers

24  who have claimed that they have been discriminated

25  by male lawyers either in seeking election to the

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1   board, or even in serving on the board?

2       A.   No, ma'am, to my knowledge.

3       Q.   Okay.  Do you have any personal knowledge

4   of discrimination faced by any women who are a part

5   -- any woman that's part of the Iowa bar?

6       A.   No, ma'am, I do not.

7       Q.   Okay.  As an additional question, Mr.

8   Gast, as part of your role as state judicial

9   nominating commissioner have you ever been

10  approached by any female attorney with claims of

11  discrimination?

12      MR. RANSCHT:   I object.  That's an

13  incorrect characterization of the record.  Go

14  ahead.

15      THE DEPONENT:   And, ma'am, I'm -- I am not

16  a nominating commissioner.  I am -- I am the state

17  court administrator and, no, I have never been

18  approached in my time as the court administrator.

19  BY MS. D'AGOSTINO:

20      Q.   Okay.  I -- let me clarify the record.

21  The question I had is whether anyone approached you

22  as state court administrator in your professional

23  role with claims of discrimination?

24      A.   No, ma'am.  No one has.

25      Q.   Okay.  Okay, Mr. Gast, I'm going to show

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  you again the interrogatories.  So we are going to

2  return to Exhibit 2 that we were looking at

3  earlier.  Okay?  And I'm going to scroll down to

4  interrogatory number 11, so bear with me, and we

5  will go through that interrogatory as well. Okay.

6  So this again will be broken up on two pages, so

7  when you have a chance to read the two paragraphs on

8  page 10, let me know, and I'll scroll down to page

9  11.

10        A.    Okay, ma'am.

11        Q.    Okay.  Here I'll scroll down to right here

12  as well.

13        A.    I've read it, ma'am.

14        Q.    Okay.  Wonderful.  Okay, Mr. Gast, so it

15  appears to be your statement that Iowa Code Section

16  46.2 doesn't run any discrimination against male

17  candidates.  But are you aware of any

18  discrimination against men who are seeking to serve

19  on the State Judicial Nominating Commission from

20  1967 to 1987?

21        A.    No, ma'am.  I am not.

22        Q.    Okay.  What about from 1987 to the

23  present?

24        A.    No, ma'am.  I am not.

25        Q.    Okay.  So given that you don't contend

NAEGELI
DEPOSITION & trial
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  that Iowa Code Section 46.2 remedies discrimination

2  against men, why does Code Section 46.2 require Iowa

3  bar members to elect one man in each congressional

4  district?

5      A.   Ma'am, to my knowledge, it was created,

6  again, to create that diversity and equalize

7  representation across the state for both genders.

8      Q.   Are you personally aware of any obstacles

9  that male candidates or male -- prospective male

10  commissioners were facing when they were seeking to

11  be elected to the board?

12      A.   No, ma'am.  I am not.

13      Q.   Okay.  During your time as state court

14  administrator, have you ever denied any male

15  candidate from being able to appear on the ballot,

16  excluding our clients in this matter?

17      A.   No, ma'am, not in my time as state court

18  administrator.

19      Q.   Okay.  Okay, Mr. Gast, I'm going to go

20  ahead and show you an additional exhibit as well.

21  Bear with me, I'm going to pull this up.  This is

22  another report that you produced as part of your

23  production.  One moment, let me pull up this

24  document.  Okay.  Are you able to see the page,

25  sir?

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

```
 1        A.    Yes, ma'am.

 2        Q.    Okay.  Do you recognize this document?

 3        A.    Yes, ma'am.

 4        Q.    Okay.  What is it, sir?

 5        A.    It is the response to the final report of

 6   the quality of courts task force.

 7        Q.    Okay.

 8             MS. D'AGOSTINO:  I'd like to introduce

 9   this as Plaintiff's Exhibit 3.

10             (WHEREUPON, Exhibit 3 was marked for

11   identification.)

12   BY MS. D'AGOSTINO:

13        Q.    Okay, Mr. Gast, now bear with me.  This

14   one's a lengthier document, so I'm going to scroll

15   down and give you an opportunity to read as well.

16   Okay.  I'll try to make it a little smaller just so

17   we can fit more on the page.  Are you able to read

18   that, or do you need me to zoom in, sir?

19        A.    No, that's fine, ma'am.  I can read that.

20        Q.    Okay.  As -- I have one quick

21   clarification question.  We're going to kind of move

22   around on this page. If you can take a moment to

23   read these two paragraphs.  Let me know when you've

24   had a chance to do so.

25        A.    Okay, ma'am.
```

NAEGELI
DEPOSITION & TRIAL

CELEBRATING 40 YEARS IN BUSINESS

(800)528-3335
NAEGELIUSA.COM

1        Q.   Okay.  So I wanted to clarify, Mr. Gast,

2   as part of your earlier testimony you mentioned that

3   you don't necessarily have a policy role as part of

4   your role as state court administrator.  Here, at

5   least in this 1995 report, it appears that the Iowa

6   Supreme Court had some type of communication with

7   the state court administrator at the time to direct

8   him or her to bring to the attention of the

9   different nominating commissions kind of the court's

10  goal to ensure diversity.

11        So my question is as part of your role as

12  state court administrator, have you had any similar

13  discussions with any member of the Supreme Court or

14  within your department where they've approached you

15  with a set of recommendations to communicate to the

16  state judicial nominating commission?

17        A.   No, ma'am.  In my time as state court

18  administrator, I've not had a discussion pertaining

19  to that.

20        Q.   Okay.  Have -- has there been anything

21  similar from anyone else within your department?

22  Have you been approached by anyone else in terms of

23  recommendations to make the State Judicial

24  Nominating Commission?

25        A.   No, ma'am.

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1      Q.   Okay.  Okay, Mr. Gast.  Now, I'd like to

2  direct your attention to the -- these two

3  paragraphs here.  So take some time to read those

4  and when you have a chance let me know when you're

5  finished.

6      A.   Okay, ma'am.

7      Q.   Okay.  Now, I know this report is from

8  1995, but as your role as state court administrator

9  are you able to affirm or deny whether this policy

10  remains the Iowa Supreme Court's policy as of

11  today?

12      A.   Yes, ma'am.  I'm able to affirm that that

13  is indeed our policy.

14      Q.   Okay.  Now, would you please read for me

15  in the record the portion -- right here let me

16  highlight it for you, sir.  Right here, which begins

17  with -- sorry about that -- where it begins with --

18  where my indicator is there where it begins with

19  "our commitment to the subjective" and ends with

20  "selection and process".  Can you read that out

21  loud, please?

22      A.   Yes, ma'am.  "Our commitment to the

23  subjective does not mean nor require that we

24  subscribe to a system of quotas.  Quality and

25  competence must continue to be the overarching

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1 principals guiding the merit selection process."

2    Q.    Okay.  So if we look at that word quotas

3 in there, what's your understanding of what a quota

4 is?

5    A.    My understanding of a quota is there must

6 be a set number of -- of peoples representing, in

7 this case, possibly gender and/or race.

8    Q.    Okay.  So you had mentioned earlier that

9 Iowa Code Section 46.2 is composed of two

10 components.  You have the seat that must be filled

11 by a male commissioner, and you have a seat that

12 must be filled by a female commissioner; is that

13 correct?

14    A.    Yes, ma'am.  That is correct.

15    Q.    And by your -- your definition of a quota,

16 does Iowa 46.2 contain a quota?

17    A.    By my definition, no, ma'am, I don't

18 believe it does.

19    Q.    Okay.  Can we explore that a little bit

20 more?  So you had mentioned that in -- and I don't

21 want to misquote you, so if -- if I'm not

22 characterizing what you mentioned, please feel free

23 to interject.  You had mentioned that your

24 understanding of a quota is when there is a

25 specific number that is being represented, it could

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

EXHIBIT

1

DEPONENT NAME:                     DATE:

R. Gast                            7/6/23

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RACHEL RAAK LAW and MICAH BROEKEMEIER, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch,<br><br>Defendant. | Case No. 4:22-CV-00176-SMR-SHL<br><br><br><br>**Declaration of Robert Gast** |

I, Robert Gast, declare under penalty of perjury that I have personal knowledge of the following:

1.   I am a resident of Iowa and over the age of majority.

2.   I serve as the State Court Administrator, an officer of the State of Iowa appointed by the Iowa Supreme Court.

3.   Among my duties as State Court Administrator, I administer the elections for judicial nominating commissioners under Iowa Code chapter 46. Because I have served as State Court Administrator only since October 2021, I have not yet administered an election for state commissioners. But this information is based on my review of Iowa law, my understanding of past practices, my experience administering elections of district commissioners, and my plans for the upcoming election.

4.   As required by Iowa Code section 46.2, elections for state judicial nominating commissioners are held every two years in January of odd-numbered years. Thus, the next election will be held in January 2023 to replace three commissioners whose terms will be expiring: Dorothy O'Brien (a female

DEF 000021

attorney from Scott County in the new first congressional district); Henry Bevel (a male attorney from Black Hawk County in the new second congressional district); and John Gray (a male attorney from Woodbury County in the new fourth congressional district).

5.    In order to maintain the geographical and gender balance required by Iowa Code section 46.2, elections will only be held in these three congressional districts in January 2023. And only eligible electors of the same gender as the commissioner they would be replacing are eligible to be placed on the ballot for the election. So the resident members of the bar in the new first congressional district will elect another female. And the resident members of the bar in the new second and fourth congressional districts will each elect another male.

6.    The female commissioner from the new fourth congressional district and the male commissioner from the new first congressional district were both elected in January 2019 to six-year terms. Therefore, the elections to replace these commissioners for new six-year terms will occur in January 2025.

7.    To be placed on the ballot for the 2023 election, an eligible elector must file a nominating petition with my office by January 2, 2023. The filed petition must contain the signatures of at least ten eligible electors of the congressional district. But even if not placed on the ballot, any eligible elector may seek to be elected as a write-in candidate because resident members of the bar voting in the election may write-in any name of an eligible elector on the ballot.

8.    On or before December 2, 2022, members of the bar, will be electronically notified, a press release will be issued, and a notice will be posted on the judicial branch website informing the public of these upcoming vacancies on the commission and the process for submitting nominating petitions. The notices will also provide a link to download a nominating petition form.

— 2 —

DEF 000022

9.    Neither Rachel Raak Law nor Micah Broekemeier have requested a nominating petition form for the January 2023 election from my office. And I have not received a completed nominating petition from either of them.

10.   I have reviewed the list of elected state judicial nominating commissioners from 1963 until 1987 in the official government publications attached as Exhibit A. Based on the first names of the commissioners, it appears that all the commissioners elected were men. And I am aware of no contrary record that a woman was ever elected to the State Judicial Nominating Commission before Iowa Code section 46.2 was amended to require gender balance.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June 28, 2022.

ROBERT GAST
State Court Administrator

DEF 000023

App. 0088

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| RACHEL RAAK LAW, MICAH BROEKEMEIER, and CHARLES HURLEY, individuals, | ) ) ) | Case No. 4:22-cv-00176-SMR-SBJ |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | **PLAINTIFF RAAK LAW'S** |
|    v. | ) | **RESPONSES AND OBJECTIONS TO** |
| | ) | **DEFENDANT'S FIRST SET OF** |
| ROBERT GAST, in his official capacity as | ) | **INTERROGATORIES** |
| State Court Administrator for the Iowa Judicial | ) | |
| Branch, | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |

Plaintiff Rachel Raak Law objects and responds to Defendant's First Set of Interrogatories as follows.

## PRELIMINARY STATEMENT

Plaintiff Raak Law has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action. Plaintiff Raak Law's responses herein are based upon information and documents currently known to Plaintiff. Further discovery, independent investigation, legal research, and analysis may supply additional facts and lead to additions, changes, and variations from the answers herein.

The following responses are given without prejudice to the right to produce evidence or witnesses that Plaintiff Raak Law may later discover. Plaintiff Raak Law accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses are identified, and legal research is completed. The responses contained herein are made in good faith in an effort to supply as much factual information and as much specification of legal contention as is presently known, and should in no way prejudice Plaintiff Raak Law in relation to further

1

VerMulem, Plaintiff Raak Law discussed a potential media engagement that she

later declined.

E.  Ms. Raak Law believes that all of these conversations occurred verbally.

F.  Plaintiff Raak Law directs Defendant to her response to subpart D.

G.  Plaintiff Raak Law is unaware of any communications or statements that
amounted to statements against interest made by any party to this action.

**INTERROGATORY NO. 4:** Identify each and every document known to you or your attorneys relating to the above-captioned matter, including documents pertaining to any facts, issues, allegations, claims, legal theories, or defenses raised in your Complaint or Amended Complaint and any Answer or Responsive pleading thereto or any other matter related to this case, not including documents protected by attorney-client privilege or the work-product doctrine.  For each document identified, also provide the following:

A.  An identification of the person who created the document, including their name, address, telephone number and job title;
B.  An identification of the custodian of the document;
C.  A detailed description of the circumstances giving rise to the creation of the document;
D.  A detailed description of how you came into possession of the document or how you became aware of the document; and
E.  A detailed description of the document and its contents.

**OBJECTION:** Plaintiff Raak Law objects to this interrogatory to the extent it seeks

information in the possession of third parties, information that is in the public domain, or

information that is equally available to Defendant.

**ANSWER:**  Subject to and without waiving the foregoing objection, see all filings and

attachments filed in this lawsuit, including the 8th Circuit filings, as well as Bates Nos.

DEF000001–DEF000790 and PLA001–PLA002.

**INTERROGATORY NO. 5:** Please provide a detailed description of your interest in serving on the State Judicial Nominating Commission. Your answer should include, but is not limited to, a detailed description of the following:

A.      Why you want to serve in this capacity;
B.      When you first became interested in serving;

5

C.      All prior attempts to serve on the State Judicial Nominating Commission, including both appointed and elected positions, if any, and if so, describe when;

D.      Any similar service you have engaged in, including the nature of the service, the dates of service, the organization it was for, and an explanation of the termination of said service;

E.      Any service or attempts to serve in any other public or private board, commission, council, or similar organization, the outcome of such service or attempted service, and whether you experienced any discrimination of any kind in such endeavor;

F.      Any and all actual steps and actions you have taken to date in furtherance of your attempt to serve on the State Judicial Nominating Commission including a timeline of each action and an identification of all documents, statements, and/or communications related to this interrogatory;

G.      Whether or not you intend to submit your name to serve on the State Judicial Nominating Commission for the next available elective openings in 2025.

**OBJECTION:** Plaintiff Raak Law objects to this interrogatory as vague and ambiguous, as it does not define the terms "similar service" or "similar organization," and is not time-limited. With the exception of discrete subpart F, Plaintiff Raak Law also objects to this interrogatory as overly broad, irrelevant and not proportional to the needs of the case. The question at issue in this case is whether candidates eligible to serve on the State Judicial Nominating Commission are forbidden by state law from running for election in their congressional district because of their sex. Plaintiff Raak Law's interest in serving as a State Judicial Nominating Commissioner, the timing of her interest, prior attempts to serve as a State Judicial Nominating Commissioner, information related to "similar service," attempts to serve or service on a "similar organization," and her intent to serve on the State Judicial Nominating Commission in 2025 have no bearing on the constitutionality of Iowa Statute § 46.2.

**ANSWER:** Subject to and without waiving the foregoing objection, *see* Plaintiffs' First Amended Complaint, Dkt. 71, at §3 and 31; Declaration, Dkt. 17.

A.  Plaintiff Raak Law has extensive experience with the judiciary not only through her

    volunteer work in a drug court program, but also through her past work as a commissioner

on a district judicial nominating commission. Plaintiff Raak Law now wants to serve her community on the State Judicial Nominating Commission because she is passionate about the law and feels called to devote her efforts to selecting exceptional judges.

B. During the early part of 2022.

C. Apart from the nominating petition Plaintiff Raak Law submitted in December of 2022, she has not attempted to serve on the State Judicial Nominating Commission in the past.

D. Plaintiff Raak Law served on District 3b's Judicial Nominating Commission from 2012 to 2018, when her term expired.

E. Plaintiff Raak Law has also served in the following capacities:

  1. Iowa Republican Party, Organizational Chair for District 4. Ms. Raak Law began this position sometime in 2016. This ended when the District Convention concluded in March of 2016. Plaintiff Raak Law then went on to help at the state level (but not pursuant to an elected position). The state convention concluded Father's Day weekend in June of 2016.

  2. Fundraising and Event Coordinator for Woodbury County GOP (January 2016 to Present).

  3. Drug Court Volunteer (2012-2020).

  4. Auxiliary Board, Correctionville, Iowa (July/August 2022 to present).

  5. Correctionville Community Group (2021-present).

Plaintiff Raak Law did not experience discrimination.

F. Defendant is in possession of Plaintiff Raak Law's email regarding the submission of her nominating petition, her nominating petition, and the letter Defendant sent to Plaintiff Raak Law, which denied Plaintiff the opportunity to appear on the ballot for Congressional

District Four because of her sex. *See* DEF000704–000710, 000714. Plaintiff Raak Law successfully emailed her petition on December 23, 2022. According to Defendant's stamp on Plaintiff Raak Law's nominating petition, the Office of the State Judicial Nominating Commission received the petition on December 23, 2022. In the weeks leading up to her submission, Plaintiff Raak Law spoke to each of the individuals listed on her nominating petition, and they signed the petition in support of her candidacy.

G. Plaintiff Raak Law is undecided on whether she will submit her name to serve on the State Judicial Nominating Commission for the next available elective openings in 2025.

**INTERROGATORY NO. 6:** Please provide a complete description of your qualifications to serve on the State Judicial Nominating Commission and identify all documents related to the same.

**OBJECTION:** None.

**ANSWER:** Plaintiff Raak Law is qualified to serve on the State Judicial Nominating Commission because she is a U.S. Citizen, an Iowa resident, over 18 years of age, and has not previously served on the State Judicial Nominating Commission. *See* PLA001–002. Moreover, Plaintiff Raak Law has previously served on a district judicial nominating commission and also has extensive experience interacting with judges by virtue of her volunteer work with a drug court program.

**INTERROGATORY NO. 7:** Please list any and all other lawsuits to which you have been a party or in which you participated as a witness. For each such lawsuit, provide the following:

A. The case name and caption, including the state, county, and case number;
B. Your role in the lawsuit;
C. An identification of all parties to the lawsuit;
D. An identification of all attorneys involved in the lawsuit, including their names, addresses, telephone numbers, and email addresses;
E. A detailed description of the circumstances giving rise to the lawsuit;
F. A detailed description of the outcome and disposition of the lawsuit; and

8

Respectfully submitted,

ALAN R. OSTERGREN
President and Chief Counsel
THE KIRKWOOD INSTITUTE, INC.
500 Locust Street, Suite 199
Des Moines, Iowa 50309
Telephone: (515) 207-0134
alan.ostergren@kirkwoodinstitute.org

*s/ Erin E. Wilcox*
ERIN E. WILCOX*
Cal. Bar No. 337427
JOSHUA P. THOMPSON*
Cal. Bar No. 250955
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
EWilcox@pacificlegal.org
JThompson@pacificlegal.org

LAURA M. D'AGOSTINO*
D.C. Bar No. 241868
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
LDAgostino@pacificlegal.org

*Attorneys for Plaintiffs*
*\* Pro Hac Vice*

14

## VERIFICATION OF INTERROGATORY ANSWERS

I declare under penalty of perjury under the laws of the United States of America that the answers given to the above interrogatories are true and correct to the best of my knowledge.

SIGNED this 31st day of July 2023, at Correctionville, Iowa.

RACHEL RAAK LAW

## Notice of Pending Elections
## For State Judicial Nominating Commissioners

The following individuals are currently serving as State Judicial Nominating Commissioners, and their terms will be expiring on June 30, 2023: Dorothy O'Brien (Congressional District One), Henry Bevel (Congressional District Two), and John Gray (Congressional District Four).  The person to be elected in District One shall be a female, the person to be elected in District Two shall be a male, and the person to be elected in District Four shall be a male.  *See* Iowa Code § 46.2.  The next term for these positions will begin on July 1, 2023 and expire on June 30, 2029.

The counties in Congressional District One are Cedar, Clinton, Des Moines, Henry, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Louisa, Mahaska, Marion, Muscatine, Scott, Van Buren, Warren and Washington.

The counties in Congressional District Two are Allamakee, Benton, Black Hawk, Bremer, Buchanan, Butler, Cerro Gordo, Chickasaw, Clayton, Delaware, Dubuque, Fayette, Floyd, Grundy, Hardin, Howard, Linn, Mitchell, Poweshiek, Tama, Winneshiek and Worth.

The counties in Congressional District Four are Audubon, Boone, Buena Vista, Calhoun, Carroll, Cherokee, Clay, Crawford, Dickinson, Emmet, Franklin, Fremont, Hamilton, Hancock, Harrison, Humboldt, Ida, Kossuth, Lyon, Marshall, Mills, Monona, O'Brien, Osceola, Palo Alto, Plymouth, Pocahontas, Pottawattamie, Sac, Shelby, Sioux, Story, Webster, Winnebago, Woodbury and Wright.

**This is to notify the public that elections will be held in January 2023 to fill these positions on the State Judicial Nominating Commission.**

Individuals who wish to serve on the State Judicial Nominating Commission are not required to be attorneys, but must meet certain legal requirements.  In addition, to have their name placed on the election ballot, individuals must file their completed nominating petition with State Court Administration no later than **December 31, 2022**.  The nominating petition must have the signatures of at least ten eligible electors of the congressional district the candidate seeks to represent.

Click **HERE** if you wish to obtain a nominating petition, and then follow the instructions included with the petition regarding how to complete the petition and submit it.

The State Court Administrator will conduct the elections, and eligible attorneys shall have the ability to vote.  See Iowa Code Chapter 46 for specific information about voting eligibility.

**Voting by eligible attorneys will begin January 6, 2023.**

Election winners shall be notified, and the election results shall be reported to the Governor and the General Assembly and published on the judicial branch website.

The above is a summary of the nomination and election process.  If you wish to learn more, or if you are interested in becoming a member of the State Judicial Nominating Commission, you should carefully read Article V, sections 15 and 16 of the Iowa Constitution and Iowa Code Chapter 46 so you fully understand all the details of the nomination and election process, and the requirements for running for, or voting for, the position of commissioner.  You may also find additional information on the Iowa Judicial Nominating Commissions website at https://www.iowajnc.gov/.

Robert D. Gast
State Court Administrator
December 1, 2022

For questions, email st.nominating.commis@iowacourts.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| RACHEL RAAK LAW, MICAH BROEKEMEIER, and CHARLES HURLEY, individuals, | ) ) ) | Case No. 4:22-cv-00176-SMR-SBJ |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | **PLAINTIFF BROEKEMEIER'S** |
| v. | ) ) | **RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF** |
| ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch, | ) ) ) ) | **INTERROGATORIES** |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Micah Broekemeier objects and responds to Defendant's First Set of Interrogatories as follows.

**PRELIMINARY STATEMENT**

Plaintiff Broekemeier has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action. Plaintiff Broekemeier's responses herein are based upon information and documents currently known to Plaintiff. Further discovery, independent investigation, legal research, and analysis may supply additional facts and lead to additions, changes, and variations from the answers herein.

The following responses are given without prejudice to the right to produce evidence or witnesses that Plaintiff Broekemeier may later discover. Plaintiff Broekemeier accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses are identified, and legal research is completed. The responses contained herein are made in good faith in an effort to supply as much factual information and as much specification of legal contention as is presently known, and should in no way prejudice Plaintiff Broekemeier in relation

1

C.  The interview occurred sometime in late May/early June of 2022.

D.  Micah Broekemeier responded to the questions the journalist had about the case and his involvement in the lawsuit.

E.  The interview was conducted online.

F.  Plaintiff Broekemeier directs Defendant to the newslink above.

G.  Plaintiff is unaware of any communications or statements that amounted to statements against interest made by any party to this action.

**INTERROGATORY NO. 4:** Identify each and every document known to you or your attorneys relating to the above-captioned matter, including documents pertaining to any facts, issues, allegations, claims, legal theories, or defenses raised in your Complaint or Amended Complaint and any Answer or Responsive pleading thereto or any other matter related to this case, not including documents protected by attorney-client privilege or the work-product doctrine.  For each document identified, also provide the following:

A.  An identification of the person who created the document, including their name, address, telephone number and job title;
B.  An identification of the custodian of the document;
C.  A detailed description of the circumstances giving rise to the creation of the document;
D.  A detailed description of how you came into possession of the document or how you became aware of the document; and
E.  A detailed description of the document and its contents.

**OBJECTION:** Plaintiff Broekemeier objects to this interrogatory to the extent it seeks information in the possession of third parties, information that is in the public domain, or information that is equally available to Defendant.

**ANSWER:**  Subject to and without waiving the foregoing objection, see all filings and attachments filed in this lawsuit, including the 8th Circuit filings, as well as Bates Nos. DEF000001–DEF000790 and PLA003–PLA005.

**INTERROGATORY NO. 5:** Please provide a detailed description of your interest in serving on the State Judicial Nominating Commission.  Your answer should include, but is not limited to, a detailed description of the following:

5

A.    Why you want to serve in this capacity;

B.    When you first became interested in serving;

C.    All prior attempts to serve on the State Judicial Nominating Commission, including both appointed and elected positions, if any, and if so, describe when;

D.    Any similar service you have engaged in, including the nature of the service, the dates of service, the organization it was for, and an explanation of the termination of said service;

E.    Any service or attempts to serve in any other public or private board, commission, council, or similar organization, the outcome of such service or attempted service, and whether you experienced any discrimination of any kind in such endeavor;

F.    Any and all actual steps and actions you have taken to date in furtherance of your attempt to serve on the State Judicial Nominating Commission including a timeline of each action and an identification of all documents, statements, and/or communications related to this interrogatory;

G.    Whether or not you intend to submit your name to serve on the State Judicial Nominating Commission for the next available elective openings in 2025.

**OBJECTION:** Plaintiff Broekemeier objects to this interrogatory as vague and ambiguous, as it does not define the terms "similar service" or "similar organization," and is not time-limited. With the exception of discrete subpart F, Plaintiff also objects to this interrogatory as overly broad, irrelevant and not proportional to the needs of the case.  The question at issue in this case is whether candidates eligible to serve on the State Judicial Nominating Commission are forbidden by state law from running for election in their congressional district because of their sex. Plaintiff Broekemeier's interest in serving as a State Judicial Nominating Commissioner, the timing of his interest, prior attempts to serve as a State Judicial Nominating Commissioner, information related to "similar service," attempts to serve or service on a "similar organization," and his intent to serve on the State Judicial Nominating Commission in 2025 have no bearing on the constitutionality of Iowa Statute § 46.2.

**ANSWER:** Subject to and without waiving the foregoing objection, *see* Plaintiffs' First Amended Complaint, Dkt. 71, at § 2 and 30; Dkt. 18; and PLA003–PLA005.

6

A. As a former Marine, Plaintiff Broekemeier's desire to serve his community continues to be a strong foundation in his life. His experience serving on multiple committees with the Johnson County Republicans has allowed him to develop deep ties within his congressional district and to gain a strong background in screening candidates for public office. Plaintiff Broekemeier wants to use his knowledge and experience to bring greater transparency to the judiciary and help other commissioners effectively screen for prospective judges.

B. During the early part of 2022.

C. Apart from the nominating petition Plaintiff Broekemeier submitted in December of 2022, he has not attempted to serve on the State Judicial Nominating Commission in the past.

D. Plaintiff Broekemeier serves on multiple committees with the Johnson County Iowa Republicans, including the executive committee, the central committee, and the candidate committee. He has served on these committees since 2020. As a part of the candidate committee, he finds people who want to run for public office.

E. Plaintiff Broekemeier ran in a special election for an opening on the Johnson County Board of Supervisors in 2021. He was not selected for this position.

F. Defendant is in possession of Plaintiff Broekemeier's emails regarding the submission of his nominating petition, his nominating petition, and the letter Defendant sent to Plaintiff Broekemeier, which denied Plaintiff the opportunity to appear on the ballot for Congressional District One because of his sex. *See* DEF000692–000703. Plaintiff Broekemeier successfully emailed his petition on December 23, 2022. According to Defendant's stamp on Plaintiff Broekemeier's nominating petition, the Office of the State Judicial Nominating Commission received the petition on December 23, 2022. In the

weeks leading up to his submission, Plaintiff Broekemeier spoke to each of the individuals

listed on his nominating petition, and they signed the petition in support of his candidacy.

G.  Plaintiff Broekemeier is undecided.

**INTERROGATORY NO. 6:** Please provide a complete description of your qualifications to serve on the State Judicial Nominating Commission and identify all documents related to the same.

**OBJECTION:** None.

**ANSWER:** Plaintiff Broekemeier is qualified to serve on the State Judicial Nominating

Commission because he is a U.S. Citizen, an Iowa resident, over 18 years of age, and has not

previously served on the State Judicial Nominating Commission. *See* Bates No. PLA003–PLA005.

Moreover, apart from the experience noted in Plaintiff Broekemeier's resume, *see* Bates No.

PLA005, Plaintiff has also served on multiple committees with the Johnson County Iowa

Republicans, including the executive committee, the central committee, and the candidate

committee since 2020. As a part of the candidate committee, Plaintiff Broekemeier helps find

people who want to run for public office. Plaintiff is also pursuing a master's degree at the

University of Iowa.

**INTERROGATORY NO. 7:** Please list any and all other lawsuits to which you have been a party or in which you participated as a witness.  For each such lawsuit, provide the following:

A.  The case name and caption, including the state, county, and case number;
B.  Your role in the lawsuit;
C.  An identification of all parties to the lawsuit;
D.  An identification of all attorneys involved in the lawsuit, including their names, addresses, telephone numbers, and email addresses;
E.  A detailed description of the circumstances giving rise to the lawsuit;
F.  A detailed description of the outcome and disposition of the lawsuit; and
G.  A detailed description of any guilt or liability you incurred and any penalty, punishment, or sanction, including any damages for which you were responsible.

**OBJECTION:** Plaintiff objects to this interrogatory because it is irrelevant and not

proportional to the needs of the case. The question at issue in this case is whether candidates

8

Respectfully submitted,

s/ Erin E. Wilcox

| | |
|---|---|
| ALAN R. OSTERGREN | ERIN E. WILCOX* |
| President and Chief Counsel | Cal. Bar No. 337427 |
| THE KIRKWOOD INSTITUTE, INC. | JOSHUA P. THOMPSON* |
| 500 Locust Street, Suite 199 | Cal. Bar No. 250955 |
| Des Moines, Iowa 50309 | PACIFIC LEGAL FOUNDATION |
| Telephone: (515) 207-0134 | 555 Capitol Mall, Suite 1290 |
| alan.ostergren@kirkwoodinstitute.org | Sacramento, California 95814 |
| | Telephone: (916) 419-7111 |
| | EWilcox@pacificlegal.org |
| | JThompson@pacificlegal.org |

LAURA M. D'AGOSTINO*
D.C. Bar No. 241868
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
LDAgostino@pacificlegal.org

*Attorneys for Plaintiffs*
*\* Pro Hac Vice*

13

## VERIFICATION OF INTERROGATORY ANSWERS

I declare under penalty of perjury under the laws of the United States of America that the answers given to the above interrogatories are true and correct to the best of my knowledge.

SIGNED this 31 day of July 2023, at Iowa City, Iowa

MICAH BROEKEMEIER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| RACHEL RAAK LAW, MICAH BROEKEMEIER, and CHARLES HURLEY, individuals, | ) ) ) | Case No. 4:22-cv-00176-SMR-SBJ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **PLAINTIFF HURLEY'S** |
| v. | ) | **RESPONSES AND OBJECTIONS TO** |
| | ) | **DEFENDANT'S FIRST SET OF** |
| ROBERT GAST, in his official capacity as | ) | **INTERROGATORIES** |
| State Court Administrator for the Iowa Judicial | ) | |
| Branch, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Charles Hurley objects and responds to Defendant's First Set of Interrogatories as follows.

## PRELIMINARY STATEMENT

Plaintiff Hurley has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action. Plaintiff Hurley's responses herein are based upon information and documents currently known to Plaintiff. Further discovery, independent investigation, legal research, and analysis may supply additional facts and lead to additions, changes, and variations from the answers herein.

The following responses are given without prejudice to the right to produce evidence or witnesses that Plaintiff Hurley may later discover. Plaintiff Hurley accordingly reserves the right to change any and all responses herein as additional facts are ascertained, witnesses are identified, and legal research is completed. The responses contained herein are made in good faith in an effort to supply as much factual information and as much specification of legal contention as is presently known, and should in no way prejudice Plaintiff Hurley in relation to further discovery and

1

decision to join this lawsuit. It is Plaintiff Hurley's understanding that the message was relayed to Defendant Gast, who communicated that no meeting was necessary.

E. This message was communicated verbally.

F. See part D above.

G. No statements against interest were made.

**INTERROGATORY NO. 4:** Identify each and every document known to you or your attorneys relating to the above-captioned matter, including documents pertaining to any facts, issues, allegations, claims, legal theories, or defenses raised in your Complaint or Amended Complaint and any Answer or Responsive pleading thereto or any other matter related to this case, not including documents protected by attorney-client privilege or the work-product doctrine. For each document identified, also provide the following:

A. An identification of the person who created the document, including their name, address, telephone number and job title;
B. An identification of the custodian of the document;
C. A detailed description of the circumstances giving rise to the creation of the document;
D. A detailed description of how you came into possession of the document or how you became aware of the document; and
E. A detailed description of the document and its contents.

**OBJECTION:** Plaintiff Hurley objects to this interrogatory to the extent it seeks information in the possession of third parties, information that is in the public domain, or information that is equally available to Defendant.

**ANSWER:** Subject to and without waiving the foregoing objection, see all filings and attachments filed in this lawsuit, including the 8th Circuit filings, as well as Bates Nos. DEF000001–DEF000790 and PLA006–PLA008.

**INTERROGATORY NO. 5:** Please provide a detailed description of your interest in serving on the State Judicial Nominating Commission. Your answer should include, but is not limited to, a detailed description of the following:

5

A.      Why you want to serve in this capacity;

B.      When you first became interested in serving;

C.      All prior attempts to serve on the State Judicial Nominating Commission, including both appointed and elected positions, if any, and if so, describe when;

D.      Any similar service you have engaged in, including the nature of the service, the dates of service, the organization it was for, and an explanation of the termination of said service;

E.      Any service or attempts to serve in any other public or private board, commission, council, or similar organization, the outcome of such service or attempted service, and whether you experienced any discrimination of any kind in such endeavor;

F.      Any and all actual steps and actions you have taken to date in furtherance of your attempt to serve on the State Judicial Nominating Commission including a timeline of each action and an identification of all documents, statements, and/or communications related to this interrogatory;

G.      Whether or not you intend to submit your name to serve on the State Judicial Nominating Commission for the next available elective openings in 2025.

**OBJECTION:** Plaintiff Hurley objects to this interrogatory as vague and ambiguous, as it does not define the terms "similar service" or "similar organization," and is not time-limited. With the exception of discrete subpart F, Plaintiff Hurley also objects to this interrogatory as overly broad, irrelevant and not proportional to the needs of the case. The question at issue in this case is whether candidates eligible to serve on the State Judicial Nominating Commission are forbidden by state law from running for election in their congressional district because of their sex. Plaintiff Hurley's interest in serving as a State Judicial Nominating Commissioner, the timing of his interest, prior attempts to serve as a State Judicial Nominating Commissioner, information related to "similar service," attempts to serve or service on a "similar organization," and his intent to serve on the State Judicial Nominating Commission in 2025 have no bearing on the constitutionality of Iowa Statute § 46.2.

**ANSWER:** Subject to and without waiving the foregoing objection, see Plaintiffs' First Amended Complaint, Dkt. 71, at ¶¶ 3 and 31.

A.  Plaintiff Hurley is an experienced attorney who formerly served as chairman of the Iowa Judiciary Committee during his time as a state representative. He seeks to use his extensive experience and knowledge on judiciary issues to serve his community on the State Judicial Nominating Commission.

B.  Plaintiff Hurley first became interested in serving on the State Judicial Nominating Commission in the 1980s.

C.  Plaintiff Hurley ran for an opening on a judicial nominating commission in the 1980s. He is unsure whether it was a district or state opening.

D.  Plaintiff Hurley served as a representative in the Iowa legislature from 1991 to 1996 and was Vice-Chair and Chair of the House Judiciary Committee from 1993-1996. During this time he met with the Chief Justice of the Iowa State Supreme Court on issues confronting the state judiciary. Governor Branstad also appointed Plaintiff Hurley as Vice-Chair of the Iowa Board of Parole in 1997, where he served for a year and a half.

E.  Plaintiff Hurley currently serves as an Elder in his church. Plaintiff Hurley was also President of the Iowa Family Policy Center (IFPC) from 1998 to 2010 and is now Vice-President and Chief Counsel of its successor, The FAMiLY LEADER.

F.  Plaintiff Hurley has not yet taken steps in furtherance of his attempt to serve on the State Judicial Nominating Commission because the application process for the State Judicial Nominating Commission elective opening in the Third Congressional District does not begin until December 2024.

G.  Plaintiff Hurley intends to submit his name to serve on the State Judicial Nominating Commission for the next available elective opening in 2025.

7

**INTERROGATORY NO. 6:** Please provide a complete description of your qualifications to serve on the State Judicial Nominating Commission and identify all documents related to the same.

**OBJECTION:** None.

**ANSWER:** Plaintiff Hurley is qualified to serve on the State Judicial Nominating Commission because he is a U.S. Citizen, an Iowa resident, over 18 years of age, and has not previously served on the State Judicial Nominating Commission. Moreover, Mr. Hurley has practiced law for over 40 years, has significant leadership experience, and a strong familiarity for issues pertaining to the judiciary. *See* Bates No. PLA006–PLA008.

**INTERROGATORY NO. 7:** Please list any and all other lawsuits to which you have been a party or in which you participated as a witness. For each such lawsuit, provide the following:

    A.  The case name and caption, including the state, county, and case number;
    B.  Your role in the lawsuit;
    C.  An identification of all parties to the lawsuit;
    D.  An identification of all attorneys involved in the lawsuit, including their names, addresses, telephone numbers, and email addresses;
    E.  A detailed description of the circumstances giving rise to the lawsuit;
    F.  A detailed description of the outcome and disposition of the lawsuit; and
    G.  A detailed description of any guilt or liability you incurred and any penalty, punishment, or sanction, including any damages for which you were responsible.

**OBJECTION:** Plaintiff objects to this interrogatory because it is irrelevant and not proportional to the needs of the case. The question at issue in this case is whether candidates eligible to serve on the State Judicial Nominating Commission are forbidden by state law from running for election in their congressional district because of their sex. Plaintiff Hurley's past participation in lawsuits has no bearing on the constitutionality of Iowa Statute § 46.2.

**ANSWER:** Subject to and without waiving the foregoing objections, Plaintiff Hurley was a party or participated as a witness in the following cases:

    1)

8

Respectfully submitted,

| | |
|---|---|
| | *s/ Erin E. Wilcox* |
| ALAN R. OSTERGREN | ERIN E. WILCOX* |
| President and Chief Counsel | Cal. Bar No. 337427 |
| THE KIRKWOOD INSTITUTE, INC. | JOSHUA P. THOMPSON* |
| 500 Locust Street, Suite 199 | Cal. Bar No. 250955 |
| Des Moines, Iowa 50309 | PACIFIC LEGAL FOUNDATION |
| Telephone: (515) 207-0134 | 555 Capitol Mall, Suite 1290 |
| alan.ostergren@kirkwoodinstitute.org | Sacramento, California 95814 |
| | Telephone: (916) 419-7111 |
| | EWilcox@pacificlegal.org |
| | JThompson@pacificlegal.org |
| | |
| | LAURA M. D'AGOSTINO* |
| | D.C. Bar No. 241868 |
| | PACIFIC LEGAL FOUNDATION |
| | 3100 Clarendon Blvd., Suite 1000 |
| | Arlington, Virginia 22201 |
| | Telephone: (202) 888-6881 |
| | LDAgostino@pacificlegal.org |

*Attorneys for Plaintiffs*
*\* Pro Hac Vice*

14

## VERIFICATION OF INTERROGATORY ANSWERS

I declare under penalty of perjury under the laws of the United States of America that the answers given to the above interrogatories are true and correct to the best of my knowledge.

SIGNED this _31st_ day of July 2023, at _Pleasant Hill_, Iowa.

_Charles Hurley_
CHARLES HURLEY



COURT REPORTING

LEGAL VIDEOGRAPHY

VIDEOCONFERENCING

TRIAL PRESENTATION

MOCK JURY SERVICES

LEGAL TRANSCRIPTION

COPYING AND SCANNING

LANGUAGE INTERPRETERS







(800) 528-3335

NAEGELIUSA.COM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**


RACHEL RAAK LAW; MICAH
BROEKEMEIER; and CHARLES
HURLEY, individuals,

       Plaintiffs,

v.               Case No. 4:22-cv-00176-SMR-SBJ

ROBERT GAST, in his official
capacity as State Court Administrator
for the Iowa Judicial Branch,

       Defendant.

_____


**REMOTE DEPOSITION OF**

**DR. RACHEL CAUFIELD, PROF.**


**TAKEN ON**
**FRIDAY, JULY 21, 2023**
**1:03 P.M.**


**IOWA ATTORNEY GENERAL'S OFFICE**
**1305 EAST WALNUT STREET, SECOND FLOOR**
**DES MOINE, IOWA 50319**

1 found that interruptions are far more prevalent

2 among men than women in deliberative settings.

3 There's another piece that illustrates that

4 democratic legitimacy is enhanced when women are

5 part of decision-making bodies.  It is less likely

6 when women are mere tokens within a legislative

7 body.

8        There's research demonstrating,

9 particularly Tali Mendelberg from Princeton, and

10 Chris Karpowitz from Brigham Young, of a huge body

11 of research, demonstrating that women are

12 significantly less likely to participate in

13 political processes.  And that group dynamics are

14 enhanced when we have women participating,

15 particularly under decision-making rules that favor

16 their -- their full and equal participation.

17     **Q.   In your opinion, is democratic legitimacy**

18 **the same as discrimination?**

19     A.   No.

20     **Q.   Why not?**

21     A.   Well, democratic legitimacy refers to a

22 concept that is widely used in the field of

23 political science.  It is the understanding of a

24 citizenry that the government's decisions or that

25 the decisions in any body that are reached are fair,

1  **determining gender of individuals in other studies?**

2      A.    I think I'm, you know, any -- any well-

3  intentioned researcher went into this project of

4  identifying the gender of judicial nominating

5  commissioners would be hard-pressed to find a better

6  way to do it.  In past studies, when I have had an

7  opportunity to survey nominating commissioners

8  directly, I have asked them to self-identify.  But

9  in this case, you know, you work with the

10  authoritative materials that you have available to

11  you to identify the individual's gender.

12      **Q.    And you used Ballotpedia or Ballot -- I**

13  **can never say this properly, Ballotpedia as your**

14  **source; is that correct?**

15      A.    I used Ballotpedia for the list of

16  individuals in each state.  Data was not available

17  for Delaware.

18      **Q.    Is Ballotpedia a reliable source?**

19      A.    Ballotpedia is the most reliable source

20  available.

21      **Q.    Based on what?**

22      A.    Well, based on the fact that there is no

23  other, yeah, there's no other source that provides a

24  comprehensive list of nominating commissioners in

25  each state.  In instances where Ballotpedia -- and

NAEGELI
DEPOSITION & TRIAL

CELEBRATING 40 YEARS IN BUSINESS

(800)528-3335
NAEGELIUSA.COM

1  typically what Ballotpedia does is they either

2  provide the list directly or they provide a link to

3  the State Judicial Nominating Commission page where

4  commissioners are listed.

5        Wherever I could, I clicked through on

6  that link to make sure that I was on the -- the

7  actual State Judicial Nominating Commission page.

8  So I would rely on their listing as I found that to

9  be more authoritative, so --

10       **Q.   Does the fact that a source is the only**

11  **one out there make it the most reliable one?**

12       A.   Almost by definition, it seems the answer

13  to that would be yes.  I understand that there may

14  be, you know, there are -- let's put it this way.

15  There are always -- when you're conducting research,

16  there are always limitations on data collection.  In

17  this case, I had no reason to question the

18  reliability of the data that was provided by

19  Ballotpedia, particularly because it would allow me

20  to link through to the state websites that listed

21  judicial nominating commissioners.

22       **Q.   Are you aware of any courts that have used**

23  **Ballotpedia authoritative source?**

24       A.   I am not.

25       **Q.   Are you aware of any academic journals**

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  **the quality?**

2      A.    Well, presumably, though, it would be

3  virtually impossible to decide this or just study

4  this.  Presumably, the presence of women within the

5  deliberative process would -- that would guarantee a

6  fuller airing of multiple perspectives.

7      **Q.    Why is it impossible to study that?**

8      A.    Well, it's not impossible, but it is

9  difficult.

10     **Q.    Why?**

11     A.    Well, simply because there's a -- I mean,

12 the degree to which all perspectives are -- are

13 actively heard within a -- within any group

14 deliberation, that that's -- that's a highly

15 subjective concept.  We do know, you know, there are

16 any number of studies, some of which I've included

17 here, some of which I have not.

18         But there's -- there's a long line of

19 literature demonstrating that women are less likely

20 to speak.  They spend less time speaking.  They are

21 far less likely to interrupt.  They enter the

22 conversation later.  So all of those dynamics are at

23 play in -- in any deliberative setting, any

24 conversational setting.  And so making sure that

25 women's voices can be actively appreciated alongside

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  regarding the distinction there between a

2  requirement and an encouragement.

3      **Q.    Could Iowa achieve the same representation**

4  **that it has now with a law that only encouraged**

5  **diversity and didn't require parity?**

6      A.    I don't know.  And no -- neither does

7  anybody else.  I mean, we do know that prior to the

8  enactment of the statute, no women were elected.  So

9  we have that empirical data point and we have our

10  current empirical data point.  Everything else would

11  be pure hypothetical supposition on my part.

12      **Q.    And there are women serving on judicial**

13  **nominating commissions in Florida and Rhode Island,**

14  **right?**

15      A.    Yeah.  Although interestingly, as I note

16  in the report, the highest number of women serving

17  is in Kansas where the bar controls the appointment

18  process.

19      **Q.    All right.  Let's move to -- let's move**

20  **down to Section 4.  So just a little bit down the**

21  **page.  I want to ask you about the Clayton survey or**

22  **the Clayton -- yeah, survey that you mentioned**

23  **earlier.**

24      A.    Yes.

25      **Q.    Now, I believe in that second sentence you**

NAEGELI
DEPOSITION & TRIAL

CELEBRATING 40 YEARS IN BUSINESS

(800)528-3335
NAEGELIUSA.COM

1   say that sophisticated survey analysis by Clayton,

2   O'Brien, and Piscopo indicate that women's

3   participation in democratic decision-making panels

4   affects public confidence and perceptions of

5   legitimacy.  Do you agree with that conclusion?

6        A.   I do.

7        Q.   And a little further down, you write that

8   the authors conclude that women's equal presence

9   grants legitimacy to political decisions and

10  democratic procedures.  And that women's presence

11  even communicates procedural legitimacy when the

12  issue is under -- under discussion is unrelated to

13  gender.

14       A.   Yes.

15       Q.   And you agree with that conclusion as

16  well?

17       A.   It's not a question of whether I -- I

18  agree with that or not, that is the author's

19  phrasing of their conclusions.  I put them in

20  quotation marks to indicate that.

21       Q.   But you would agree with their phrasing of

22  their conclusions?

23       A.   I would.  Yes.  In the peer review -- they

24  -- they published their research in a peer-reviewed

25  journal and it's one of the two best journals in the

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  country in political science.  So yes, I -- I agree

2  with their -- their -- with their own phrasing of

3  their findings.

4      **Q.    Do you agree with their findings?**

5      A.    It's not a question of whether I agree

6  with their findings or not.  I have not conducted

7  the research they have.  And the whole point of

8  peer-reviewed publications is that academics produce

9  research.  It is reviewed by reputable peers in the

10 field to understand the methods and -- and

11 conceptual arguments being made.  And they have,

12 yeah, they have vetted this research and it's been

13 deemed high-quality research, worthy of publication.

14     **Q.    So you have no conclusion on their**

15 **research or no opinion on their conclusion?**

16     A.    I guess I'm confused by your question.  I

17 clearly find it to be compelling research insofar as

18 I'm using it.  But whether or not I agree or

19 disagree with their conclusions, academic research,

20 in my mind, is not to be agreed with or disagreed

21 with.

22          Academic research has reputable findings

23 that we accept because the research is sound, not

24 because we agree with it necessarily.  It's not a

25 matter of opinion, it's a matter of empirical

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  research.

2      Q.   And it's your belief that their research

3  is sound?

4      A.   Yes.

5      Q.   Tell me a little bit about how Clayton and

6  his colleagues conducted their survey.

7      A.   She conducted the survey -- it's a

8  national survey, and they basically used an

9  experimental design such that they established a

10  number of different stories of legislative

11  committees that had made decisions and they altered,

12  in each experimental condition, they altered the

13  decision that had been made and the makeup of the

14  panel that had made the decision.

15          And then they asked people who were

16  learning of these decisions.  They asked people to

17  evaluate the decision.  The democratic legitimacy or

18  their willingness to accept the decision as fair and

19  their willingness to abide by the decision.  And

20  then they recorded for different experimental

21  conditions.  They recorded whether or not people

22  accepted the legitimacy of the decisions that were

23  made.

24      Q.   And how did they -- okay, I think I

25  understand that.  What mechanism did they use to

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  collect their data?

2      A.    So I believe some of it was conducted

3  online and some of it was conducted in person, I

4  believe.  Like people would sit in a closed space

5  and read about this legislative decision that had

6  been reached, but it may have entirely been online

7  with a national sample.

8      Q.    How reliable is online survey data?

9      A.    It's actually amazingly reliable.  This is

10  a -- a regular and routine way of conducting survey

11  research, particularly for experimental design,

12  where the -- it's incredibly difficult to conduct

13  nationwide experiments, as one might guess, online

14  technologies have really permitted scientists to be

15  much broader and more holistic in their approach to

16  national level experiments.

17      Q.    Can you explain to me a little bit more

18  about how it's extremely reliable?

19      A.    Well, it's -- I mean, it's a standard

20  research practice.  It's the ability to reach a wide

21  range of people.  There are actual statistical

22  techniques that can be used to evaluate the

23  reliability of data across many, many, many studies

24  in many different fields.  These techniques have

25  been found to be reliable ways of collecting data

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  so, you know, for at least the past decade this has

2  become a widely used research method.

3      **Q.    Can this data be falsified?**

4      A.    That's the whole point of empirical

5  testing, so every researcher puts forward a series

6  of hypotheses and the entire purpose of testing

7  hypotheses statistically is to determine, right,

8  like every hypothesis is falsifiable.  So yes, they

9  put forward falsifiable hypothesis.

10         For example, they might put forward a

11  hypothesis that equal gender balance increases

12  democratic legitimacy.  They then collect the data,

13  analyze the data to evaluate whether or not that

14  hypothesis gained support given the data.  And in

15  this case, their hypothesis gained support given the

16  data.

17      **Q.    Who are the respondents in this survey?**

18      A.    I don't know the answer to that, but

19  that's in the article.  But I -- I know that it's a

20  -- a national survey.  That's all I know.

21      **Q.    So you don't know if the researchers would**

22  **have known any demographic information about their**

23  **respondents?**

24      A.    I know that they recorded the gender of

25  the respondent because they differentiate, and I

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  know this in the report they differentiate between

2  the response of the men and women.  So they find,

3  for example, that decisions that restrict the rights

4  of women, which they call an anti-feminist decision.

5  They want to determine whether descriptive

6  representation leads to substantive representation

7  and or democratic legitimacy.

8          And in this case, they find that there is

9  legitimacy for the decision itself when there is a

10 balanced panel, even when the decision that has been

11 made would restrict the rights of women.  And

12 interestingly, they find that that is more

13 pronounced for men than for women.  Meaning that men

14 are more likely to accept those decisions when the

15 -- when the committee is balanced in terms of

16 gender.

17     **Q.   So you said that the researchers at least**

18 **knew the gender of the respondents to their survey.**

19 **That's right, right?**

20     A.   Yes.

21     **Q.   Was that information verified in any way?**

22     A.   I don't know how it could be.  It's a

23 self-report.

24     **Q.   And it's possible that people lie on the**

25 **Internet; is that right?**

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1      A.    It's possible that people lie in any --

2  any form of survey.

3      **Q.    Are there methods to weed out liars or**

4  **people who respond untruthfully in surveys?**

5      A.    No.   Not in any form of survey, in person,

6  online.   Even -- and -- and this could be true in

7  any experimental or in any research conducted

8  anywhere, right?   You can think of, for example,

9  medical research where somebody goes in and says,

10  no, I haven't been smoking every day of my life in

11  the past ten years.   And that's a self-report.   And

12  for purposes of research, we -- we accept individual

13  self-report simply because that's what a survey is.

14      **Q.    Do you know if the survey respondents in**

15  **the study were paid for their time?**

16      A.    I don't know.   It would not be uncommon

17  for researchers today to use MTurk, which is an

18  online software.   I believe it is linked to one of

19  the big platforms.   And people who participate are

20  paid small, yeah, amounts of money for taking

21  surveys.   That -- that is widely -- widely used

22  across all disciplines.

23      **Q.    MTurk is widely used across all**

24  **disciplines.**

25      A.    Yes.   Yes.

NAEGELI
DEPOSITION & TRIAL

CELEBRATING
40
YEARS IN BUSINESS

(800)528-3335
NAEGELIUSA.COM

1       Q.    And why is that?

2       A.    There are many different theories on why

3   that is.  But if you put all those theories -- that

4   if you try to summarize the -- the crux of it, I

5   think most scholars would agree that political

6   socialization is such that women are taught to defer

7   more often than speak.  And therefore, particularly

8   when they do not have a sense of support among other

9   women.

10          So when they -- when there are one or two

11  women in a room, in a setting that has been

12  traditionally male, they will be less likely to

13  speak.  They speak less often.  They are more likely

14  to be interrupted by men.  96 percent -- one study

15  showed that 96 percent of interruptions were by men

16  interrupting women.  And that's not just true in --

17  in small group deliberative forums, like a judicial

18  nominating commission, but it's true in family

19  situations, classrooms -- across a wide range of

20  social interactions.

21      Q.    So this research dates back to -- what,

22  1991.

23      A.    That's the first article I've cited here,

24  but it's certainly not the first article that was

25  published on the topic.

1      Q.   And your first line there where you say

2   that nationally the proportion of women serving on

3   judicial nominating commissions has increased,

4   though it continues to lag behind that proportion of

5   women in the population.  Are you seeing where I --

6      A.   Yeah.

7      Q.   Great.  So in your opinion, is this

8   lagging behind due to gender discrimination or to

9   some other factor?

10     A.   I would anticipate that it's historic

11  gender discrimination.

12     Q.   And what do you base that anticipation on?

13     A.   Well -- I'm not sure I understand your

14  question.

15     Q.   Your answer said that I anticipate that

16  it's based on historic gender discrimination.  And

17  so I'm asking what you based that opinion on.

18     A.   Historic patterns across a wide range of

19  fields, public service positions.  It seems pretty

20  well established that historic patterns of

21  underrepresentation by women exist and are an

22  artifact of longstanding discrimination.  And

23  whether intentional or unintentional.

24     Q.   Are there any other factors that you

25  believe could be playing a role?

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1    A.    I mean, you know, it would be one thing if

2  we could say, oh well, look at that.  You know, way

3  back in the 1800s, women occupied all sorts of

4  political roles and now they don't, and something

5  shifted.  But that's not the case, right?

6         For most of American history, women have

7  been excluded from public decision-making bodies,

8  whether intentionally or unintentionally, whether

9  explicitly or implicitly.  And so I think that --

10  that also holds in the -- in the fact that one

11  explanation for the growing proportion of women

12  across the country on nominating commissions is that

13  women occupy a larger percentage of the bar than

14  they ever have before.  But again, I would say that

15  that's an artifact of historical discrimination in

16  patterns of education.

17    **Q.    And when you calculate the proportion of**

18  **women serving on judicial nominations and how it's**

19  **increased, what's the baseline you're using?  Is it**

20  **the proportion of women in the population?  Am I**

21  **understanding that correctly?**

22    A.    For the -- the numbers that are reported

23  here, for example, Ashman and Alfini, 10 percent of

24  nominating commissioners were women in 1973.  That's

25  just purely the percentage of nominating

NAEGELI
DEPOSITION & TRIAL

(800)528-3335
NAEGELIUSA.COM

1  commissioners who were women as opposed to men.  The

2  comparison, right, that most people make is

3  comparing that to the proportion of women in the

4  population at large.

5      **Q.   Do you think that the women in the**

6  **population at large is the correct comparator or**

7  **should it be women who are eligible to serve on**

8  **judicial nominating commissions?**

9      A.   Well, in Iowa, all women are eligible to

10  serve on judicial nominating commissions.  All

11  people, I mean, you don't have to be a lawyer to run

12  for elected -- for an elected position on the

13  nominating commission.  You don't have to be a

14  lawyer to be appointed by the governor.  So any

15  member of the Iowa population potentially would be a

16  member of the judicial nominating commission.  So

17  yes, I think that that's the appropriate comparison.

18      **Q.   As long as they're the correct gender in**

19  **the correct district.**

20      A.   They can run for office to be elected or

21  they can be appointed.

22      **Q.   Why has the proportion of women serving**

23  **increased over the years?**

24      A.   Why has it increased over the years?

25  Well, I -- I think more women are or have been

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  welcomed into professional career tracks, including

2  politics and including law.  Public service

3  certainly.  So yeah, but I also think that there are

4  efforts to embrace women's participation in public

5  decision-making bodies.

6      **Q.   Which states have the proportion of women**

7  **serving increase the most?**

8      A.   I don't know the answer to that.  These

9  are national surveys, so it's a -- it's a national

10 measure.

11     **Q.   So you're not aware of particular states**

12 **that have had increases in women serving on judicial**

13 **nominating commissions?**

14     A.   No.  And in answer to that question, I

15 would just note that there is amazingly little

16 information available on the population of judicial

17 nominating commissioners.  This is not something

18 where the data is just floating around out there and

19 you can pick it up on Google, right?

20          These are three that have been done over a

21 -- what, 30, 38-year period.  And they are really

22 the only studies that have been done to examine the

23 membership of judicial nominating commissioners over

24 that time.  This is -- I mean, it's hard data to get

25 partially because we're talking today about a

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1  statewide nominating commission.

2        But of course, there are district court

3  nominating commissions as well.  So I mean, there

4  are a lot of different commissions, and data is not

5  always maintained by the same body within each

6  state, and membership changes and I mean, it's hard

7  to get that data.  So no, there hasn't been a state-

8  by-state inventory over time that can easily tell us

9  which state has had the greatest increase in women

10 serving on their judicial nominating commission.

11       **Q.   So talking about the data that we do have,**

12 **those three surveys that you mentioned, starting --**

13 **let's look at the period 1973 and 1990.  And let's**

14 **see, there was an increase during that period,**

15 **correct?**

16       A.   Yes.

17       **Q.   Are you able to explain what might have**

18 **led to that increase during that period?**

19       A.   I would -- I would just suggest that there

20 was an increased acceptance of women in public

21 service, law, politics, and any number of other

22 fields.

23       **Q.   And what about between 1990 to 2011?**

24       A.   I suspect that they were the same trends.

25 And there -- there have been a wide range of

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1 documented increases in the number of women

2 occupying these roles.

3     **Q.   Is there any data newer than the 2011**

4 **survey?**

5     A.   No, not aside from the data that I

6 collected here from Ballotpedia, but some -- there's

7 been no additional work on that to my knowledge.

8     **Q.   So in your Ballotpedia survey that you did**

9 **for this report, I believe -- and I'm scrolling down**

10 **a bit in this section, but I believe there were**

11 **seven states that you mentioned that have at least a**

12 **50 percent female participation; is that right?  Am**

13 **I understanding that correctly?**

14     A.   Yes.

15     **Q.   And those states would not have a gender**

16 **balance requirement like Iowa's; is that correct?**

17     A.   No, not necessarily.

18     **Q.   I'm sorry, I didn't hear the end of that**

19 **answer.  No.**

20     A.   I said no.  Not necessarily.  I don't know

21 if Rhode Island and Florida are among that group or

22 not, but they would have a recommendation or

23 encouragement rather than a -- a requirement.  So no

24 other state has the requirements.  So no.  No other

25 state's a requirement is included among those seven.

**NAEGELI** DEPOSITION & TRIAL   **(800)528-3335**  NAEGELIUSA.COM

1  mentioned is kind of a big deal.  So are there other

2  examples?  I think that there are, yeah, I think

3  there are other examples.  Again, in every state and

4  every environment, I don't -- you know, there are

5  court rulings, there are legislative judgments that

6  are made which may restrict women's perceptions of

7  autonomy and full participation.

8      **Q.   Are you aware of any state actions that**

9  **would keep women from trying to serve on a judicial**

10 **nominating commission?**

11     A.   There are no -- other than -- there are no

12 explicit discriminatory, yeah, like actions that the

13 State has made that have said women cannot serve on

14 judicial nominating commissions.  Women can and in

15 fact, do serve on nominating commissions in equal

16 proportion to men.

17         And so no, there are -- there have not

18 been explicit actions by the State to restrict women

19 -- specifically to restrict women from running and

20 winning office, except for the gender balance

21 provision, which is enacted in order to guarantee

22 equal participation among women.

23     **Q.   What about historically?  Was there**

24 **intentional actions by the state to prevent women**

25 **from serving on judicial nominating commissions**

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

1   self assess in a very different way than men who are

2   entering political life do.

3        So they're more likely to engage in self-

4   doubt and self-criticism in a competitive

5   environment than men are.  And so by alleviating

6   that sense of competing against men.  Right?

7   Knowing that this is a position that will ultimately

8   allow -- allow a woman to run for office, that --

9   that may alleviate their concern about the -- the

10  competitive environments that they're encountering.

11       **Q.   So the concern you're speaking about is**

12  **not about competing in an election period, it's**

13  **about competing in an election against a -- a man;**

14  **is that right?**

15       A.   Researchers indicated that it's both.

16  That women are -- are -- they find the competitive

17  nature of an election process daunting under any

18  circumstances.  But they are more likely to find it

19  daunting in situations where other candidates are

20  male and they're the woman in the race.

21       **Q.   So how does Iowa's gender balance**

22  **requirements alleviate their concerns about**

23  **competing in a competitive election if they're**

24  **running against other women?**

25       A.   Well, I guess it would not alleviate

NAEGELI DEPOSITION & TRIAL   CELEBRATING 40 YEARS IN BUSINESS   (800)528-3335   NAEGELIUSA.COM

1  Commission in 2018.

2      A.   Yes.

3      Q.   What was that related to?

4      A.   It was based on the successive majority

5  voting system.

6      Q.   Okay.  And let's look at -- okay, let's go

7  to the last page of your report, the first full

8  paragraph.  And you say that while substantial

9  research has been dedicated to the question of

10  whether merit selection systems advance the goal of

11  a diverse judiciary, the results do not provide a

12  clear conclusion; is that right?

13      A.   Yes.

14      Q.   And Iowa's system is a merit selection

15  system, right?

16      A.   Yes.

17      Q.   So, is it your opinion that it's not clear

18  whether Iowa's system results in a more diverse

19  judiciary?

20      A.   Yes.  The research has not been conclusive

21  on that question.

22      Q.   Has there been a great deal of research

23  done on that question?

24      A.   There's been a -- a surprising amount of

25  research done on that question.  There are a number

NAEGELI
DEPOSITION & TRIAL
(800)528-3335
NAEGELIUSA.COM

1 of studies that have clearly found that merit

2 selection systems are more likely to appoint non-

3 white and women judges than our elective systems.

4          There are some studies that indicate that

5 elections are more likely to elevate women and non-

6 white judges to the bench.  And then there are some

7 of that find that there is no relationship between

8 the method of selection and the advance of minority

9 judges or women judges to judicial positions.

10          So it's a -- it's a difficult range of

11 research.  So yes, I would say that the research has

12 not been inconclusive regarding whether or not merit

13 selection itself is superior in achieving a diverse

14 judiciary.

15     **Q.   And the next sentence, you state that --**

16 **the question that you state in the next sentence has**

17 **received little scholarly attention.**

18     A.   Yes.

19     **Q.   How little is little?**

20     A.   So it's little.  So as I say here, right,

21 that the topic that's gotten more attention is

22 whether or not there's a relationship between

23 diversity and the system of selection itself.  But

24 in terms of how like that -- that's a topic that

25 lots of people think is fun to investigate and we

NAEGELI
DEPOSITION & TRIAL
CELEBRATING 40 YEARS IN BUSINESS
(800)528-3335
NAEGELIUSA.COM

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION


- - - - - - - - - - - - - - -X
RACHEL RAAK LAW and          :
MICAH BROEKEMEIER,           :
                             :
      Plaintiffs,            :
                             :
vs.                          :        Case No. 4:22-cv-00176
                             :
ROBERT GAST, in his official :
capacity as State Court      :
Administrator for the Iowa   :
Judicial Branch,             :        <u>HEARING TRANSCRIPT</u>
                             :
      Defendant.             :
- - - - - - - - - - - - - - -X



                              Courtroom, First Floor
                              U.S. Courthouse
                              123 East Walnut Street
                              Des Moines, Iowa
                              Tuesday, July 19, 2022
                              1:00 p.m.



BEFORE:  THE HONORABLE STEPHANIE M. ROSE, Chief Judge.








                    KELLI M. MULCAHY, CSR, RDR, CRR
                       United States Courthouse
                    123 East Walnut Street, Room 115
                       Des Moines, Iowa 50309

 1          And the final thing that we believe that Defendant

 2    could do is just to say something that Iowa has already done in

 3    the 2019 amendments, which was to take a look at barriers to

 4    participation.  So, for example, Iowa previously required

 5    signatures of 50 lawyers in order for an individual to appear on

 6    these -- on the ballot for the Judicial Nominating Commission

 7    elections.  They subsequently changed that to ten Iowans, and I

 8    think that just opens the door for more interested Iowans to run

 9    and ultimately to serve on these -- in these commissions.

10          The final question, I think -- the final question that

11    the Court had that I want to address is the period of time,

12    whether there was any delay that would -- that would counter

13    Plaintiffs' request for preliminary injunction.

14          We don't think that there's been any delay here.  I

15    think there's many individuals who have not decided to run for

16    the Judicial Nominating Commission that will decide to run for

17    the Judicial Nominating Commission closer to December.  But, you

18    know, our clients have decided that they would want to run for

19    the Judicial Nominating Commission, and they filed a complaint

20    and a preliminary injunction soon after, with plenty of time for

21    this Court to issue an opinion.

22          And I will say that the *Adventist Health* decision that

23    the Court cites really, I think, as I read it, considers three

24    different factors in deciding whether there's been undue delay,

25    and those three factors are timing, fault, and disruption.

 1 state interests.

 2         As the Court noted, and it sounds like now, you know,

 3 it is undisputed by Plaintiffs, there were no women elected to

 4 the State Judicial Nominating Commission by the members of the

 5 bar until this gender balance requirement was put in place, and

 6 that justifies a remedial interest in making -- providing women

 7 an opportunity.

 8         There --

 9         THE COURT:  What about, though, the secondary question

10 of did any women run?

11         MR. LANGHOLZ:  Unfortunately, at this point, we have

12 not yet found records to be able to put forward.  And that's one

13 of the -- you know, to jump ahead briefly to, you know, should

14 this be consolidated, should this be decided as a, you know,

15 preliminary injunction matter, we've put together a record as

16 swiftly as it was possible to do to provide the Court evidence,

17 you know, to rule on this motion filed by the Plaintiffs, but,

18 you know, we're not certain that we've gathered, you know, all

19 the evidence that could be available.

20         And if the Court would find, you know, the information

21 about who was running, I don't know whether it will be possible

22 to find or not, but that is the sort of thing that, with more

23 time, the State may be able to present as evidence.

24         Plaintiffs also have suggested that, you know, if this

25 was -- perhaps this was appropriate at one point, you know, but

1 needs to stop now, but the current gender balance in the bar,

2 the lawyers that are electing, still shows, you know, women

3 outnumbered two to one.  You know, it has grown, certainly, but

4 there's reason to believe that the gender imbalance in those

5 electing is the cause of why women had not been elected

6 previously, and there's reason to believe that cause hasn't gone

7 away yet.

8         So it's rational for the legislature to keep this

9 requirement in place.  In fact, just three years ago the

10 legislature, you know, revisited this statutory scheme

11 significantly and, you know, chose to keep gender -- the gender

12 balance requirement in place for the lawyer elections after

13 considering, you know, more extensive potential changes as well.

14         THE COURT:  Is that the right group of people to

15 compare it to, though?  Because here you don't have to be a

16 lawyer to be elected, and we have -- roughly 50 percent of the

17 state is female.

18         If, in fact, we were going to rely upon the differences

19 between the number of female lawyers versus male lawyers, then

20 you do get back to triggering a *Regents* argument related to

21 preferential treatment versus differential treatment, right,

22 because if women are only one-third of the lawyers but they're

23 getting one-half of the spots, isn't that problematic for you?

24         MR. LANGHOLZ:  That's precisely correct, Your Honor.

25 Not that it's problematic, but that the proper analysis is to

1  look at the general population, rather than the lawyer

2  membership, in deciding, you know, is there something unequal

3  happening here.

4          The fact that, you know, the population consistently

5  has been around 50-50 male and female from the population as a

6  whole for those who are eligible to serve, that is the proper

7  analysis to be considering, you know, do we have, you know, fair

8  representation and is it -- you know, is there equality or is

9  there some sort of, you know, improper balance there.

10          And that's a big difference between the *Back* case that,

11  you know, Plaintiffs repeatedly relied on in their argument

12  today, you know, because there the statute in that case required

13  the individuals elected to also be lawyers.  And so, you know,

14  the court said -- you know, when the state tried to look at the

15  general population rather than the lawyer population for, you

16  know, whether or not there's discrimination, said that's the

17  wrong analysis.

18          But we statutorily -- because everyone is eligible, as

19  evidenced by the plaintiffs, who are not lawyers, you know,

20  seeking election, it's the whole population that looks, but that

21  doesn't mean the lawyer balance is irrelevant.  Because it

22  doesn't go to whether there's discrimination happening, whether

23  there's a proper equal balance, but it does go to cause and

24  whether or not, you know, there's reason to believe that the

25  cause of that discrimination, of not being -- electing half

47

1                    C E R T I F I C A T E

2          I, Kelli M. Mulcahy, a Certified Shorthand Reporter of

3    the State of Iowa and Federal Official Realtime Court Reporter

4    in and for the United States District Court for the Southern

5    District of Iowa, do hereby certify, pursuant to Title 28,

6    United States Code, Section 753, that the foregoing is a true

7    and correct transcript of the stenographically reported

8    proceedings held in the above-entitled matter and that the

9    transcript page format is in conformance with the regulations of

10   the Judicial Conference of the United States.

11          Dated at Des Moines, Iowa, this 19th day of August,

12   2022.

13

14                    _Kelli M. Mulcahy_
                      Kelli M. Mulcahy, CSR, RDR, CRR
15                    Federal Official Court Reporter

16

17

18

19

20

21

22

23

24

25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RACHEL RAAK LAW, MICAH BROEKEMEIER; and CHARLES HURLEY, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT GAST, in his official capacity as State Court Administrator for the Iowa Judicial Branch, <br><br> Defendant. | Case No. 4:22-CV-00176-SMR-SBJ <br><br><br><br> **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** |

**COMES NOW**, Defendant Robert Gast, State Court Administrator for the Iowa Judicial Branch and hereby submits his response to Plaintiffs' First Set of Requests for Admissions.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa


*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Chief Deputy General

*/s/ David M. Ranscht*
DAVID M. RANSCHT
Assistant Attorney General
Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5164

**REQUEST FOR ADMISSION NO. 1:** Admit that you received Plaintiff Rachel Raak Law's nominating petition to serve as a State Judicial Nominating Commissioner for Congressional District Four.

RESPONSE: Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that you informed Plaintiff Rachel Raak Law that you were unable to place her name on the ballot, because pursuant to Iowa Code § 46.2(1), the person to be elected in Congressional District Four for the January 2023 election shall be male.

RESPONSE: Admit that I notified Rachel Raak Law that we were unable to place her name on the ballot for State Judicial Nominating Commissioner for Congressional District Four at that time (January 2023).  As stated in the Notice of Pending Elections, the person to be elected in Congressional District Four for the January 2023 election shall be a male.  Otherwise deny.

**REQUEST FOR ADMISSION NO. 3:** Admit that you will be unable to place Plaintiff Rachel Raak Law on the ballot for the January 2029 election, because pursuant to Iowa Code § 46.2(1), the person to be elected in Congressional District Four for that election shall be male.

RESPONSE:  Deny.  The state of the law, and of Plaintiff Rachel Raak Law's future eligibility, almost six years from now is too speculative to admit or deny in 2023.

— 3 —

**REQUEST FOR ADMISSION NO. 4:** Admit that you received Plaintiff Micah Broekemeier's nominating petition to serve as a State Judicial Nominating Commissioner for Congressional District One.

RESPONSE: Admit.

**REQUEST FOR ADMISSION NO. 5:** Admit that you informed Plaintiff Micah Broekemeier that you were unable to place his name on the ballot, because pursuant to Iowa Code § 46.2(1), the person to be elected in Congressional District One for the January 2023 election shall be female.

RESPONSE: Admit that I notified Micah Broekemeier that we were unable to place his name on the ballot for State Judicial Nominating Commissioner for Congressional District One at that time (January 2023).  As stated in the Notice of Pending Elections, the person to be elected in Congressional District One for the January 2023 election shall be a female.  Otherwise deny.

**REQUEST FOR ADMISSION NO. 6:** Admit that you will be unable to place Plaintiff Micah Broekemeier on the ballot for the January 2029 election, because pursuant to Iowa Code § 46.2(1), the person to be elected in Congressional District One for that election shall be female.

RESPONSE:  Deny.  The state of the law, and of Plaintiff Micah Broekemeier's future eligibility, almost six years from now is too speculative to admit or deny in 2023.

— 4 —

**REQUEST FOR ADMISSION NO. 7:** Admit that there will be an election in 2025 for a judicial nominating commissioner in Congressional District Three.

RESPONSE:   Admit with qualification.   There will be elections in 2025 in Congressional Districts One, Three, and Four—not just in District Three.

**REQUEST FOR ADMISSION NO. 8:** Admit that pursuant to Iowa Code § 46.2(1), the person to be elected in Congressional District Three in 2025 shall be female.

RESPONSE:  Admit.

**REQUEST FOR ADMISSION NO. 9:** Admit that pursuant to Iowa Code § 46.2(1), you must exclude either prospective male candidates or prospective female candidates in every election for the Judicial Nomination Commission in a congressional district.

RESPONSE:   Deny.   "Exclusion" depends on who submits a nominating petition, so it is possible no exclusion could occur in a given election for a given district.

DATED:  September 1, 2023.

Respectfully submitted,

ALAN R. OSTERGREN
President and Chief Counsel
THE KIRKWOOD INSTITUTE, INC.
500 Locust Street, Suite 199
Des Moines, Iowa 50309
Telephone: (515) 207-0134
alan.ostergren@kirkwoodinstitute.org

*s/ Erin E. Wilcox*
ERIN E. WILCOX*
Cal. Bar No. 337427
JOSHUA P. THOMPSON*
Cal. Bar No. 250955
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
EWilcox@pacificlegal.org
JThompson@pacificlegal.org

LAURA M. D'AGOSTINO*
D.C. Bar No. 241868
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
LDAgostino@pacificlegal.org

*Attorneys for Plaintiff*
*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will provide notice of the submission of this document to all counsel of record.

 s/ *Erin E. Wilcox*
ERIN E. WILCOX*
Cal. Bar No. 337427

*Attorney for Plaintiff*
*\* Pro hac vice*